AO 241
(Rev. 12/04)



# Petition for Relief From a Conviction or Sentence By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

CA 06 07

## Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a <u>federal</u> judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____, you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for ____________________
   Address
   City, State Zip Code

9. **<u>CAUTION:</u> You must include in this petition <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **<u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District RHODE ISLAND |
|---|---|
| Name (under which you were convicted): ADRIAN BUSTAMANTE | Docket or Case No.: |
| Place of Confinement: RHODE ISLAND DEPT. OF CORRECTIONS / A.C.I. | Prisoner No.: 097203 |
| Petitioner (include the name under which you were convicted) ADRIAN BUSTAMANTE | v. Respondent (authorized person having custody of petitioner) ASHBEL T. WALL |
| The Attorney General of the State of PATRICK C. LYNCH | |

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: PROVIDENCE COUNTY SUPERIOR COURT - FRANK LICHT JUDICIAL COMPLEX Providence, Rhode Island 02903

   (b) Criminal docket or case number (if you know): P1/95-1200A

2. (a) Date of the judgment of conviction (if you know): 1996

   (b) Date of sentencing: 1996

3. Length of sentence: Life w/o Parole & 10 years concurrent

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: 1st Degree Murder, Life w/o Parole & Conspiracy to Commit 1st Degree Murder, 10 years concurrent

6. (a) What was your plea? (Check one)

   (1) Not guilty ☒ (3) Nolo contendere (no contest) ☐

   (2) Guilty ☐ (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? ____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?

Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: Rhode Island Supreme Court

(b) Docket or case number (if you know): 97-32 C.A.

(c) Result: Appeal Denied

(d) Date of result (if you know): August 2, 2000

(e) Citation to the case (if you know): State v. Bustamante, 756 A.2d 758 (2000)

(f) Grounds raised:

(g) Did you seek further review by a higher state court? Yes ☐ No ☒

If yes, answer the following:

(1) Name of court: No Further Review Available

(2) Docket or case number (if you know): N/A

(3) Result: N/A

(4) Date of result (if you know): N/A

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Providence County Superior Court

(2) Docket or case number (if you know): State v. Bustamante, 793 A.2d 1038 (2002)

(3) Date of filing (if you know): Unknown

(4) Nature of the proceeding: Motion for Sentence Reduction

(5) Grounds raised: Sentence was disproportionately higher than other similar related cases, Evidence was insufficient to warrant a sentense of Life without Parole, etc.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☒ No ☐

(7) Result: Motion Denied

(8) Date of result (if you know): 1998

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: No other Motion/s filed

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ☒ No ☐

(2) Second petition: Yes ☒ No ☐

(3) Third petition: Yes ☐ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel was ineffective starting from Pre-Trial Motions, to Trial errors, to Post-Trial Motions and Arguments. Trial Counsel and Appellate counsels failed to meet the Canons of Law in many stages of the case. Counsel failed to object to a Flawed Indictment due to Improper [vouch]ing and failed to conduct a proper Voir-Dire. Counsel failed to introduce exculpatory evidence, namely a "Biker" Jacket. Appellate Counsel also failed to raise colorable Issues Petitioner reqeusted and failed to argue competently.

(b) If you did not exhaust your state remedies on Ground One, explain why: State Remedies are exhausted through Post-Conviction Proceedings. No other State Review is available.

(c) Direct Appeal of Ground One: No

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective Assistance of Counsel is NOT reviewable on Direct Appeal, only in Post-Conviction Relief Proceedings.

(d) Post-Conviction Proceedings: Yes

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: Providence County Superior Court, Frank Licht Judicial Complex - 250 Benefit Street, Providence, Rhode Island 02903

Docket or case number (if you know): PM 01-1303

Date of the court's decision: June 26,2002

Result (attach a copy of the court's opinion or order, if available): Post-Conviction Relief Denied

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Rhode Island Supreme Court, 250 Benefit Street, Providence, Rhode Island 02903

Docket or case number (if you know): 2004-04 C.A.

Date of the court's decision: February 7, 2005

Result (attach a copy of the court's opinion or order, if available): Appeal Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: No other State emedy available

GROUND TWO: **Prosecutorial Misconduct**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): State Prosecutor committed Misconduct by misleading Grand Jurors; launched racial Peremptory Strikes during Voir-Dire; used known purjured testimony to secure an Indictment; Improperly [Vouch]ed for a witness. testimony; Used "Backdoor" hearsay testimony from a police officer by having him read another witness/defendant's

statement during the Grand Jury Proceedings; allowed an unlicensed Out-of-State Attorney to Practice Law in Rhode Island.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Exhausted all State Remedies available.

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel stated that it was only reviewable in Post-Conviction Relief Proceedings.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: Providence County Superior Court, Providence, Rhode Island 02903

Docket or case number (if you know): PM 01-1303

Date of the court's decision: June 26, 2002

Result (attach a copy of the court's opinion or order, if available): Post-Conviction Relief Denied

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Rhode Island Supreme Court, Providence, Rhode Island 02903

Docket or case number (if you know): C.A. 2004-04

Date of the court's decision: February 10, 2005

Result (attach a copy of the court's opinion or order, if available): Appeal from Post-Conviction Relif was Denied.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: No more Remedies available.

GROUND THREE: Petitioner was denied a fair trial, to wit, violation of Due Process rights with an improper Jury Instructions

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial JUstice erred in his instructions to the Jury as to the aggravated circumstances that would trigger a sentence of life without Parole. Due Process mandates that Trial Justice follow the Statute as plain and unambiguous.

(b) If you did not exhaust your state remedies on Ground Three, explain why: Exhausted all State Remedies available.

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appointed counsel refused to raise the issue.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: Providence County Superior Court, Providence, Rhode Island 02903

Docket or case number (if you know): PM 01-1303

Date of the court's decision: June 26, 2002

Result (attach a copy of the court's opinion or order, if available): Post-Conviction Relief was Denied.

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Rhode Island Supreme Court, Providence, Rhode Island 02903

Docket or case number (if you know): C.A. 2004-04

Date of the court's decision: February 10, 2005

Result (attach a copy of the court's opinion or order, if available): Appeal from Post-Conviction Relief was Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: No more Remedies available

GROUND FOUR: Improperly constituted Grand Jury and Petit Jury of Petitioner's peers.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Hispanics were systematically excluded from Grand Jury and Petit Jury. Petitioner raised a "Batson" Challenge in his Post-Conviction Relief and was not allowed to orally argue the issue by the trial justice.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Exhausted all State Remedies available.

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appointed Counsel refused to raise or argue the issue.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: Providence County Superior Court, Providence, Rhode Island 02903

Docket or case number (if you know): PM 01-1303

Date of the court's decision: June 26, 2002

Result (attach a copy of the court's opinion or order, if available): Post-Conviction Relief was denied.

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Rhode Island Supreme Court, Providence, Rhode Island 02903

Docket or case number (if you know): C.A. 2004-04

Date of the court's decision: February 10, 2005

Result (attach a copy of the court's opinion or order, if available): Appeal from Post-Conviction Relief was denied.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: No more remedies availble.

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☒ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: All grounds and some have been presented, argued, and denied by the Rhode Island Supreme Court

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. ______

N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Dale Anderson, Esq. Publice Defenders Office, 100 N. Main Street, Providence, Rhode Island 02903

(b) At arraignment and plea: Same as above

(c) At trial: Same as above

(d) At sentencing: Same as above

(e) On appeal: Catherine Gibran, Esq. Publice Defenders Office, 100 N. Main Street, Providence, Rhode Island 02903

(f) In any post-conviction proceeding: David Silverman, Esq. Address un-known, Providence, Rhode Island / pro-Se

(g) On appeal from any ruling against you in a post-conviction proceeding: Judith Crowell, Esq, Providence, Rhode Island / Pro-se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☒

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* The Statute of Limitations does not bar the instant petition due to the fact that petitioner was in the process of exhausting [all] state remedies that must be exhausted prior to filing a Federal Habeas Corpus Petition. The last state appeal was decided on February 7, 2005

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: The Judgement of Convictions be overturned in whole or in part and an order for a new trial be recommended or a jugement of acquittal be entered.
or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on JANUARY 4, 2006 (month, date, year).

Executed (signed) on ____________________ (date).

Signature of Petitioner

*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. ______________________________________________

______________________________________________

______________________________________________

IN FORMA PAUPERIS DECLARATION

______________________________

[Insert appropriate court]

* * * * *