**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADRIAN BUSTAMANTE**<br>**Petitioner** | : | |
| **v.** | : | **C.A. 2006-07-T** |
| **A.T. WALL, DIRECTOR OF DEPARTMENT OF CORRECTIONS,**<br>**Respondent** | : | |

**STATE'S RESPONSE TO PETITIONER'S**
**PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to Rule 5 of the Rules Governing § 2254 Cases, and as directed by this Court's Order of January 10, 2006, the Attorney General of the State of Rhode Island (the "State") files this Response to Petitioner Adrian Bustamante's ("petitioner" or "Bustamante") petition for writ of habeas corpus. The State notes for the record that the copy of the habeas petition served on it by the Court was not signed at all, let alone under pains and penalties of perjury, as required by Rule 2(c)(5), Rules Governoing § 2254 Cases, and is therefore technically deficient. *See* de Aza-Paez v. United States, 343 F.3d 552, 553 (1st Cir. 2003).

In any case, Section I of the State's Response addresses the various housekeeping issues raised by Rule 5, Rules Governing § 2254 Cases. Section II of the State's Response notes the factual background of the case, and Section III responds to petitioner's allegations by demonstrating that the petition should be denied with prejudice as to all claims, and that an evidentiary hearing is not required.

## I. HOUSEKEEPING MATTERS RAISED BY RULE 5 OF THE RULES GOVERNING § 2254 CASES

### A. Exhaustion—Rule 5(b), Rules Governing § 2254 Cases

As is detailed below in Section III, petitioner's claims are either fully exhausted, or procedurally barred because at this point petitioner can no longer exhaust them in state court. Assuming he cures his technical deficiency, *see* de Aza-Paez, 343 F.3d at 553, the petition is timely filed.

### B. Availability of Transcripts—Rule 5(c), Rules Governing § 2254 Cases

The State has attached as exhibits to this response any transcript pages cited herein, as well as copies of other relevant materials cited (except for the habeas petition). The materials relied upon are cited by appendix tab (e.g., "State's Appendix, Tab 2"). The State has determined that the original transcript is in the state records center in Pawtucket. Should the Court wish to review the entire transcript or a portion thereof, the State will provide copies of such materials as directed by the Court; the State note that a court order will be necessary in order for the State to withdraw the transcript for purposes of photocopying. To the extent the Court wishes to review other materials, the State would endeavor to provide copies to the Court as promptly as possible, as long as the superior court file is available.

### C. Appellate Briefs – Rule 5(d), Rules Governing § 2254 Cases

As required by Rule 5(d)(1)-(2), Rules Governing § 2254 Cases, the State is submitting with this Response a copy of the appellate brief petitioner's counsel filed in the state supreme court during the course of his direct appeal, as well as a copy of the supplemental pro se brief filed by petitioner during his direct appeal. (State's Appendix, Tabs 2, 3.) The State also attaches copies of the papers filed by petitioner in the post-

conviction relief appeal. (State's Appendix, Tabs 4, 5, 6, 7.) Finally, the State is attaching copies of its own briefs in the direct appeal and post-conviction appellate proceeding. (State's Appendix, Tabs 8, 9.)

### D. State Court Opinions—Rule 5(d)(3), Rules Governing § 2254 Cases

As required by Rule 5(d)(3), the State is submitting with this Response a copy of the following opinions of the Rhode Island Supreme Court: State v. Bustamante, 756 A.2d 758 (R.I. 2000)[hereinafter cited as "Bustamante I"](State's Appendix, Tab 10); State v. Bustamante, 793 A.2d 1038 (R.I. 2002)[hereinafter cited as "Bustamante II"] (State's Appendix, Tab 11); and Bustamante v. Wall, 866 A.2d 516 (R.I. 2005)[hereinafter cited as "Bustamante III"] (State's Appendix, Tab 12).

## II. THE STATE COURT DECISION – FACTUAL BACKGROUND

Petitioner stands convicted by a Rhode Island superior court jury of first-degree murder and conspiracy to commit murder. He is currently serving a life-without-parole sentence of 75 years in state prison. (He has apparently completed service of a ten-year concurrent sentence imposed for the conspiracy conviction.) On August 2, 2000, petitioner's convictions were affirmed in all respects by the Rhode Island Supreme Court. State v. Bustamante, 756 A.2d 758 (R.I. 2000) (State's Appendix, Tab 10). The facts underlying petitioner's convictions are set forth in Bustamante, 756 A.2d at 760-63.

## III. PETITIONER'S HABEAS PETITION SHOULD BE DENIED BECAUSE PETITIONER'S CLAIMS ARE EITHER PROCEDURALLY BARRED OR FATALLY FLAWED ON THE MERITS

Bustamante seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming, *inter alia*, that the Rhode Island state courts violated a variety of his federal constitutional

rights. For the reasons set forth below, petitioner's claims are procedurally barred and/or lack merit, and the petition should therefore be denied.

### A. Petitioner's Habeas Claims Lack Legal Merit.

#### 1. Ground One-Ineffective Assistance of Counsel

Bustamante's first claim for habeas relief is that the deficient performance of his trial and appellate counsel violated his Sixth Amendment rights and prejudiced the outcome of his trial. *See* Habeas Petition, p. 6. The State will address the numerous bases for petitioner's claim in the order in which petitioner states them:

(a) "*Counsel was ineffective starting from Pre-trial Motions, to trial errors, to Post-trial Motions and Arguments*."

Petitioner made a vague claim of this sort in the memorandum of law he filed in superior court in the post-conviction relief action. (State's Appendix, Tab 6, Ex. A to Prebriefing Statement, at p. 1). The State has no idea how to address such general allegations, particularly since petitioner introduced no proof of any of them. The State will therefore confine its focus to the specific factual claims petitioner made in the Rhode Island Supreme Court. Since petitioner has already completed adjudication of his state post-conviction relief petition without introducing the necessary proof, the State suggests that at this point such a vague claim is certainly barred by state law. *See* G.L. 1956 (1997 Reenactment) § 10-9.1-8; State v. DiCiantis, 813 A.2d 986, 992-93 (R.I. 2003).[1] *See also*

---

[1] "**§ 10-9.1-8 Waiver of or failure to assert claims.** – All grounds for relief available to an applicant at the time he or she commences a proceeding under this chapter must be raised in his or her original, or a supplemental or amended, application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief."

Cannon v. Gibson, 259 F.3d 1253, 1266 n.11 (10th Cir. 2001)(if state court would consider claim procedurally barred based on petitioner's failure to raise it in timely fashion, claim is procedurally defaulted for habeas purposes). Because defendant can not re-litigate the claim on these general grounds in state court, he is procedurally barred from pursuing it in the habeas context. Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546 (1991); O'Sullivan v. Boerckel, 526 U.S. 838, 847-48, 119 S.Ct. 1728 (1999).

(b) *"Trial counsel and appellate counsel failed to meet the Canons of Law in many stages of the case."*

This, again, is a vague claim, unsupported by proof, that is procedurally barred in state court, *see* G.L. § 10-9.1-8; DiCiantis, 813 A.2d at 992-93, and therefore in federal court as well. Coleman, 501 U.S. at 735 n.1; O'Sullivan, 526 U.S. at 847-48.

(c) *"[Trial] counsel failed to object to a Flawed Indictment due to Improper [vouch]ing."*

As far as the State can determine, petitioner did not make an ineffectiveness claim in state court on this basis, or at least failed to fairly present it in state court.[2] For any claim raised in the habeas context, petitioner has an obligation first to present the same claim at every level of the state court system. *See* O'Sullivan, 526 U.S. at 845. This means petitioner has to present the same legal theory ***and*** the same factual basis to both state and federal court. *See, e.g.,* Thomas v. Gibson, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000); Williams v. Bagley, 380 F.3d 932, 969 & n.21 (6th Cir. 2004), *cert. denied sub*

[2] He did claim that his attorney was deficient for not objecting to the indictment's failure to specify aggravating factors related to the life-without-parole sentence, but the state supreme court properly ruled that no such requirement existed. *See* Bustamante III, 866 A.2d at 522-23.

*nom.* Williams v. Bradshaw, 125 S.Ct. 1939 (2005). Since petitioner failed to do so, and now no longer can, *see* G.L. § 10-9.1-8; DiCiantis, 813 A.2d at 992-93, his claim is procedurally barred. *E.g.*, Coleman, 501 U.S. at 735 n.1.

(d) "[*"[Trial counsel failed to] conduct a proper Voir-Dire."*

The Rhode Island Supreme Court held that petitioner had failed to meet his burden of proof on this claim because he had failed to provide the court with transcripts of the voir dire or affidavits as to what had occurred. The court therefore concluded that his claim failed as a matter of state law. Bustamante v. Wall, 866 A.2d at 522 (citing State v. Turley, 113 R.I. 104, 109, 318 A.2d 455, 458 (1974)). As an alternative holding, the court reached the federal constitutional question and held that it failed on the merits:

> Even if he had supplied support for his assertions, all would fail on their merits. *** Bustamante alleges that his trial counsel failed to conduct a proper *voir dire* of the jury, which deprived him of a properly constituted jury of his peers. Bustamante avers that as a Hispanic and tattoo artist he was entitled to a jury composed of not only Hispanics, but also "blue-collar" Hispanics who could "fully comprehend" his lifestyle. Bustamante's argument lacks any legal or factual support. Bustamante was not entitled to a jury made up entirely of "blue-collar Hispanics," but rather to an impartial jury "drawn from a fair cross section of the community." Taylor v. Louisiana, 419 U.S. 522, 526, 527, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). Bustamante's trial counsel cannot be faulted for failing to obtain the unobtainable, thus we discern no evidence of ineffective assistance of counsel during *voir dire.*

Bustamante III, 866 A.2d at 523 (citation & footnote omitted).

The state supreme court thus clearly held that Bustamante's claim was procedurally barred as a matter of state law because he failed to submit proof of it. That constitutes an adequate and independent state ground barring further consideration by this Court. *See, e.g.,* Horton v. Allen, 370 F.3d 75, 80-81 (1st Cir. 2004), *cert. denied*, 125 S.Ct. 971 (2005); United States ex rel. Novak v. Grankey, 871 F. Supp. 1053, 1056 (N.D.

Ill. 1995)(when state court refused to consider post-conviction claims due to petitioner's failure to allege supporting facts, it resulted in procedural default of claim for habeas purposes as well). Moreover, having failed to submit proof of his claim in state court, Bustamante is not entitled to present the necessary evidence to this Court for the first time. Barrientes v. Johnson, 221 F.3d 741, 761 (5th Cir. 2000).

Even if this Court finds no procedural bar and therefore reaches the merits of the federal question,[3] The state supreme court's decision on the merits of the federal question also rings true, and is not an unreasonable application of federal law. *See* Horton, 370 F.3d at 80. The Sixth Amendment doesn't guarantee that a jury must be of any particular ethnic composition or that a given venire must be a substantially true mirror of the community. United States v. Royal, 174 F.3d 1, 6 (1st Cir. 1999). In such circumstances, defense counsel's performance can't be deemed ineffective for failing to challenge the selection process. Cross v. Johnson, 169 F. Supp. 2d 603, 620 (N.D. Tex. 2001).

(e) *"[Trial] counsel failed to introduce exculpatory evidence, namely a 'Biker' Jacket."*

In rejecting this claim, the Rhode Island Supreme Court held that it was a tactical decision on defense counsel's part not to introduce the biker jacket. Bustamante III, 866 A.2d at 523. The evidence fully supports that conclusion. It appears from closing argument that defense counsel had made a strategic decision to argue that no physical

---

[3] As long as the Rhode Island Supreme Court decided that petitioner's post-conviction claims were barred on state law procedural grounds, the fact that the court also went on to briefly address the merits of the federal claims does not undermine the force of the state procedural bar for habeas purposes. Harris, 489 U.S. at 264 n.10; Glenn v. Bartlett, 98 F.3d 721, 724-25 (2d Cir. 1996); Coe v. Bell, 161 F.3d 320, 330 (6th Cir. 1998).

evidence linked defendant to the crime scene, and that the only incriminating evidence consisted of eyewitness testimony that the defense claimed was of questionable veracity. (*See, e.g.,* Tr. IV, 12-14 (defense closing argument))(State's Appendix, Tab 1).

The Rhode Island Supreme Court's unrebutted factual determination that the decision regarding the biker jacket was a tactical one is presumptively binding on this Court. *See, e.g.,* Horton, 370 F.3d at 81 n.5; Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2002). Well-considered strategic decisions by trial counsel are not subject to an ineffectiveness claim. *See, e.g.,* Horton, 370 F.3d at 81; Barrientes, 221 F.3d at 776. The Rhode Island Supreme Court also correctly determined that, even assuming counsel's performance was deficient, it didn't prejudice Bustamante. Bustamante III, 866 A.2d at 523. In view of the overwhelming eyewitness testimony against petitioner, *see* Bustamante I, 756 A.2d at 760-63, there is no indication that a biker jacket could have exculpated defendant. The state supreme court's application of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), was reasonable and should be respected. *See* Horton, 370 F.3d at 80.

(f) *"Appellate Counsel also failed to raise colorable Issues Petitioner Requested and failed to argue competently."*

Bustamante made the claim in state court post-conviction proceedings that appellate counsel had failed to raise issues he wanted her to pursue on direct appeal, but Bustamante failed to provide the state supreme court with any "evidence about the 'nonfrivolous' issues that he alleges his appellate counsel failed to raise." Bustamante III, 866 A.2d at 523-24. He did not claim that she "failed to argue competently" regarding the issues she chose to raise, *see* Bustamante III, 866 A.2d at 523-24; State's Appendix, Tab 6, Ex. A to Prebriefing Statement, at pp. 8-10, and the appellate brief she

filed on direct appeal (State's Appendix, Tab 2) certainly belies any contention of incompetence. In the direct appeal, the state supreme court ultimately allowed Bustamante to raise the allegedly "colorable" issues himself (State's Appendix, Tab 3), and proceeded to reject them on the merits. *See* Bustamante III, 866 A.2d at 524 ("[O]n appeal, Bustamante was allowed to file a supplemental brief, and this Court carefully considered and rejected his arguments.").

In the post-conviction relief action, after finding the claims barred for lack of evidence, the state supreme court alternatively held on the Sixth Amendment issue that Bustamante wasn't entitled to an appellate attorney who would blindly raise any issue he requested her to raise, and therefore that she had not been ineffective for declining to raise them. Bustamante III, 866 A.2d at 523-24.

Bustamante's vague claim in his habeas petition that appellate counsel "failed to argue competently" is procedurally barred because he never made it in state court and cannot do so now. *See* G.L. § 10-9.1-8; DiCiantis, 813 A.2d at 992-93; Coleman, 501 U.S. at 735 n.1. The claim that appellate counsel refused to raise what Bustamante allege were "colorable" issues is procedurally defaulted in federal court because he failed to meet the state law requirement that he support his claims with evidence. *See, e.g.,* United States ex rel. Novak v. Grankey, 871 F. Supp. at 1056.

Even if this Court reaches the merits, the Rhode Island Supreme Court was correct in holding that petitioner wasn't entitled to an appellate attorney who raised whatever issue, colorable or not, that petitioner requested. Smith v. Robbins, 528 U.S. 259, 288, 120 S.Ct. 746 (2000); Williams v. Begley, 380 F.3d at 973. And the fact that the state supreme court ultimately rejected his so-called "colorable" issues on the merits

conclusively demonstrates that petitioner was not prejudiced by any deficient performance of appellate counsel. Without proof of prejudice, his ineffectiveness claim must fail. Smith v. Robbins, 528 U.S. at 286 n.13, 288-89.

**2. Ground 2 – Prosecutorial Misconduct**

Petitioner's second claim for habeas relief is that the prosecutor engaged in a variety of misconduct. Habeas Petition, pp. 7-8. The State will address the numerous bases for petitioner's claim in the order in which petitioner lays them out. The State notes that, generally speaking, prosecutorial misconduct does not warrant habeas relief as a violation of a petitioner's due process rights unless the misconduct so infected the trial with unfairness that the resulting conviction denied the petitioner his due process rights. Greer v. Miller, 483 U.S. 756, 765, 107 S.Ct. 3102 (1987).

(a) *"State Prosecutor committed Misconduct by misleading Grand Jurors"*

As far as the State can determine, Bustamante did not specifically claim "misleading Grand Jurors" as a basis for his prosecutorial misconduct claims in state court, at least not in such a vague, sweeping, generalized fashion. To that extent, because he could no longer make such a generalized vague claim in state court, *see* G.L. § 10-9.1-8, he is procedurally defaulted in the habeas context from pursuing it. Coleman, 501 U.S. at 735 n.1. To the extent he did raise the claim in state court, the court held it was barred because, as with his other claims, he had failed to support any prosecutorial misconduct claim with evidence. Bustamante III, 866 A.2d at 525. Because the claim failed on state law grounds in state court, Bustamante is procedurally defaulted from pursuing it in federal court. *E.g.*, Harris v. Reed, 489 U.S. 255, 262, 109 S.Ct. 1038 (1989); Gunter v. Maloney, 291 F.3d 74, 78 (1st Cir. 2002).

As an alternative holding, the state supreme court addressed Bustamante's grand jury claims on the merits and held that they should be rejected because, even assuming any error in the grand jury proceeding, it was cured by the petit jury's conviction of Bustamante on all charges. Bustamante III, 866 A.2d at 525 (citing, inter alia, United States v. Mechanik, 475 U.S. 66, 70, 106 S.Ct. 938 (1986)). Since the Rhode Island Supreme Court's application of United States Supreme Court precedent was eminently reasonable, *see* Horton, 370 F.3d at 80, even assuming the procedural default fails, on the merits Bustamante's petition must also be rejected on the merits.

(b) "*[State prosecutor] launched racial Peremptory Strikes during Voir-Dire*"

The state supreme court rejected this claim as procedurally barred under state law:

> Bustamante also argues that the prosecutor sought to exclude Hispanics from the jury through her exercise of peremptory challenges. Without the transcript of the entire voir dire examination or any other evidence to back up this claim, and since apparently no challenged was ever made under the stricture of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), we are left in the dark about this assertion....Accordingly we discern no merit to this claim. *See* State v. Pineda 712 A.2d 858, 861 (R.I. 1998); State v. Jennings, 117 R.I. 291, 294, 366 A.2d 543, 545 (1976)(party seeking court's review must provide so much of the record as required to allow court to pass upon alleged error, otherwise court must affirm trial justice's holding).

Bustamante III, 866 A.2d at 524. The court also noted that the "rules of appellate procedure require that an appellant provide us with a complete record of at least the portion of the trial proceeding in which the alleged trial court error occurred. *See* Article I, Rule 10 of Supreme Court Rules of Appellate procedure." *Id.* at 524 n.3.

Because this claim was dismissed on the basis of petitioner's failure to comply with state procedure, it is procedurally defaulted for purposes of habeas consideration. Coleman, 501 U.S. at 729-31, 750.

(c) *"[Prosecutor] used known perjured [sic] testimony to secure an Indictment"*

In state court, Bustamante alleged "that several witnesses changed their version of the events between their initial statements to police and their testimony before the grand jury." Bustamante III, 866 A.2d at 525. The court ruled that Bustamante had presented no evidence to support the allegation of perjury, *id.*, but instead "appears to simply equate inconsistent testimony with perjured testimony." *Id.* Citing both state and federal cases, the court then held that the mere presence of inconsistencies in the testimony of witnesses doesn't constitute the presentation of false testimony. *Id.* Finally, the Court held that "even assuming that Bustamante's unsupported assertions about the grand jury proceedings are true," any error was cured by the petit jury's conviction of him on all counts. Bustamante III, 866 A.2d at 525 (citing, inter alia, United States v. Mechanik, 475 U.S. 66, 70, 106 S.Ct. 938 (1986)).

In the habeas context, the Rhode Island Supreme Court's factual determination that there was no evidence of perjury is presumptively binding on this Court, *see* 28 U.S.C. § 2254(e)(1); Rashad, 300 F.3d at 35, 44-45, and eliminates any merit to petitioner's habeas claim. The state court's holding on the merits (that inconsistent testimony doesn't constitute prosecutorial misconduct absent a factual proffer indicating that the prosecutor knowingly suborned perjury) is also consistent with federal law. United States v. Verser, 916 F.2d 1268, 1270-71 (7th Cir. 1990)(citing, *inter alia*, Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173 (1959)); United States v. Tavares, 93 F.3d 10, 14 (1st Cir. 1996). Further, the state supreme court's application of the bedrock principle that the petit jury conviction cures any error in the grand jury is certainly a reasonable

application of Supreme Court precedent, *see* Horton, 370 F.3d at 80, and therefore should be affirmed.

(d) *[Prosecutor] Improperly [Vouch]ed for a witness['s] testimony*

The State does not know exactly what sort of alleged misconduct this allegation refers to, although it seems to have something to do with witnesses presented to the grand jury. *See* State's Appendix, Tab 6, Exhibit A to Prebriefing statement, at pp. 16-18. The allegation was not mentioned by the Rhode Island Supreme Court's otherwise detailed opinion in Bustamante III. To the extent petitioner should have, but can no longer, raise the claim in state court, *see* G.L. § 10-9.1-8, the claim is procedurally defaulted for purposes of federal habeas review. *See, e.g.,* Coleman, 501 U.S. at 735 n.1. To the extent petitioner quarrels with how the prosecution presented testimony to the grand jury, any possible error was cured by his subsequent conviction. *See* United States v Mechanik, 475 U.S. 66, 70, 106 S.Ct. 938 (1986).

(e) "*[Prosecutor] Used 'Backdoor' hearsay testimony from a police officer by having him read another witness/defendant's statement during the Grand Jury Proceedings*"

The Rhode Island Supreme Court addressed the merits of the federal constitutional question implicated by this claim and rejected it in a manner perfectly reasonable under applicable Surpreme Court precedent. Citing the case of State v. Miller, 679 A.2d 867 (R.I. 1996), the court noted that the rules of evidence, including hearsay, do not apply to grand jury proceedings. Bustamante, 866 A.2d at 525. In Miller, the state supreme court held that "[I]n Rhode Island the rules of evidence that might apply to a trial do not apply to a grand jury. . . . We have followed the rule enunciated by the Supreme Court of the United States in Costello v. United States, 350 U.S. 359, 76 S.Ct.

406, 100 L.Ed. 397 (1956), in declining to establish 'a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence.'" Miller, 679 A.2d at 870 (citations omitted). And Costello of course specifically holds that it is not improper to rely on hearsay in the grand jury context. Costello, 350 U.S. at 363, 76 S.Ct. at 408-09.

As it had previously done, the state court further held that any error in the grand jury proceedings was cured by the ultimate convictions in the case. Bustamante III, 866 A.2d at 525. Because the state court's decision on the merits of the issue was not an "unreasonable application" of United States Supreme Court precedent, *see* Horton, 370 F.3d at 80, habeas relief is unwarranted.

(f) *[Prosecutor] allowed an unlicensed Out-of-State Attorney to Practice Law in Rhode Island*

As presented by Bustamante in state court, the prosecutor's misconduct in this context consisted of "failing to object to Bustamante's codefendant's out-of-state counsel or the fact that portions of the trial were conducted without the codenfendant's local counsel present." Bustamante III, 866 A.2d at 525. Even assuming that Bustamante has standing to object to who represents his codefendant (a very questionable assumption, to be sure), this claim failed in state court on the facts and state law, and must therefore fail in federal court as well. The Rhode Island Supreme Court found that "prosecutor did bring to the attention of the trial justice the fact that the codefendant's local counsel was not present" even though the prosecutor was not obligated to do so, and that the trial justice determined after questioning the codefendant that his legal representation was satisfactory. *Id.* Accordingly, the state supreme court "discern[ed] no evidence of prosecutorial misconduct in this regard." *Id.*

Given the presumptively binding factual findings made by the state supreme court, *see* 28 U.S.C. § 2254(e)(1), the factual predicate for petitioner's federal claim would seem to be lacking.[4] Petitioner has failed to establish any facts in support of his claim, and it must be rejected.

### 3. Ground Three – "Petitioner was denied a fair trial, to wit, violation of Due Process rights with an improper Jury Instructions [sic]"

As the factual basis for Ground Three of his petition, *see* Habeas Petition, p. 9, petitioner alleges that the trial justice erred in instructing the jury "as to the aggravated circumstances that would trigger a sentence of life without Parole. Due Process mandates that Trial Justice follow the Statute as plain and unambiguous." This isn't exactly the way petitioner framed his claim in the state court post-conviction relief proceeding. There he alleged that the jury was not permitted to determine the facts underlying the life-without-parole sentence, and that the jury's checking off "yes" on an appropriate place on the verdict form was insufficient to meet the statutory requirement (*see* G.L. 1956 (2002 Reenactment) § 12-19.2-1) that the enumerated circumstances underlying the life-without-parole sentence be stated "in writing." *Memorandum In Support of Application for Post-Conviction Relief*, at pp. 22-26 (State's Appendix, Tab 6, Ex. A to Prebriefing Statement).

In any event, it makes no difference. Although Bustamante's life-without-parole sentence has been reviewed ***twice*** by the Rhode Island Supreme Court, *see* Bustamante I,

---

[4] Moreover, petitioner has failed to present any support for the notion that who is qualified to practice law in the state courts is a matter of federal constitutional law, particularly when the lawyer involved didn't even represent petitioner. Habeas corpus relief doesn't exist to address errors in interpretation of state law. Barkedale v. Lane, 957 F.2d 379, 383-84 (7th Cir. 1992).

756 A.2d at 767-69 (State's Appendix, Tab 10); Bustamante II, 793 A.2d at 1040 (State;s Appendix, Tab 11), even assuming petitioner has framed the issue consistently in state and federal court, the fact remains that petitioner never raised this issue until the post-conviction relief proceeding even though he could have done so in either of the earlier proceedings. The state supreme court therefore rejected the issue based on the common law doctrine of res judicata as adopted in Rhode Island. Bustamante III, 866 A.2d at 526.

Because the state supreme court refused to consider petitioner's claim based on state law grounds, it is procedurally defaulted for purposes of federal habeas review. Williams v. Bagley, 380 F.3d at 966-67 (habeas claims procedurally barred by res judicata); United States ex rel. Novak, 871 F. Supp. at 1055 (same).

**4. Ground Four: "Improperly constituted Grand Jury and Petit Jury of Petitioner's Peers"**

With respect to Ground Four, Bustamante claims that both the grand and petit juries were not properly made up of his "peers." He makes two factual allegations in support of Ground Four. *See* Habeas Petition, p. 11. The state will address each of the two allegations in turn:

(a) *"Hispanics were systematically excluded from Grand Jury and Petit Jury"*

To establish a Sixth Amendment claim that the jury didn't represent a fair cross-section of the community, petitioner must meet the three-part test of Duren v. Missouri, 439 U.S. 357, 99 S.Ct. 664 (1979), which expounded on the "fair cross-section of the community" requirement central to Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692 (1975). Duren requires the petitioner to establish "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the

number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Id.* at 364. *See also, e.g.,* United States v. Royal, 174 F.3d 1, 6 (1st Cir. 1999). Petitioner must satisfy all three elements of the Duren test in order to establish his constitutional claim. United States v. Lara, 181 F.3d 183, 192 (1st Cir. 1999). Thus, failure to establish any one of the elements of the test defeats the claim. *See id.*

In this case, petitioner has met the first element of test, because Hispanics are a "distinctive" group for purposes of Duren. Lara, 181 F.3d at 192 n.1. Nevertheless, bypassing the second element of the test,[5] the Rhode Island Supreme Court ruled petitioner's claim foreclosed because Bustamante failed to establish the third prong of the test: "[W]e again note that Bustamante has failed to submit any evidence that Hispanics were systematically excluded from the jury pool."[6] Bustamante III, 866 A.2d at 524. In this context, "systematic" refers to a cause "inherent in the particular jury-selection process utilized." Duren, 439 U.S. at 366. Unsupported by any "competent proof of the systematic nature of the exclusionary mechanisms leading to the underrepresentation," petitioner's Duren claim was properly rejected. Lara, 181 F.3d at 192. Once again, the state supreme court engaged in a perfectly reasonable application of applicable United States Supreme Court precedent, and its decision should therefore be respected. *See*

[5] The second element of Duren is typically established by statistical evidence, Lara, 191 F.3d at 192; *see also, e.g.,* Royal, 174 F.3d at 6-7, not by citing the composition of the venire as an example of underrepresentation, Cross v. Johnson, 169 F. Supp.2d at 620. Petitioner introduced neither statistical proof nor any other competent evidence during state court proceedings. Thus, his habeas claim fails on the second as well as third prong of Duren.

[6] Indeed, not only were Hispanics in the jury pool, one of them was seated on the jury that convicted Bustamante. Bustamante III, 866 A.2d at 524.

Horton, 370 F.3d at 80. Nor is petitioner entitled to introduce competent evidence in the current proceeding when he utterly failed to do so at any point during state court proceedings. *E.g.*, Correll v. Thompson, 63 F.3d 1279, 1288 (4th Cir. 1995).

(b) *"Petitioner raised a "Batson" Challenge in his Post-Conviction Relief and was not allowed to orally argue the issue by the trial justice."*

To the extent petitioner intends the allegation that he raised a Batson challenge in a post-conviction relief petition to serve as the basis of a habeas claim, the State notes that the Batson claim was rejected by the Rhode Island Supreme Court on procedural grounds under the raise-or-waive rule because petitioner failed to lodge any objection to the voir dire process during the process itself. *See* Bustamante III, 866 A.2d at 524. It is therefore procedurally defaulted for habeas purposes. *See* Horton, 370 F.3d at 81; Gunter, 291 F.3d at 78-80, 81-82.

To the extent petitioner is relying on the hearing justice's alleged refusal during a post-conviction relief hearing to allow petitioner to argue a point of law that clearly had no merit (because the claim had been waived by failure to object during trial), the State doesn't know of a basis on which a discretionary ruling of this nature made during a post-conviction relief hearing establishes deprivation of a constitutional right at a trial that has already occurred. In any case, since the claim petitioner was trying to argue was clearly waived and would therefore be unsuccessful, he was not prejudiced by the court's refusal to allow him to argue.

**B. No Need For Evidentiary Hearing**

Given the nature of his habeas claims, petitioner is in no way entitled to an evidentiary hearing in this case. In enacting the AEDPA, Congress intended to curtail the number of evidentiary hearings held in federal habeas cases. *See* Campbell v. Vaughn,

209 F.3d 280, 286 (3d Cir. 2000); Williams v. Taylor, 529 U.S. 420, 436, 120 S.Ct. 1479, 1490 (2000). An evidentiary hearing would be particularly inappropriate in this case for at least two reasons. First, the Rhode Island state courts have ***already*** provided petitioner with a full and fair airing of his grievances. There is thus no justification for duplicating this effort just to give petitioner a second bite at the proverbial litigation apple. Perron v. Perrin, 742 F.2d 669, 672 (1st Cir. 1984). *See also* Williams, 529 U.S. at 437, 120 S.Ct. at 1491 ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."); Murphy v. Johnson, 205 F.3d 809, 815-16 (5th Cir. 2000)(federal evidentiary hearing is appropriate only when state courts have *not* afforded petitioner a full and fair evidentiary hearing).

Second, the state courts have made detailed factual findings that are presumptively binding on this Court in the face of petitioner's failure to present any clear and convincing evidence in rebuttal thereof. A further hearing is therefore totally unwarranted. *See* Campbell v. Vaughn, 209 F.3d at 287; *see also, e.g.,* Edwards v. Murphy, 96 F. Supp. 2d 31, 49-50 (D. Mass. 2000); Dias v. Maloney, 156 F. Supp. 2d 104, 124 (D. Mass. 2001).

## Conclusion

For the foregoing reasons, the State respectfully requests that petitioner's habeas petition be denied and dismissed with prejudice as to all claims.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**Lauren S. Zurier # 4496**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)

Dated: February 14, 2006

## CERTIFICATION

I hereby certify that on the 14th day of February, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Adrian Bustamante, Pro-Se, Adult Correctional Institutions, P.O. Box 8200, Cranston, RI 02920.