UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ADRIAN BUSTAMANTE,<br>Petitioner | *<br>* | |
| v. | * | C.A. 06-07 T |
| ASHBEL T. WALL,<br>Respondent | *<br>* | |

**PETITIONER'S MOTION TO AMEND**

Now comes the Petitioner, Adrian Bustamante, pro-se, and hereby respectfully, in accordance with the Rules and Procedures, moves to amend his Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254. The current Federal Forms afforded to inmates in state custody only allow up to four (4) Grounds to be raised, the petitioner was [un]aware that additional grounds could be raised aside from those on the Official Forms.

The petitioner only raised grounds from his Post-Conviction Relief Appeal but anticipated raising Grounds from his Direct Appeal as well. The petitioner has up to six (6) more Grounds this court needs to review in order to afford him a full and fair opportunity to present [all] the facts and the merits of the case. The petitioner seeks to present the foregoing Grounds;

Ground 5: The evidence was legally insufficient to establish that a conspiracy existed to murder John Casserly, much less that petitioner was a member of such conspiracy.

Ground 6: The evidence was legally insufficient to establish pre-meditation and intent which are required elements for First-Degree Murder.

Ground 7: The Trial Justice committed reversible error in impermissibly aborting petitioner's cross-examination of Timothy Gorman, depriving petitioner his right to confront and cross-examine one of his principle accusers.

Ground 8: The Trial Justice erred in imposing a sentence of life without parole since the Statute is Ambiguous [and] the State failed to comply with the twenty (20) day Notice, pursuant to section 12-19.2-1 of the General Laws of Rhode Island, therefore denying petitioner Due Process of Law.

Ground 9: The Trial Justice erred inhis failure to state on the record his reasons for imposing a sentence of Life without Parole as mandated by Section 12-19.2-4, thus denying petitioner Due Process [and] Equal Protection of the Laws.

Ground 10: Petitioner was denied his Constitutional Rights to present a full and fair defense, to Due Process of Law, and to a fundamentally fair trial by excluding the presentation of critical evidence of support of an important line of defense.

As for the reasons stated above, the petitioner prays that this Honorable Court grants the petitioner leave to amend his original petition for Habeas Corpus. Petitioner is certain that a Evidentiary Hearing will be necessary and will, at that time, renew his request for appointment of counsel.

Respectfully Submitted,

Adrian Bustamante, pro-se
Maximum Security
P.O. Box 8273
Cranston, RI 02920-0273

Dated: March 29, 2006

**CERTIFICATION OF SERVICE**

I, the undersigned, do hereby certify that on this 29th day of March, 2006, I caused a true and correct copy of the within Motion to Amend to the Office of the Attorney General at 150 South Main Street, Providence, Rhode Island 02903, by Cerified Registered Mail.

Adrian Bustamante, pro-se