Bustamante, Adrian/

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADRIAN BUSTAMANTE** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-07-T** |
| | : | |
| **A.T. WALL, DIRECTOR OF** | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| **Respondent** | : | |

**STATE'S OBJECTION TO PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS**

For the reasons set forth in the accompanying memorandum of law, the Attorney General of the State of Rhode Island (the "State") hereby objects to petitioner's motion to amend his previously-filed petition for writ of habeas corpus. The additional claims petitioner seeks to raise are clearly barred by the one-year statute of limitations applicable to petitions filed under 28 U.S.C. § 2254 and do not relate back to the claims raised in petitioner's original petition under Fed. R. Civ. P. 15(c)(2).

WHEREFORE, the State respectfully requests that petitioner's motion to amend his petition be denied with prejudice.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**Lauren S. Zurier # 4496**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)

Dated: April 27, 2006

**CERTIFICATION**

I hereby certify that on the 27th day of April, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Adrian Bustamante, Pro-Se, Adult Correctional Institutions, P.O. Box 8200, Cranston, RI 02920.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADRIAN BUSTAMANTE** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-07-T** |
| | : | |
| **A.T. WALL, DIRECTOR OF** | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| **Respondent** | : | |

**STATE'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS**

For the reasons set forth in this memorandum of law, the Attorney General of the State of Rhode Island (the "State") hereby objects to petitioner's motion to amend his previously-filed petition for writ of habeas corpus to add six additional claims. As is more fully explained in this memorandum, the additional claims petitioner seeks to raise are clearly barred by the one-year statute of limitations applicable to petitions filed under 28 U.S.C. § 2254. Nor do the newly raised claims "relate back" to the claims raised in petitioner's original petition under Fed. R. Civ. P. 15(c)(2), which the United States Supreme Court recently applied in the habeas context in Mayle v. Felix, ___ U.S. ___, 125 S.Ct. 2562 (2005). Therefore, petitioner's motion to amend his petition should be denied.

**A. The Claims Set Forth In Petitioner's Motion To Amend Are Clearly Time-Barred.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations for petitions filed under 28 U.S.C. §§ 2254, which in this case

runs from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Congress has allowed the one-year limitations period to be tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). *See, e.g.*, Neverson v. Bissonnette, 261 F.3d 120, 124 (1st Cir. 2001).

In analyzing a statute-of-limitations claim, this Court must determine three things: (1) on what date the statute of limitations began to run with respect to petitioner's habeas petition; (2) on what date the limitations period expired; and (3) whether any tolling of that limitations period occurred along the way. This inquiry is extremely straightforward on the facts at bar.

1. ***Date Period Began To Run***

In this case, petitioner's judgment of conviction became final under Rhode Island law when, after affirming petitioner's conviction, the Rhode Island Supreme Court denied his motion to reargue the case on September 15, 2000. *See* Ex. 1 (certified copy of R.I. Supreme Court docket, No. 97-32-C.A.). The judgment of conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) some ninety days later, on or about December 14, 2000, when petitioner's time for seeking a writ of certiorari from the United States Supreme Court, *see* U.S. Supreme Ct. R. 13, expired. *See* David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003); *see also, e.g.,* Lock v. Saffle, 237 F.3d 1269, 1271-73 (10th Cir. 2001); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001).

**2. *Date Period Expired***

The one-year limitations period provided for by the AEDPA normally would have expired with respect to petitioner's case on or about December 14, 2001, one year after the time for seeking review of his conviction had elapsed. *See, e.g.,* David, 318 F.3d at 344. *See* 28 U.S.C. § 2244(d)(1).

**3. *Tolling under 28 U.S.C. § 2244(d)(2)***

Petitioner's habeas petition was not filed in this Court until January 4, 2006, *see* Petition for Writ of Habeas Corpus, p. 15,[1] more than four years after the one-year limitations period expired. Therefore, unless the limitations period is tolled pursuant to 28 U.S.C. § 2244(d)(2), petitioner's habeas petition in this case was clearly untimely. The issue thus becomes whether either the state court PCR action or the original habeas petition itself tolled the statute of limitations.

**(a) *state court PCR action***

Petitioner did not file his state court PCR action until February 28, 2001, some 77 days after the time for seeking certiorari review of his conviction had expired. *See* Ex. 2 (certified copy of R.I. Superior Court docket in No. PM 2001-1303). Thus, 77 days of the one-year statute of limitations elapsed before tolling began. Petitioner's filing of his state-court post-conviction relief action tolled the remaining 288 days of the limitations period until the Rhode Island Supreme Court denied petitioner's petition for reargument

[1] The State has assumed that petitioner "filed" his application by putting it in the prison mail system. *See* Morales-Rivera v. United States, 184 F.3d 109 (1st Cir. 1999) (per curiam) (regarding application of mail box rule to pro se habeas petition under 28 U.S.C. § 2254).

on March 25, 2005. *See* Ex. 3 (certified copy of R.I. Supreme Court docket in No. 2004-04). Donovan v. Maine, 276 F.3d 87, 92 (1st Cir. 2002).

**(b) *federal court habeas petition***

As noted above, the limitations clock in this case was tolled until March 25, 2005 by petitioner's state-court PCR action. It began running again the next day, with 288 days left on the clock.[2] Without further tolling, the limitations period was set to expire on January 7, 2006. Petitioner filed his federal habeas petition on January 4, 2006—that is, on the 285th day.

Because petitioner filed his federal petition within the remaining limitations period, the claims raised during that period were timely filed. However, that ***federal*** petition could not toll the statute of limitations for any other claims petitioner had failed to raise in the original petition. *E.g.*, Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (applying Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001)). Thus, any claim petitioner failed to file by January 7, 2006, is presumptively time-barred.

**B. Petitioner's Claims Do Not "Relate Back" To The Claims Raised In His Original Petition.**

Because the statute of limitations expired in early January 2006, the claims petitioner seeks to raise in his March 29, 2006 motion to amend his petition, first raised more than 80 days after the statute of limitations expired, are clearly barred—that is, unless petitioner can establish that the later-filed claims "relate back" to the claims he

[2] The limitations clock began running again on petitioner's habeas claims as of March 26, 2005, ***regardless*** of the fact that petitioner had three months after that date to seek certiorari review of his PCR action from the United States Supreme Court. David v. Hall, 318 F.3d at 345.

originally raised, and that they thus can be set forth in an amended habeas petition pursuant to Fed. R. Civ. P. 15(c)(2).[3]

### 1. ***Mayle v. Felix***

Fed. R. Civ. P. 15 permits an amendment to a pleading to "relate back" to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The key to applying Rule 15(c)(2) to a motion to amend a habeas petition lies in determining whether the newly proposed claim arises out of the same "conduct, transaction, or occurrence" that a petitioner has raised in the original habeas petition. In Mayle v. Felix, *supra*, the Supreme Court rejected the notion that the phrase "conduct, transaction, or occurrence" refers broadly to the habeas petitioner's trial, conviction or sentence; under such a sweeping definition, "virtually any new claim introduced in an amended petition [would] relate back." Mayle, 125 S.Ct. at 2570; *see also id.* at 2573. "If claims asserted after the one-year period [of limitations] could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 2573-74.

Instead, the high Court agreed with the interpretation of Rule 15(c)(2) adopted by the majority of federal circuit courts, an interpretation permitting "relation back only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type'

---

[3] Because the State filed its response and answer to petitioner's petition before he moved to amend it, petitioner no longer has the ability to amend his petition as of right. *See* Fed. R. Civ. P. 15(a).

from the originally raised episodes." Mayle, 125 S.Ct. at 2571 (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)). For the new claim to relate back to the original claim, there must be a "common core of operative facts." Mayle, 125 S.Ct. at 2572, 2574.

In Mayle v. Felix, the Supreme Court held that the claim in Jacoby Felix's original habeas petition involved a Confrontation Clause challenge to videotaped witness testimony, whereas the claim in Felix's amended habeas petition involved a Fifth Amendment challenge to Felix's own pretrial statements. Thus, the claims differed in both "time and type" and relation back was impermissible. *Id.* at 2566, 2571. *See also, e.g.,* United States v. Ciampi, 419 F.3d 20, 22-24 (1st Cir. 2005)(rejecting relation back when original claim involved alleged ineffective assistance of counsel in persuading habeas petitioner to accept government's plea agreement offer, and amended claim alleged counsel's ineffective assistance in failing to advise petitioner to appeal following his conviction); Craycraft, 167 F.3d at 257 (ineffective assistance of counsel claim based on alleged failure to file an appeal is a "separate occurrence in both time and type" and therefore does not relate back to ineffective assistance of counsel claim based on failure to pursue downward departure in sentencing); Mandacina v. United States, 328 F.3d 995, 1002 (8th Cir. 2003)(original petition alleged defense counsel's "failure ... to *discover* allegedly exculpatory footprint evidence; whereas, the amended claim alleged a failure by counsel to *investigate* the [notes summarizing conversation with government witness]"; "Although both claims relate to pretrial conduct by counsel and therefore occurred at a generally similar 'time' the claims are not similar in 'type,'" and the amended petition therefore does not relate back to the original one)(emphasis original).

2. ***Analysis of Petitioner's Claims under Fed. R. Civ. P. 15(c)(2)***

After applying Mayle v. Felix's interpretation of Fed. R. Civ. P. 15(c)(2) to the instant case, it becomes quite apparent that none of the claims petitioner asserts in his motion to amend his petition are of the same "time and type" as the claims raised in his original petition. Therefore, the newly raised claims, which are otherwise time-barred, do not relate back to those raised in original, timely filed, habeas petition.

The claims petitioner raised in his original petition are detailed in the State's response and answer to the petition, which the State filed with this Court on February 14, 2006. *See* State's Response, pp. 4-18. Briefly, petitioner raised a number of ineffective assistance of counsel claims pertaining to trial counsel's failure to object to a flawed indictment, counsel's failure to conduct proper voir dire, counsel's failure to introduce a biker jacket into evidence, and to appellate counsel's failure to raise and argue colorable issues as suggested by petitioner.[4] He also set forth claims alleging prosecutorial misconduct related to misleading grand jurors, using racially peremptory strikes during voir dire, using perjured testimony to secure the indictment, vouching for a witness's testimony, using hearsay testimony during grand jury proceedings, and allowing an unlicensed attorney to practice law in Rhode Island. Additionally, petitioner alleged a due process violation arising out of an instruction given to the jury concerning the aggravating factors justifying a life-without-parole sentence. Finally, petitioner asserted

[4] As repeatedly noted in the State's Response, *e.g.*, State's Response, pp. 4-5, 13, petitioner raised additional very vague ineffectiveness (and other) claims, but these additional claims were so vaguely worded that they failed to meet the standard of particularity required of habeas petitions, and the State was therefore unable to respond to them. *See* Mayle v. Felix, 125 S.Ct. at 2570 (discussing Habeas Corpus Rule 2(c), which is more exacting in terms of specificity in pleading than Fed. R. Civ. P. 8(a)).

that Hispanics were systematically excluded from the jury, and that he was not allowed to orally argue a Batson[5] issue during post-conviction relief proceedings.

The proposed additional claims set forth in petitioner's motion to amend his habeas petition are dissimilar in time as well as type to the ones he originally raised, and therefore do not satisfy the conditions imposed by Fed. R. Civ. P. 15(c)(2). Proposed Grounds 5 and 6 raise two claims concerning the sufficiency of the evidence supporting petitioner's murder and conspiracy convictions. No sufficiency-of-the-evidence claims were raised at all in the original petition. Proposed Ground 7 involves the trial court's allegedly unconstitutional limitation of petitioner's cross-examination of a prosecution witness. Again, none of the originally raised claims are even remotely similar to this one.

Proposed Ground 8 asserts that the State failed to comply with a pretrial notice provision found in R.I. Gen. Laws § 12-19.2-1, related to procedures for imposing a life-without-parole sentence. Proposed Ground 9 asserts that the trial justice committed constitutional error in the actual pronunciation of the life-without-parole sentence. Even assuming arguendo that these claims can be considered similar in "type" to the life-without-parole jury instruction claim petitioner raised originally, they certainly differ in "time." The old claim related to an instruction given during trial, whereas proposed Ground 8 related to a pretrial procedure. Meanwhile, proposed Ground 9 arises out of the sentencing hearing, which occurred almost three months after the jury instruction claim raised in the original habeas petition. *See* Ex. 4 (entries of 3/1/96 and 5/31/96 in certified copy of R.I. Superior Court docket in No. P1/95-1200). *See also* State v. Bustamante, 756 A.2d 758, 763 (R.I. 2000)(jury rendered verdict in March 1996); State v.

---

[5] Batson v. Kentucky, 476 U.S. 79 (1986).

Bustamante, 793 A.2d 1038, 1039 (R.I. 2002)(sentencing occurred in May 1996). Mayle v. Felix, 125 S.Ct. at 2572-73, makes it clear that these two claims are too different in time for the new ones to relate back to the old one.

Finally, proposed Ground 10 complains that the trial court "exclude[ed] the presentation of critical evidence of support of an important line of defense." Petitioner's Motion to Amend, p. 2. This vague statement doesn't meet the pleading standards applicable to habeas petitions. *See* Mayle v. Felix, 125 S.Ct. at 2570. But since the Motion to Amend states that all of the proposed grounds were raised in petitioner's direct appeal, *see* Petitioner's Motion to Amend, p. 1, the State reasonably infers that proposed Ground 10 relates to petitioner's unsuccessful attempt during trial to introduce "state of mind" evidence that he considered exculpatory, but which the trial court excluded as inadmissible hearsay. *See* State v. Bustamante, 756 A.2d at 763-64. Because this proposed claim doesn't remotely relate to any of the claims petitioner raised in his original habeas petition in either time or type, it, too, fails to satisfy Mayle v. Felix, and cannot relate back to the original petition.

Petitioner disingenuously attempts to circumvent the restrictions of Mayle v. Felix by arguing that because the "current Federal Forms afforded to inmates in state custody only allow up to four (4) Grounds to be raised, the petitioner was [un]aware that additional grounds could be raised aside from those on the Official Forms." Petitioner's Motion to Amend, p. 1 [quoted verbatim]. But the very document petitioner completed instructs habeas petitioners that they must include ***all*** grounds, that failure to do so could bar them from presenting additional grounds later on, and, most importantly, that if they have more than four grounds, they should attach additional pages:

> For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. **Attach additional pages if you have more than four grounds**. State the facts supporting each ground.
>
> CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

Petitioner's Habeas Petition dated Jan. 4, 2006, p. 6, ¶ 12 (underscoring in original; boldface added)(in federal district court file). Mayle makes it clear that petitioners are expected to read and follow these instructions. *See* Mayle, 125 S.Ct. at 2570 (quoting and discussing instructions on model habeas petition form).

## CONCLUSION

In sum, an analysis of the record in view of Mayle v. Felix conclusively demonstrates that the claims petitioner seeks to add to his habeas petition are all time-barred, having been filed well over two months after the last possible day he could have filed them in timely fashion, and being too dissimilar in time and type to relate back to the original petition under Fed. R. Civ. P. 15(c)(2). Accordingly, petitioner's motion to amend his petition to add the new claims should be denied with prejudice.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Lauren S. Zurier # 4496
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)

Dated: April 27, 2006

**CERTIFICATION**

I hereby certify that on the 27th day of April, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Adrian Bustamante, Pro-Se, Adult Correctional Institutions, P.O. Box 8200, Cranston, RI 02920.