UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ADRIAN BUSTAMANTE,<br>Petitioner | *<br>* | |
| v. | * | C.A. 06-07 T |
| ASHBEL T. WALL,<br>Respondent | *<br>* | |

**PETITIONER'S RESPONSE TO STATE'S OBJECTION**

Now comes the Petitioner, Adrian Bustamante, acting Pro-se, and hereby responds to State's objection to Petitioner's Motion to Amend. The Petitioner, as stated in his Motion to Amend, anticipated raising the additional Issues when counsel was appointed to him. The Official Forms the A.C.I. Law-Library furnish only allow for upto four (4) Grounds to be raised.

When appointment of counsel was denied, peitioner then filed his Motion to Amend forthwit. Although the Petitioner is not completely naive to this Court's Rules and Procedures, he is however, unfamiliar with Habeas Corpus Procedures.

The State is citing caselaw that Petitioner is unable to research in order to answer effectively. The Maximum Security's Law-Library has not been furnished with Federal lawbooks since 2001 or 2002. it has [not] been furnished with Shepard's Citations therefore creating a hinderance to petitioner's access to the courts.

In responding to the State's Objection, the petitioner is not Time Barred because he first had to exhaust [all] his State Remedies before filing a Petition for a Writ of Habeas Corpus pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA). He first had to exhaust his State Post-Conviction Remedies before seeking Federal review which he has done in a timely manner.

Petitioner was under the impression that in order to file for a Writ of Certiorari, he first had to file a Petition for a Writ

of Habeas Corpus under 28 U.S.C. §2254. No counsel has ever adised him of such in order to preserve any Issues for Federal review. The Petitioner should not be penalized for appointed counsels' in-effectiveness which has been petitioner's contention from the very start of his appeal process.

The Petitioner is not citing caselaw at the moment because he is currently waiting for copies of the cases cited by the State in their Objection, and his memorandum has been slowcoming because of the slow process in obtaining Legal Research material like up-to-date caselaw and Shepard's Citations research. The petitioner asks that this court take Judicial Notice that the Maximum Security Law Library is ill equipped for any litigant to conduct any effective litigation, especially one such as a Petition for a Writ of Habeas Corpus.

WHEREFORE, all the reasons stated above, the petitioner prays that this Honorable court grant him additional time in which to prepare and file his Memorandum as best he could under the circumstances.

Respectfully Submitted,

Adrian Bustamante, pro-se
Maximum Security
P.O. Box 8273
Cranston, RI 02920-0273

Dated: May 10, 2006

**CERTIFICATION OF SERVICE**

I, the undersigned, do hereby certify that on this 10th day of May, 2006, I caused a True and Correct copy of the within Response to State's Objection, to the Office of the Attorney General at 150 South Main Street, Providence, Rhode Island 02903, by Certified Registered Mail.

Adrian Bustamante, pro-se