**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADRIAN BUSTAMANTE** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-07-T** |
| | : | |
| **A.T. WALL, DIRECTOR OF** | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| **Respondent** | : | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF STATE'S OBJECTION TO PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS**

In March 2006, petitioner moved to amend the habeas petition he had filed in early January 2006 to add numerous additional claims. The State promptly objected because the statute of limitations had expired and none of the new claims "related back" to the original petition under the standard set forth in Mayle v. Felix, 545 U.S. 644, 125 S. Ct. 2562 (2005).

Because petitioner retained counsel after filing his original motion to amend his habeas petition, this Court permitted both sides to file supplemental memoranda concerning the motion to amend. *See* Docket Entries, Nos. 19-21. In his supplemental memorandum of law filed August 28, 2006, petitioner contends that the State erred in its calculation of when the statute of limitations ran in this case. Petitioner also asserts that even if he moved to amend his petition after the statute of limitations ran, the limitations period should be equitably tolled. Finally, petitioner argues that since his new claims do "relate back" under Fed. R. Civ. P. 15(c) to those he filed in his original petition, he

should be allowed to amend the petition to add them. For the reasons stated below, all of the arguments petitioner makes in his supplemental memorandum should be rejected.

**A. Calculation of Statute of Limitations**

Petitioner first argues that, in calculating the tolling of the statute of limitations, the State should have included the "span of time that [petitioner's] post conviction challenge to his life without parole sentence was pending" in the Rhode Island court system, because that motion was a form of "collateral review" that justified tolling the limitations period under 28 U.S.C. § 2244(d)(2). ***Petitioner's Suppl. Memo.***, pp. 3-4.

Petitioner filed a motion to reduce sentence pursuant to R.I. Super. Ct. R. Crim. P. 35, that was pending from November 30, 2000, until the state supreme court affirmed denial of relief on April 4, 2002. ***See*** Bustamante v. State, 793 A.2d 1038 (R.I. 2002); Docket in Crim. No. P1/95-1200A (attached hereto). But as the Rhode Island Supreme Court itself noted, in this particular case petitioner's Rule 35 motion was simply a classic plea for leniency. ***See*** Bustamante, 793 A.2d at 1040. It did not attack the ***legality*** of the life-without-parole sentence. ***See id.*** Instead, when petitioner attacked the legality of his sentence on a variety of grounds, he made those arguments as part of the *de novo* review of his life-without-parole sentence to which he was entitled on direct appeal. ***See*** R.I. Gen. Laws § 12-19.2-5; State v. Bustamante, 756 A.2d 758, 767-69 (R.I. 2000). Petitioner also made additional arguments about the legality of his sentence during his separate post-conviction relief proceeding filed pursuant to G.L. § 10-9.1-1 ***et seq.*** ***See*** Bustamante v. Wall, 866 A.2d 516, 520-21, 526 (R.I. 2005). It should be noted that in the state court system, petitioner's motion to reduce sentence pursuant to Super. Ct. R. Crim. P. 35 retained the same docket number as did his original ***criminal*** case (P1/95-

1200A), whereas the post-conviction relief petition he filed was treated as a ***civil*** case that received a new docket number, PM 2001-1302.[1]

The AEDPA permits tolling of its one-year statute of limitations during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner would like this Court to treat his Rule 35 plea for leniency as a form of "other collateral review" within the meaning of § 2244(d)(2). *Petitioner's Suppl. Memo.*, pp. 4-5. The phrase "collateral review" refers to a separate proceeding in which the petitioner challenges the legality of the original judgment. Walkowiak v. Haines, 272 F.3d 234, 237 (4th Cir. 2001). However, in this case petitioner's Rule 35 motion (as opposed to his separately litigated statutory challenges to the legality of the life-without-parole sentence) was simply a plea for mercy that didn't question the underlying conviction. *See* State v. Bustamante, 793 A.2d at 1040. A motion to reduce sentence predicated on a request for leniency therefore simply fails to constitute "other collateral review" within the meaning of § 2244(d)(2). Walkowiak, 272 F.3d at 237-38 (rejecting argument that Rule 35 motion to reduce sentence on grounds of leniency tolled statute of limitations under § 2244(d)(2)); Bridges v. Johnson, 284 F.3d 1201, 1203-04 (11th Cir. 2002)(sentence review process that examined relative harshness of sentence rather than its legal correctness or constitutionality was not "other collateral review" under § 2244(d)(2)); *see*

[1] A copy of the docket in the post-conviction relief action, No. PM 2001-1302, is attached to the State's Memorandum in Support of Its Objection to Petitioner's Motion to Amend Petition for Writ of Habeas Corpus, as Exhibit 2. As previously indicated, a copy of the docket in Crim. No. P1/95-1200A is attached to the instant Supplemental Memorandum. The entry reflecting the docketing of the motion to reduce sentence is found at page 10, entry of Nov. 30, 2000.

*also, e.g.*, Ledoux v. Dennehy, 327 F. Supp. 2d 97, 99-100 (D. Mass. 2004)(motion to reduce sentence on grounds of leniency that did not challenge legality of sentence was not "other collateral review"); Bland v. Hall, No. Civ.A.00-12020-RWZ, 2002 WL 989532 (D. Mass. May 14, 2002)(same), *aff'd on other grounds,* No. 02-1750, 62 Fed. Appx. 361 (1st Cir. 2003); Alexander v. Crosby, No. 8:05-CV-208-T-24MAP, 2006 WL 752835 (M.D. Fla., Mar. 23, 2006)(same). *But cf.* Robinson v. Golder, 443 F.3d 718, 720-21 (10th Cir. 2006)(holding that motion to reduce sentence, the procedure for which was contained within the state's post-conviction review statute, was "collateral review"), *petition for cert. filed* (U.S. 6/15/06)(No. 05-11621).

Petitioner attempts to rely on Voravongsa v. Wall, 349 F.3d 1 (1st Cir. 2003), *cert. denied*, 541 U.S. 963 (2004), in support of his argument. *Petitioner's Suppl. Memo.*, p. 4. However, Voravongsa actually supports the State's position. Voravongsa makes it clear that challenges to the legality of convictions and sentences under Rhode Island law must be made according to the procedures of Chapter 10-9.1 of the Rhode Island General Laws. Voravongsa, 349 F.3d at 6-7. In Voravongsa, 349 F.3d at 6, the First Circuit cited with approval the Rhode Island Supreme Court's decision in O'Neil v. State, 814 A.2d 366 (R.I. 2002), in which the state supreme court held that a motion to modify sentence that did not attack the legality of a conviction was not a proper post-conviction relief petition. O'Neil, 814 A.2d at 367.

Petitioner's view of Rhode Island law is also contradicted by the post-conviction relief statute itself. If a Rule 35 motion to reduce sentence constituted a post-conviction relief application, then every post-conviction relief application filed on any other ground a defendant might have would violate G.L. § 10-9.1-8's bar against successive

petitions—a bar that would presumably apply to petitioner himself. The fact that the state courts did not reject petitioner's post-conviction relief application as a successive petition under § 10-9.1-8 further cements the conclusion that a Rule 35 motion to reduce is not a collateral attack on a criminal conviction or sentence within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not warrant tolling the statute of limitations.

**B. Application of the Equitable Tolling Doctrine is Not Warranted**

Petitioner concedes that, even assuming his Rule 35 motion tolled the statute of limitations, his motion to amend his petition was still filed four days too late.[2] *Petitioner's Suppl. Memo.*, pp. 4, 5, 7. Therefore, unless this four-day period is subject to the rarely granted, extraordinary remedy of equitable tolling, *see* Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002), petitioner's motion is barred if the claims do not relate back to the original petition. *See, e.g.*, United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)(petition properly dismissed as untimely even though filed a mere one day late). A court should be particularly wary of applying equitable tolling in the habeas context in order to avoid upsetting the strong interest in finality embodied by 28 U.S.C. § 2254. Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004).

As grounds for applying the doctrine of equitable tolling, petitioner relies mainly on the fact that "he never had counsel at any time up through the filing of his motion to amend." *Petitioner's Suppl. Memo.,* p. 5. But, as the First Circuit has repeatedly held,

---

[2] Because petitioner makes this concession, the Court need not decide the effect his motion to reduce sentence has on the calculation of the limitations period in order to deny petitioner's motion to amend as time-barred. "[S]tatutes of limitation establish hard and fast deadlines . . . [and are] not subject to being held inapplicable simply because . . . petitioner came close. . . . [A] petition filed one day late . . . is untimely, just as if a year late." Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999).

petitioner's *pro se* status alone does not justify equitable tolling. *See, e.g.,* Lattimore v. Dubois, 311 F.3d at 55 (In refusing to apply doctrine of equitable tolling to petition filed one day late by petitioner who lacked counsel, court held that "Ignorance of law alone, even for incarcerated *pro se* prisoners, does not excuse an untimely filing."); Cordle v. Guarino, 428 F.3d 46, 49 (1st Cir. 2005)(same); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)(same, and collecting authorities); Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002)(same).

The other grounds for applying equitable tolling implicit in petitioner's supplemental memorandum should similarly be rejected. The merits of his underlying habeas claims are irrelevant to application of the equitable tolling doctrine. Cordle v. Guarino, 428 F.3d at 49; Helton v. Sec'y for the Dep't of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001). Nor does it matter that he missed the deadline by only a few days (accepting *arguendo* his own calculation of the limitations period),[3] rather than a period of months or years. Lookingbill v. Cockrell, 293 F.3d 256, 264-65 & n.16 (5th Cir. 2002)(in rejecting argument that equitable tolling should apply when deadline missed by only four days, court note that focus must be on the reason for the deadline being missed rather than the magnitude of tardiness, and that "we have consistently denied tolling even where the petition was only a few days late"). And the fact that petitioner was sentenced to life without parole is also immaterial to the analysis. As the First Circuit has observed, "[Petitioner] cites no authority, nor do we find any, for the proposition that equitable tolling is justified because of the severity of the sentence imposed." Trenkler v. United

[3] As indicated in its original memorandum in support of its objection to his motion to amend, the State strongly disagrees with the way petitioner has calculated the statute of limitations.

States, 268 F.3d 16, 27 (1st Cir. 2001)(rejecting equitable tolling in a life sentence situation).

**C. Petitioner's Belatedly Proposed Claims Do Not "Relate Back" to Those Set Forth In His Original Petition.**

In support of its opposition to petitioner's motion to amend, the State dealt at length with Fed. R. Civ. P. 15(c) and the Supreme Court's interpretation of the rule in Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562 (2005). Although the State will not repeat that earlier analysis here, it submits that petitioner has failed successfully to refute the State's argument. The overarching thrust of petitioner's supplemental memorandum is that his various proposed habeas claims relate back to the ones he originally raised because they "go[] to the heart of the fairness of the trial." *Petitioner's Suppl. Memo*., pp. 10, 11. That's exactly the approach Mayle rejects, ***see*** Mayle, 544 U.S. at __, 125 S.Ct. at 2570-71, 2572-75. Petitioner can't evade the comparatively narrow scope of his prior pleading by shoehorning every newly proposed claim into the vague allegation he made in his original petition that his trial was unfair. If that were permitted, he could add claims ***ad infinitum*** that would "relate back." Petitioner fails to cite any post-Mayle cases in support of his analysis. The State suggests that petitioner's failure to do so proves the State's point—his claims are too dissimilar in "time and type" to satisfy Fed. R. Civ. P. 15(c) and the dictates of Mayle v. Felix, except at a level too general to satisfy the Supreme Court's restrictive interpretation of Rule 15(c) in the habeas context.

## CONCLUSION

For the reasons set forth above and in the State's original memorandum in support of its objection to petitioner's motion to amend, the State requests that petitioner's motion to amend his petition to add the new claims should be denied with prejudice.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Lauren S. Zurier______________
**Lauren S. Zurier # 4496**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)
lzurier@riag.ri.gov

Dated: September 5, 2006

## CERTIFICATION

I hereby certify that on the 5th day of September, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that, on the same date, I electronically mailed the foregoing document to the attorney(s) of record listed below:

Joseph R. Palumbo, Jr., joseph@palumbolaw.net.

/s/ Lauren S. Zurier____________________