**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADRIAN BUSTAMANTE** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-07-T** |
| | : | |
| **A.T. WALL, DIRECTOR OF** | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| **Respondent** | : | |

**<u>STATE'S NOTICE OF APPEAL FROM MAGISTRATE-JUDGE'S GRANTING OF PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS</u>**

Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and LR Cv 72(c), for the reasons set forth in the accompanying memorandum of law, the Attorney General of the State of Rhode Island (the "State") hereby appeals the Magistrate-Judge's granting of petitioner's motion to amend his previously-filed petition for writ of habeas corpus. *See Memorandum and Order, entered Sept. 11,* 2006 (appended hereto). The additional claims the magistrate-judge has allowed petitioner to raise are clearly barred by the one-year statute of limitations applicable to petitions filed under 28 U.S.C. § 2254 and do not relate back to the claims raised in petitioner's original petition under Fed. R. Civ. P. 15(c)(2). In rendering his decision, the Magistrate-Judge applied a standard that is contrary to Supreme Court and First Circuit precedent, and his application of that standard led to results that are clearly erroneous.

WHEREFORE, the State respectfully requests that the Magistrate-Judge's order of September 11, 2006 be vacated, and that petitioner's motion to amend his petition be denied with prejudice.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Lauren S. Zurier_____________
**Lauren S. Zurier # 4496**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)
lzurier@riag.ri.gov

Dated: September 21, 2006

## CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 21st day of September, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

Joseph R. Palumbo, Jr., joseph@palumbolaw.net.

/s/ Lauren S. Zurier____________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADRIAN BUSTAMANTE** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-07-T** |
| | : | |
| **A.T. WALL, DIRECTOR OF** | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| **Respondent** | : | |

**MEMORANDUM IN SUPPORT OF STATE'S APPEAL FROM MAGISTRATE-JUDGE'S GRANTING OF PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS**

The State hereby appeals the Magistrate-Judge's Order of September 11, 2006 (PDF copy appended hereto), granting petitioner's motion to amend his habeas petition. Such order can be appealed as a nondispositive motion pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993). This Court can set aside the Magistrate-Judge's ruling if it is clearly erroneous or contrary to law. *Id.*; *see, also, e.g.*, Donato v. R.I. Hospital Trust National Bank, 52 F. Supp. 2d 317, 323 (D.R.I. 1999). If this Court concludes the Magistrate-Judge clearly erred, this Court may determine *de novo* whether the motion to amend should have been denied. Abrose v. Southworth Products Corp., 953 F. Supp. 728, 731 (W.D. Va. 1997).

In March 2006, petitioner moved to amend the habeas petition he had filed in early January 2006 to add numerous additional claims. The State promptly objected because the statute of limitations had expired and none of the new claims "related back" to the original petition under the standard set forth in Mayle v. Felix, 545 U.S. 644, 125 S. Ct. 2562 (2005). In subsequent filings, although the parties disputed how the statute of

limitations should be calculated, petitioner ultimately conceded that it had run and he argued for equitable tolling. *See Supplemental Memorandum in Support of Plaintiff's Motion to Amend Petition for Habeas Corpus*, pp. 4, 5-7. He also contended that because his newly proposed claims "related back" to the original filing, his motion to amend should be granted. *Supplemental Memorandum in Support of Plaintiff's Motion to Amend Petition for Habeas Corpus*, pp. 7-11.

In the September 11th Memorandum and Order, the Magistrate-Judge granted petitioner's motion. He did so on the basis that Fed. R. Civ. P. 15 "states that leave to amend 'shall be freely given when justice so requires.'" *Memorandum and Order*, p. 1. Without setting forth analysis of any particular proposed claim raised by petitioner and explaining why it related back to any of the timely filed claims, the Magistrate-Judge summarily concluded that "[b]ecause it is a close call, the Court defers to the liberal rule of amendment provided in the federal rules, and GRANTS Petitioner's Motion to Amend." *Memorandum and Order,* pp. 1-2.

The Magistrate-Judge's ruling was contrary to law because the "liberal rule of amendment" that applies in most civil cases does not apply in the habeas context. This is crystal clear since the issuance of the United States Supreme Court's decision in Mayle v. Felix, 544 U.S. 644, 125 S.Ct. 2562 (2005), as well as the First Circuit's application of the Mayle standard in United States v. Ciampi, 419 F.3d 20 (1st Cir. 2005), *cert. denied*, 126 S.Ct. 2906 (2006), both of which were cited in the State's papers submitted to the Magistrate-Judge. *See, e.g., State's Memorandum In Support Of Its Objection To Petitioner's Motion to Amend Petition For Writ of Habeas Corpus*, p.6.

Fed. R. Civ. P. 15 permits an amendment to a pleading to "relate back" to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The key to applying Rule 15(c)(2) to a motion to amend a habeas petition lies in determining whether the newly proposed claim arises out of the same "conduct, transaction, or occurrence" that a petitioner has raised in the original habeas petition. In Mayle v. Felix, ***supra***, the Supreme Court rejected the notion that the phrase "conduct, transaction, or occurrence" refers broadly to the habeas petitioner's trial, conviction or sentence; under such a sweeping definition, "virtually any new claim introduced in an amended petition [would] relate back." Mayle, 125 S.Ct. at 2570; ***see also id.*** at 2573. "If claims asserted after the one-year period [of limitations] could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." ***Id.*** at 2573-74.

Instead, the high Court agreed with the interpretation of Rule 15(c)(2) adopted by the majority of federal circuit courts, an interpretation permitting "relation back only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Mayle, 125 S.Ct. at 2571 (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)). For the new claim to relate back to the original claim, there must be a "common core of operative facts." Mayle, 125 S.Ct. at 2572, 2574.

The high Court pointed out that given the strict rules of pleading that apply to habeas petitions, *see* Habeas Corpus Rule 2(c), the meaning of "occurrence" in Fed. R. Civ. P. 15(c) is narrower than in the normal civil context. Mayle, 125 S.Ct. at 2573. Each separate constitutional "Ground for Relief" in a federal habeas petition "would be pleaded discretely" along with supporting facts, and "[e]ach separate congeries of facts supporting the grounds for relief…would delineate an 'occurrence.'" *Id.* Thus, said the Court, petitioner Felix's Confrontation Clause and self-incrimination claims would be pleaded discretely and would each constitute a separate "occurrence" under Rule 15. *See id.* The Court noted that if "occurrence" were defined more broadly than this, "[a] miscellany of claims for relief could be raised later rather than sooner and relate back, for 'conduct, transaction, or occurrence' would be defined to encompass any pretrial, trial, or post-trial error that could provide a basis for challenging the conviction. An approach of that breadth …views 'occurrence' at too high a level of generality." *Id.* (citation and internal quotation marks omitted).

As one of the first federal appellate courts to apply Mayle v. Felix, the First Circuit in United States v. Ciampi, 419 F.3d 20 (1st Cir. 2005), *cert.* denied, 126 S.Ct. 2906 (2006), made it emphatically clear that, contrary to what the Magistrate-Judge thought in the instant case, district courts cannot be liberal or give the benefit of the doubt when deciding motions to amend habeas petitions after the statute of limitations has run. "[I]n the habeas corpus context, the Rule 15 'relation back' provision is to be strictly construed, in light of Congress' decision to expedite collateral attacks by placing stringent time restrictions on them." *Id.* at 23 (internal quotation marks and citations to Mayle omitted). The First Circuit agreed with the Tenth Circuit that an overly broad

interpretation of the Rule 15 term "occurrence" in the habeas context "'would be tantamount to judicial rescission of the AEDPA's statute of limitations period.'" ***Id.*** at 23-24 (quoting United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000)). Under this "stringent standard," the First Circuit rejected petitioner Ciampi's argument that a later-made claim of ineffective assistance of counsel related back to a timely-made claim simply because both claims generally related to whether petitioner understood what it meant to waive his appellate rights. ***See*** Ciampi, 419 F.3d at 24. "As the Supreme Court [in Mayle] recently made crystal clear,…a petition doe not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance [claim] in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." ***Id.***

Because the Magistrate-Judge in this case employed a very liberal standard in reviewing the proposed habeas claims, rather than the "stringent standard" required by Mayle and Ciampi, his decision was contrary to law. He failed to parse the claims in the manner required by a stringent application of the rules. ***See, e.g.,*** Laurore v. Spencer, 396 F. Supp. 2d 59, 62-63 (D. Mass. 2005)(applying both Mayle and Ciampi, Chief Judge Young denied motion to amend, finding that under strict construction of Rule 15, claims related back only at a high level of generality of the sort that violated Mayle ). And the results the Magistrate-Judge reached by using the wrong standard in this case are therefore clearly erroneous.

The State has detailed petitioner's original claims and proposed claims at great length elsewhere in the record. *See State's Response to Petitioner's Petition For Writ of Habeas Corpus*, pp. 4-18 (filed Feb. 14, 2006); *State's Memorandum In Support of Its*

*Objection To Petitioner's Motion to Amend Petition For Writ of Habeas Corpus*, pp. 7-9 (filed Apr. 27, 2006); *Supplemental Memorandum In Support of State's Objection to Petitioner's Motion to Amend Petition For Writ of Habeas Corpus*, p. 7 (filed Sept. 5, 2006). Below for the Court's reference on appeal is a bullet-point summary, drawn from a lengthier review in the State's Habeas Answer, of petitioner's original claims, followed by a discussion of why the newly-proposed claims do not relate back when construed under the proper standard.

**Ineffective Assistance of Counsel Claims**

- Trial counsel's failure to object to flawed indictment
- Trial counsel's failure to introduce a biker jacket into evidence
- Appellate counsel's failure to raise issues as urged by petitioner

**Prosecutorial Misconduct**

- Prosecutor misled grand jurors
- Prosecutor used racially peremptory strikes during voir dire
- Prosecutor used perjured testimony to secure indictment
- Prosecutor vouched for witness testimony
- Prosecutor used hearsay testimony during grand jury
- Prosecutor allowed unlicensed attorney to practice law in Rhode Island

**Jury Instruction Error**

- Court erred in instructing jury on life-without-parole factors

**Jury Selection Issues**

- Hispanics were systematically excluded from grand jury
- Petitioner was not allowed to orally argue a Batson challenge during his post-conviction relief hearing

When compared to these claims, it is clear that petitioner's proposed additional claims do not satisfy Fed. R. Civ. P. 15(c)(2)—when strictly construed. Proposed Grounds 5 and 6 raise two claims concerning the sufficiency of the evidence supporting petitioner's murder and conspiracy convictions. ***No*** sufficiency-of-the-evidence claims ***were raised at all*** in the original petition. There is therefore no relation back. Blackman

v. Lewis, No. CIVS031824LKKKJMP, 2006 WL 495981, at *3 - *4 (E.D. Cal. Feb. 28, 2006)(proposed claims regarding lack of sufficiency of evidence do not relate back under Mayle to original claims pertaining to jury instructions), ***report adopted by district court***, 2006 WL 842930 (E.D. Cal. Mar. 30, 2006).

Petitioner's response to the State's position is that both of these claims "go to the heart of the fairness of the trial," which was the overall thrust of his habeas petition. *Supplemental Memorandum in Support of Plaintiff's Motion to Amend Petition for Habeas Corpus*, p. 10 (filed Aug. 28, 2006). With all due respect to petitioner, almost ***every*** claim made in the habeas context "goes to the heart of the fairness of the trial" in some fashion. There would be no limit to the claims that would relate back under this standard. This is exactly the standard Mayle rejected as having too high a level of generality. Mayle, 125 S.Ct. at 2573. An initial habeas claim that simply asserted that petitioner's trial was unfair, without providing the specific and discrete "congeries of fact" necessary to satisfy the pleading requirements of Habeas Rule 2, ***see*** Mayle, 125 S.Ct. at 2573, would never pass muster as a legitimate habeas claim if filed that way originally. By the same logic, petitioner cannot be permitted to file a "place-holding" sort of petition, in which he makes broad sweeping constitutional generalizations that he fills in later—after the statute of limitations has run—with more specific factual claims. To condone such an approach would make a mockery of the AEDPA's one-year statute of limitations. ***See*** United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000)); Ciampi, 419 F.3d at 23-24.

Proposed Ground 7 involves the trial court's allegedly unconstitutional limitation of petitioner's cross-examination of a prosecution witness. Again, none of the originally

raised claims are even remotely similar to this one. Again, petitioner's only response is that "Bustamante's claim goes right to the heart of the fairness of the trial." *Supplemental Memorandum in Support of Plaintiff's Motion to Amend Petition for Habeas Corpus*, p.11. And again, that's not sufficient to meet the stringent standard set by Mayle and Ciampi.

Proposed Ground 8 asserts that the State failed to comply with a pretrial notice provision found in R.I. Gen. Laws § 12-19.2-1, related to procedures for imposing a life-without-parole sentence. Proposed Ground 9 asserts that the trial justice committed constitutional error in the actual pronunciation of the life-without-parole sentence. Even assuming arguendo that these claims can be considered similar in "type" to the life-without-parole jury instruction claim petitioner raised originally, they certainly differ in "time." The old claim related to an instruction given ***during trial***, whereas proposed Ground 8 related to a ***pretrial procedure***. Meanwhile, proposed Ground 9 arises out of the sentencing hearing, which occurred almost ***three months after the jury instruction claim*** raised in the original habeas petition.

Petitioner argues that the new grounds relate back to the initial one because all of them "challenge the legality of the imposition of Bustamante's life without parole sentence." *Supplemental Memorandum in Support of Plaintiff's Motion to Amend Petition for Habeas Corpus*, p.11. He overlooks the fact that, to satisfy Mayle, the new claims must relate back in terms of both time ***and*** type, not just one or the other. ***See, e.g.,*** Laurore, 396 F. Supp. 2d at 63-64 (rejecting relation back regarding claims that were similar in time, but not type, and as well as claims that were similar in type, but not time); United States v. Mazzio, No. 04-CV-71270-DT, 2006 WL 334277, at *2 (E.D. Mich.

Feb. 13, 2006)(claims dissimilar in time when one involved defendant's pretrial decision to reject plea and the other involved witness testimony during trial); Mandacina v. United States, 328 F.3d 995, 1002 (8th Cir. 2003)("Although both claims relate to pretrial conduct by counsel and therefore occurred at a generally similar 'time' the claims are not similar in 'type,'" and the amended petition therefore does not relate back to the original one)(emphasis original). The relationship between petitioner's old and new claims regarding life-without-parole is far more attenuated than the relationship between former and later-made claims of the sort the Supreme Court cited as examples of proper relation-back in Mayle, 125 S.Ct. at 2575 n.7 (citing, for example, relation back of later claim involving prosecutor's failure to provide certain report to earlier claim that prosecutor failed to provide other evidence gathered at the same time as the report).

Finally, proposed Ground 10 complains that the trial court "exclude[ed] the presentation of critical evidence of support of an important line of defense." Petitioner's Motion to Amend, p. 2. This vague statement doesn't meet the pleading standards applicable to habeas petitions. *See* Mayle v. Felix, 125 S.Ct. at 2570, 2573. But since the Motion to Amend states that all of the proposed grounds were raised in petitioner's direct appeal, *see* Petitioner's Motion to Amend, p. 1, the State reasonably infers that proposed Ground 10 relates to petitioner's unsuccessful attempt during trial to introduce "state of mind" evidence that he considered exculpatory, but which the trial court excluded as inadmissible hearsay. *See* State v. Bustamante, 756 A.2d 758, 763-64 (R.I. 2000). Because this proposed claim doesn't remotely relate to any of the claims petitioner raised in his original habeas petition in either time or type, it, too, fails to satisfy Mayle v. Felix, and cannot relate back to the original petition. Petitioner's submission to the Magistrate-

Judge failed to address Ground 10 at all, and thus did not even attempt to explain why the Court should allow relation-back for this claim. *See Supplemental Memorandum in Support of Plaintiff's Motion to Amend Petition for Habeas Corpus*, pp. 7-11.

## CONCLUSION

Because the claims petitioner seeks to add to his habeas petition are too dissimilar in time and type to relate back to the original petition under Fed. R. Civ. P. 15(c)(2), the Magistrate-Judge's decision of September 11, 2006 granting petitioner's motion to amend is both contrary to law and clearly erroneous, and should be reversed.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Lauren S. Zurier

**Lauren S. Zurier # 4496**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)
lzurier@riag.ri.gov

Dated: September 21, 2006

## CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 21st day of September, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

Joseph R. Palumbo, Jr., joseph@palumbolaw.net.

/s/ Lauren S. Zurier