**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADRIAN BUSTAMANTE** | } | |
| | } | |
| **Plaintiff** | } | |
| | } | |
| **v.** | } | **C.A.: 06-07T** |
| | } | |
| **ASHBELL T. WALL** | } | |
| | } | |
| **Defendant** | } | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO STATE'S APPEAL FROM MAGISTRATE JUDGE'S GRANTING OF MOTION TO AMEND PETITION FOR HABEAS CORPUS**

## A. Statement

On March 1, 1996, plaintiff, Adrian Bustamante ("Bustamante"), was found guilty by a jury of the first degree murder of John Casserly as well as conspiracy to commit murder. The trial judge sentenced Bustamante to life without parole on the murder as well as ten (10) years concurrent time on the conspiracy charge.

The Rhode Island Supreme Court affirmed Bustamante's conviction on August 2, 2000. *State v. Bustamante,* 756 A. 2d 758 (R.I. 2000). Bustamante filed a motion for reargument, which the Supreme Court denied on September 15, 2000.

Bustamante thereafter sought a reduction of his life without parole sentence. His motion for sentence reduction was filed in the Superior Court on November 30, 2000. Bustamante's motion to reduce his sentence was denied by the same trial justice. Bustamante appealed, and, the Supreme Court affirmed on April 4, 2002. *State v. Bustamante*, 793 A.2d 1038.

In the meantime, Bustamante filed a complaint for post-conviction relief in state court on February 28, 2001 and the same trial justice denied that application. Bustamante filed a *pro se* appeal to the Rhode Island Supreme Court. The Supreme Court, on February 7, 2005, affirmed the denial of Bustamante's state court request for post-conviction relief. *Bustamante v. Wall*, 866 A.2d 516 (2005). Bustamante's application for post conviction relief was concluded on March 25, 2005, when the Supreme Court denied Bustamante's petition for reargument.

On January 4, 2006, Bustamante filed, *pro se*, a petition for writ of habeas corpus in this Honorable Court pursuant to 28 U.S.C. § 2254. At the same time, he filed a motion for the appointment of counsel.

On March 29, 2006, Bustamante filed a motion to amend his habeas corpus petition to including additional grounds for relief. The state objected to the motion.

In a Memorandum and Order issued on September 11, 2006, Magistrate Judge Almond granted Bustamante's motion to amend. The state has appealed.

**B. Argument**

**1. The Magistrate Judge did not clearly err in deciding that the claims set forth in Bustamante's motion to amend relate back to his original habeas corpus application.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) expressly allows for amendments of or supplements to a federal habeas corpus petition. Section 2242 states that such applications "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. When it is claimed that a motion to amend to add grounds to an application for post conviction relief was filed outside AEDPA's one-year statute of limitations, the inquiry must focus on Rule 15(c)(2) which provides that such amendments relate back to the date of the original pleading when the claim asserted in the amended plea "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

**a. *Mayle v. Felix***

Over the years a split developed among Circuit Courts of Appeal on the meaning of "relation back" with respect to federal habeas petition amendments.

To resolve the conflict, in 2005, the United States Supreme Court granted certiorari in a case decided by the Ninth Circuit. *Mayle v. Felix*, 125 S.Ct. 2562, 162 L.Ed.2d 582, 2005 LEXIS 5016.

Jacoby Lee Felix ("Felix") was found guilty of murder and robbery stemming from his participation in a carjacking in which the driver of the car was shot and killed. Felix was sentenced to life imprisonment without the possibility of parole.

At trial, Felix raised a Fifth Amendment claim based on the prosecution's introduction of statements Felix made during pretrial police interrogation, claiming that the police used coercive tactics to elicit the statements. He also raised a Sixth Amendment claim at trial, wherein he challenged the admission of videotape statements of a prosecution witness made at a jailhouse interview. On direct appeal, Felix urged that the admission of the videotaped statements violated his constitutional right to confront witnesses against him. Felix did not, however, argue on appeal that admission of his own

pretrial statements violated his right to protection against self-incrimination. The California Supreme Court denied Felix's petition for review.

Within the AEDPA one-year statute of limitations, Felix filed a *pro-se* petition for federal habeas corpus relief. Felix's federal petition repeated his Sixth Amendment objection to the admission of the videotaped jailhouse statement of the prosecution witness, but he again failed to reassert the objection he made at trial to the admission of his own pretrial statements. Within twenty days after the filing of Felix's habeas corpus petition, counsel was appointed to represent him. Thereafter, a Magistrate Judge ordered Felix to file an amended petition.

Over five months after the expiration of AEDPA's time limit and eight months after the appointment of counsel to represent him, Felix filed an amended petition, asserting for the first time post-trial that his own pretrial statements to the police were coerced and therefore inadmissible at trial. In its answer to the amended petition, the State of California argued that the Fifth Amendment claim was time barred because it was initially raised after the expiration of AEDPA's one-year limitation period. Felix countered by arguing that the new claim related back to the original petition.

The Ninth Circuit held that Felix's coerced statement claim did relate back. *See* 379 F.3d 612 (2004).

On appeal, the Supreme Court noted that the majority of Circuits had allowed relation back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in "both time and type" from the originally raised episodes." 125 S.Ct. at 2571. The Supreme Court held:

> **Because Felix's own pretrial statements, newly raised in his amended petition, were separated in time and type from witness Williams' videotaped statements, raised in Felix's original petition, the former would not relate back under the definition of "conduct, transaction, or occurrence" to which most Circuits adhere."** ***Id.***

The Supreme Court further stated that **"[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order**." 125 S.Ct. at 2575.

**b. The claims sought to be added by Bustamante were raised in his state court appellate and post conviction proceedings, do not involve events separate in time and type like the unrelated out of court statements involved in *Felix*, but are tied to the same core of operative facts as Bustamante's claims in his original habeas petition.**

While perhaps inartfully written, Bustamante's habeas petition shows that, in large part, he challenges the fundamental fairness of his trial and punishment, much like his state court challenges to his conviction and life without parole sentence. To that extent, it is submitted that Bustamante's added claims are part and parcel of his core argument. This case is a far cry from the situation in *Felix,* which involved an attempt to challenge the admissibility of Felix's own pretrial statement which was wholly unrelated to the videotaped jailhouse statement of a witness which was admitted at trial. The claims sought to be added here all involve events which occurred at trial or with respect to Bustamante's life without parole sentence, both the core of his habeas petition.

For example, proposed Ground 5 challenges the legal sufficiency of the conspiracy conviction. This goes to the heart of the fairness of the trial challenged in

Bustamante's habeas petition. Bustamante raised this issue in his direct appeal. 756 A.2d 758.

Proposed Ground 6 challenges the sufficiency of the evidence to establish the requisite elements of premeditation and intent for first-degree murder. This likewise goes to the heart of the fairness of the trial; his murder conviction and life without parole sentence depend on the sufficiency of this evidence.

Proposed Ground 7 challenge the trial judge's refusal to allow Bustamante's trial counsel to cross examine a key prosecution alleged eyewitness on his possible bias based on his expectation of a deal from law enforcement authorities, which the Rhode Island Supreme Court found to constitute error but harmless error. 756 A.2d 758. Again, Bustamante's claim goes right to the heart of the fairness of the trial. After all, as the various Rhode Island Supreme Court Opinions confirm, Bustamante's conviction was based solely on alleged eyewitness testimony from an unsavory gang of characters all of whom had a reason to lie in order to save their own hides.

Proposed Grounds 8 and 9 challenge the legality of the imposition of Bustamante's life without parole sentence. Both these grounds are allied to Ground 3 in Bustamante's habeas petition which, albeit inartfully written, challenges the legitimacy of his life without parole sentence. This claim was consistently made throughout Bustamante's state court post conviction attempts at relief. The remainder of Bustamante's life literally hangs in the balance on the outcome of this issue.

A fair reading of *Felix* leads to the inescapable conclusion that the "relation back" rule announced therein does not require some wooden comparison of one document with the other. Rather, if there is a nexus between the basic claims made in the original habeas

petition and the proposed amendments the existence of a common core of operative facts uniting the original and newly asserted claims is shown. After all, the State can hardly express any element of surprise or unfair advantage by the addition of the proposed additional grounds for relief since most if not all have at one time or another been raised by Bustamante before.

**2. The Court is urged to employ the doctrine of equitable tolling to find that Bustamante's motion to amend his habeas petition was timely.**

**a. Bustamante filed his amended claims only four days after the one year filing deadline.**

In enacting the AEDPA, Congress provided in Section 2244(d)(1) a one-year period of limitation for the filing of an application for federal post-conviction relief by a person in custody pursuant to a judgment of a state court. The one year runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A). The one year limitation period started to run on December 14, 2000, when Bustamante's 90 day time period for seeking review of his conviction in the United States Supreme Court by filing a petition for writ of certiorari would have expired. *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).

However, there are certain provisions in the ADEPA which toll the running of the one-year limitation period. Of relevance here is a provision in 28 U.S.C. § 2244(d)(2) which provides that the limitation period is tolled during the time that a "*properly filed*

*application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending*."

In its submittal to the Magistrate Judge a glaring omission in the state's calculation of the tolling of the one-year limitation period was the span of time that Bustamante's post conviction challenge to his life without parole sentence was pending in the Superior Court and in the Supreme Court, i.e., November 30 2000 to April 4, 2002. Bustamante's application for sentence reduction was clearly *an application for post-conviction or other collateral review*. As a matter of Rhode Island law, a filing that purports to be an application for state post-conviction or other collateral relief with respect to the pertinent judgment or claim must set forth the grounds upon which it is based, state the relief desired, and attack collaterally the relevant conviction *or sentence*. *Voravongsa v. Wall*, 349 F.3d 1; 2003 U.S. App. LEXIS 23069 (1st Cir. 2003). The Rhode Island Supreme Court's Opinion with respect to Bustamante's collateral attack of his sentence clearly shows that all of these prerequisites were met. *See* 793 A.2d 1038.

The State argued to the Magistrate Judge that the period starting when the time for seeking review of Bustamante's conviction by way of certiorari expired on December 14, 2001 to the time he filed his Section 10-9.1-1 complaint for post-conviction relief on February 28, 2001--some 77 days--did not count for this tolling period. The state was dead wrong. During that entire time Bustamante's post conviction application for sentence reduction was pending.

Therefore, contrary to the state's assertion, the one year limitation period for filing Bustamante's federal petition did not expire on January 7, 2006. It did not expire

until March 25, 2006, a mere 4 days before his motion to amend was filed. All the while Bustamante was without counsel.

**b. Because Bustamante did not have counsel before the time expired for filing an amended complaint, the Court is urged to employ the doctrine of equitable tolling to excuse his mere four day delay in filing his amended claims.**

In *Mayle v. Felix*, *supra*., the Supreme Court resolved a split among Circuits concerning the application of the "relation back" doctrine to federal habeas petitions.

The dissenting justices in *Felix* expressed grave concern that the "relation back" rule formulated by the majority would create an unfair disparity between indigent defendants and those who are able to afford their own counsel. The majority acknowledged the legitimacy of that concern but noted that *Felix did have counsel two and a half months before AEDPA's limitation period had expired, which, the majority said, "was ample time to add a claim based on the alleged pretrial extraction of damaging statements from Felix." Id.*

This was not the case here. Despite the fact that Bustamante instantly requested the appointment of counsel upon the filing of his habeas petition, he never had counsel at any time up through the filing of his motion to amend. This fact cannot be ignored, especially at such a critical time in these proceedings. Too much hangs in the balance both for this petitioner and for ensuring a complete and thorough and just review of the legality of Bustamante's conviction and life without parole sentence.

In light of this distinction between the circumstances here and in *Felix,* petitioner urges the employment of the doctrine of *equitable tolling* to find that his mere four day delay in filing his amended claims was timely.

The doctrine of equitable tolling provides that in exceptional circumstances, a statute of limitations may be extended for equitable reasons not acknowledged in the statute creating the limitations period. *David v. Hall*, 318 F.3d 343, 345-46 (1st Cir. 2003). Statutory filing deadlines are presumptively subject to equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990).

The Circuits have uniformly held that AEDPA's one-year deadline is subject to equitable tolling. *Neverson v. Farquaharson*, 366 F.3d 32 (1st Cir. 2004); *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003); *Helton v. Dep't of Corr.*, 259 F.3d 1310 (11th Cir. 2001); *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000); *Kreutzer v. Bowesox*, 231 F.3d 460 (8th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597 7th Cir. 1999); *Miller v. N.J. State Dep't of Corr.*, 145 f.3d 616 (3d Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998); *Miller v. Marr*, 141 F.3d 976 (10th Cir. 1998).

The First Circuit in *Neverson* admonished that equitable tolling should be invoked sparingly (citing *Irwin*, 498 U.S. at 95). It is not available to rescue a litigant from his own lack of due diligence. *Neverson.* "Equitable tolling…is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002); *see also Brackett v. United States*, 270 F.3d 60, 67 (1st Cir. 2001) (describing equitable tolling of § 2254 as a "narrow safety valve reserved for instances of clear injustice").

The majority opinion in *Felix* clearly signifies that the fact that the petitioner in that case had counsel for several months before the time ran out for filing his amended habeas petition was a factor in the Supreme Court's decision that his claims were time barred.

Unlike the situation in *Felix* and in many other cases in which the doctrines of equitable tolling and relation back have been considered where there were delays of months and even years in seeking to add claims, in this case we are talking a matter of four days, and, no lack of due diligence on Bustamante's part in seeking post conviction relief.

**CONCLUSION**

Sometimes we get caught up too much in the procedural barriers relating to the exercise of a prisoner's rights and overlook the importance of the right itself. Habeas corpus is a fundamental protection of liberty "against arbitrary and wrongful imprisonment" that predates our United States. Erwin Chemirinsky, Thinking About Habeas Corpus, 37 CASE W. L. REV. 748, 749 (1987). The Framers viewed it as the "highest safeguard of liberty," *Smith v. Bennett*, 365 U.S. 708, 712 (1961) -- a protection against arbitrary punishment and convictions to be "provided for in the most ample manner," THE FEDERALIST NO. 83 (Alexander Hamilton). While technically the writ exists only as a procedural device, "its history is inextricably intertwined with the growth of fundamental rights of personal liberty." *Fay v. Noia*, 372 U.S. 391, 399-400 (1963). "It must never be forgotten that the writ of habeas corpus is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired." *Bowen v. Johnston*, 306 U.S. 19, 26 (1939).

Plaintiff respectfully submits that for the reasons set forth herein the state's appeal from the Magistrate Judge's Memorandum and Order granting plaintiff's motion to amend his habeas petition should be denied.

By his attorney,

/s/ Joseph R. Palumbo, Jr.

Joseph R. Palumbo, Jr., #0405
294 Valley Road
Middletown, RI 02842
Tel: (401) 846-5200
Fax: (401) 848-0984
Email: joseph@palumbolaw.net

**CERTIFICATE OF SERVICE**

I, Joseph R. Palumbo, Jr., hereby certify that on the 2nd day of October, 2006, I caused **Lauren S. Zurier, Special Assistant Attorney Genera**l, 150 South Main Street, Providence, RI 02903 to be notified of the electronic filing of the foregoing document.

/s/ Joseph R. Palumbo, Jr.