**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADRIAN BUSTAMANTE** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-07-T** |
| | : | |
| **A.T. WALL, DIRECTOR OF** | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| **Respondent** | : | |

**<u>STATE'S REPLY TO PETITIONER'S MEMORANDUM IN OPPOSITION TO APPEAL FROM MAGISTRATE-JUDGE'S GRANING OF MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS</u>**

Pursuant to LR Cv 72(c)(3) and LR Cv 7, on behalf of Respondent-Appellant, the State of Rhode Island submits the following reply memorandum to petitioner's opposition to the State's appeal of the Magistrate-Judge's granting of the motion to amend his habeas corpus petition.

**A. <u>Relation-Back of New Claims</u>**

Petitioner never really responds to the State's argument that his claims are not similar enough in "time and type" to satisfy Fed. R. Civ. P. 15(c), as interpreted by <u>Mayle v. Felix</u>, 545 U.S. 644, 125 S.Ct. 2562 (2005) and its progeny, including <u>United States v. Ciampi</u>, 419 F.3d 20 (1st Cir. 2005), *cert.* denied, 126 S.Ct. 2906 (2006). Instead, he contends that because his petition for habeas corpus "challenges the fundamental fairness of his trial and punishment," his "added claims are part and parcel of his core argument." *Pet. Mem. In Opposition*, p.5. He argues that the claims he seeks to add "all involve events which occurred at trial or with respect to Bustamante's life without parole sentence," and therefore satisfy the relation-back requirements of the federal rule. *Pet.*

*Mem. In Opposition*, p. 5. But, as the United States Supreme Court observed in Mayle, "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would hav slim significance." Mayle, 125 S.Ct. at 2573-74.

Petitioner can't evade the comparatively narrow scope of his prior pleading by shoehorning every newly proposed claim into the vague allegation he made in his original petition that his trial was unfair. If that were permitted, he could add claims ***ad infinitum*** that would "relate back." Unlike the State, petitioner fails to cite any post-Mayle cases in support of his analysis. The State suggests that petitioner's failure to do so proves the State's point—his claims are too dissimilar in "time and type" to satisfy the Supreme Court's restrictive interpretation of Rule 15(c) in the habeas context.

**B. Calculation of Statute of Limitations**

Petitioner also takes issue with the State's failure to include an additional 77-day period in its calculation of the limitations period. He argues that, in calculating the tolling of the statute of limitations, the State should have included the span of time that petitioner's motion to reduce his life without parole sentence was pending in the Rhode Island court system, because that motion was a form of "collateral review" that justified tolling the limitations period under 28 U.S.C. § 2244(d)(2). *Pet. Mem. In Opposition*, pp. 7-9.

Petitioner filed a motion to reduce sentence pursuant to R.I. Super. Ct. R. Crim. P. 35, that was pending from November 30, 2000, until the state supreme court affirmed denial of relief on April 4, 2002. ***See*** Bustamante v. State, 793 A.2d 1038 (R.I. 2002); Docket in Crim. No. P1/95-1200A (in court file). But as the Rhode Island Supreme

Court itself noted, in this particular case petitioner's Rule 35 motion was simply a classic plea for leniency. *See* Bustamante, 793 A.2d at 1040. The Rule 35 motion did not attack the ***legality*** of the life-without-parole sentence. *See id.* Instead, when petitioner attacked the legality of his sentence on a variety of grounds, he made those arguments as part of the *de novo* review of his life-without-parole sentence to which he was entitled on direct appeal. *See* R.I. Gen. Laws § 12-19.2-5; State v. Bustamante, 756 A.2d 758, 767-69 (R.I. 2000). Petitioner also made additional arguments about the legality of his sentence during his separate post-conviction relief proceeding filed pursuant to G.L. § 10-9.1-1 *et seq*. *See* Bustamante v. Wall, 866 A.2d 516, 520-21, 526 (R.I. 2005). It should be noted that in the state court system, petitioner's motion to reduce sentence pursuant to Super. Ct. R. Crim. P. 35 retained the same docket number as did his original ***criminal*** case (P1/95-1200A), whereas the post-conviction relief petition he filed was treated as a ***civil*** case that received a new docket number, PM 2001-1302.[1]

The AEDPA permits tolling of its one-year statute of limitations during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner would like this Court to treat his Rule 35 plea for leniency as a form of "other collateral review" within the meaning of § 2244(d)(2). *Pet. Mem. In Opposition*, pp. 7-8. The phrase "collateral review" refers to a separate proceeding in which the petitioner

[1] A copy of the docket in the post-conviction relief action, No. PM 2001-1302 was attached to the State's Memorandum in Support of Its Objection to Petitioner's Motion to Amend Petition for Writ of Habeas Corpus, as Exhibit 2, and is in the court file. A copy of the docket in Crim. No. P1/95-1200A was attached to the State's Supplemental Memorandum In Support of State's Objection to Petitioner's Motion to Amend Petition for Writ of Habeas Corpus, and is also in the court file.

challenges the legality of the original judgment. Walkowiak v. Haines, 272 F.3d 234, 237 (4th Cir. 2001). However, in this case petitioner's Rule 35 motion (as opposed to his separately litigated statutory challenges to the legality of the life-without-parole sentence) was simply a plea for mercy that didn't question the underlying conviction. *See* State v. Bustamante, 793 A.2d at 1040. A motion to reduce sentence predicated on a request for leniency therefore simply fails to constitute "other collateral review" within the meaning of § 2244(d)(2). Walkowiak, 272 F.3d at 237-38 (rejecting argument that Rule 35 motion to reduce sentence on grounds of leniency tolled statute of limitations under § 2244(d)(2)); Bridges v. Johnson, 284 F.3d 1201, 1203-04 (11th Cir. 2002)(sentence review process that examined relative harshness of sentence rather than its legal correctness or constitutionality was not "other collateral review" under § 2244(d)(2)); ***see also, e.g.***, Ledoux v. Dennehy, 327 F. Supp. 2d 97, 99-100 (D. Mass. 2004)(motion to reduce sentence on grounds of leniency that did not challenge legality of sentence was not "other collateral review"); Bland v. Hall, No. Civ.A.00-12020-RWZ, 2002 WL 989532 (D. Mass. May 14, 2002)(same), ***aff'd on other grounds,*** No. 02-1750, 62 Fed. Appx. 361 (1st Cir. 2003); Alexander v. Crosby, No. 8:05-CV-208-T-24MAP, 2006 WL 752835 (M.D. Fla., Mar. 23, 2006)(same).[2]

Petitioner attempts to rely on Voravongsa v. Wall, 349 F.3d 1 (1st Cir. 2003), ***cert. denied***, 541 U.S. 963 (2004), in support of his argument. ***Pet. Mem. In Opposition***, p. 8. However, Voravongsa actually supports the State's position. Voravongsa makes it

[2] ***But cf.*** Robinson v. Golder, 443 F.3d 718, 720-21 (10th Cir. 2006)(holding that motion to reduce sentence, the procedure for which was contained within the state's post-conviction review statute, was "collateral review"), ***cert. denied sub nom.*** Robinson v. Ortiz, ___ S.Ct. ___ (U.S. Oct. 2, 2006)(No. 05-11621).

clear that challenges to the legality of convictions and sentences under Rhode Island law must be made according to the procedures of Chapter 10-9.1 of the Rhode Island General Laws. Voravongsa, 349 F.3d at 6-7. In Voravongsa, 349 F.3d at 6, the First Circuit cited with approval the Rhode Island Supreme Court's decision in O'Neil v. State, 814 A.2d 366 (R.I. 2002), in which the state supreme court held that a motion to modify sentence that did not attack the legality of a conviction was not a proper post-conviction relief petition. O'Neil, 814 A.2d at 367.

Petitioner's view of Rhode Island law is also contradicted by the post-conviction relief statute itself. If a Rule 35 motion to reduce sentence constituted a post-conviction relief application, then every post-conviction relief application filed on any other ground a defendant might have would violate R.I. Gen. Law § 10-9.1-8's bar against successive petitions—a bar that would presumably apply to petitioner himself. The fact that the state courts did not reject petitioner's post-conviction relief application as a successive petition under § 10-9.1-8 further cements the conclusion that a Rule 35 motion to reduce is not a collateral attack on a criminal conviction or sentence within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not warrant tolling the statute of limitations.

### C. Application of the Equitable Tolling Doctrine is Not Warranted

Petitioner concedes that, even assuming his Rule 35 motion tolled the statute of limitations, his motion to amend his petition was still filed four days too late.[3] *Pet. Mem. In Opposition*, pp. 8-9. Therefore, unless this four-day period is subject to the rarely granted, extraordinary remedy of equitable tolling, *see* Lattimore v. Dubois, 311 F.3d 46,

[3] Because petitioner makes this concession, the Court need not decide the effect his motion to reduce sentence has on the calculation of the limitations period in order to deny petitioner's motion to amend as time-barred.

55 (1st Cir. 2002), petitioner's motion is barred if the claims do not relate back to the original petition. ***See, e.g.,*** United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)(petition properly dismissed as untimely even though filed a mere one day late). A court should be particularly wary of applying equitable tolling in the habeas context in order to avoid upsetting the strong interest in finality embodied by 28 U.S.C. § 2254. Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004).

As grounds for applying the doctrine of equitable tolling, petitioner relies mainly on the fact that he lacked counsel through the filing of his motion to amend. ***Pet. Mem. In Opposition***, p. 9. But, as the First Circuit has repeatedly held, petitioner's ***pro se*** status alone does not justify equitable tolling. ***See, e.g.,*** Lattimore v. Dubois, 311 F.3d at 55 (In refusing to apply doctrine of equitable tolling to petition filed one day late by petitioner who lacked counsel, court held that "Ignorance of law alone, even for incarcerated ***pro se*** prisoners, does not excuse an untimely filing."); Cordle v. Guarino, 428 F.3d 46, 49 (1st Cir. 2005)(same); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)(same, and collecting authorities); Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002)(same).

The other grounds for applying equitable tolling implicit in petitioner's filings should similarly be rejected. The merits of his underlying habeas claims are irrelevant to application of the equitable tolling doctrine. Cordle v. Guarino, 428 F.3d at 49; Helton v. Sec'y for the Dep't of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001). Nor does it matter that he missed the deadline by only a few days (accepting ***arguendo*** his own calculation of the limitations period), rather than a period of months or years. Lookingbill v. Cockrell, 293 F.3d 256, 264-65 & n.16 (5th Cir. 2002)(in rejecting argument that equitable tolling should apply when deadline missed by only four days, court note that

focus must be on the reason for the deadline being missed rather than the magnitude of tardiness, and that "we have consistently denied tolling even where the petition was only a few days late"). And the fact that petitioner was sentenced to life without parole is also immaterial to the analysis. As the First Circuit has observed, "[Petitioner] cites no authority, nor do we find any, for the proposition that equitable tolling is justified because of the severity of the sentence imposed." Trenkler v. United States, 268 F.3d 16, 27 (1st Cir. 2001)(rejecting equitable tolling in a life sentence situation).

## CONCLUSION

For the reasons set forth above and in the State's original memorandum in support of its appeal from the Magistrate-Judge's granting of the motion to amend, the State requests that the Magistrate-Judge's order be vacated and that petitioner's motion to amend his petition to add the new claims should be denied with prejudice.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Lauren S. Zurier______________
**Lauren S. Zurier # 4496**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)
lzurier@riag.ri.gov

Dated: October 4, 2006

**CERTIFICATION**

I hereby certify that on the 4th day of October, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

Joseph R. Palumbo, Jr., joseph@palumbolaw.net.

/s/ Lauren S. Zurier____________________