**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADRIAN BUSTAMANTE** | } | |
| | } | |
| **Plaintiff** | } | |
| | } | |
| **v.** | } | **C.A.: 06-07T** |
| | } | |
| **ASHBELL T. WALL** | } | |
| | } | |
| **Defendant** | } | |

**AMENDED PETITION UNDER 28 U.S.C. § 2254**
**FOR WRIT OF HABEAS CORPUS**

Petitioner Adrian Bustamante hereby files this amended petition under 28 USC §2254 for writ of habeas corpus and states as follows:

1. (a) Name and location of court that entered the judgment of conviction you are challenging: PROVIDENCE COUNTY SUPERIOR COURT – FRANK LICHT JUDCIAL COMPLEX, 250 Benefit Street, Providence, Rhode Island 02903

   (b) Criminal docket or case number (if you know): P1/95 -1200A

2. (a) Date of judgment of conviction (if you know): March 1, 1996

   (b) Date of sentencing: May 31, 1996

3. Length of sentence: Life w/o Parole & 10 years concurrent

4. In this case, were you convicted on more than one count or of more than one crime?

   Yes [x] No [ ]

5. Identify all crimes which you were convicted and sentenced in this case: First Degree Murder (Life w/o Parole); Conspiracy to Commit First Degree Murder (10 years concurrent sentence).

6. (a) What was your plea? (Check one)

(1) Not guilty [x] (3) Nolo contendere (no contest) [ ]

(2) Guilty [ ] (4) Insanity plea [ ]

(b) if you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? ____________

________________________________________________________________

________________________________________________________________

(c) If you went to trial, what kind of trial did you have (Check one)

Jury [x] Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes [ ] No [x]

8. Did you appeal from the judgment of conviction?

Yes [x]No [ ]

9. If you did appeal, answer the following:

(a) Name of court: Rhode Island Supreme Court

(b) Docket or case number (if you know): 97-32-C.A

(c) Result: Appeal Denied

(d) Date of result (if you know): August 2, 2000

(e) Citation to the case (if you know): State v. Bustamante, 756 A.2d 758 (2000)

(f) Grounds raised: Trial justice's exclusion of statements made by defendant to police; trial justice's limitation of cross examination of a prosecution witness; sufficiency of evidence of conspiracy; introduction into evidence of enlarged autopsy photos; trial justice's denial of motion to sever; life without parole sentence.

(g) Did you seek further review by a higher state court? Yes [ ] No [ x]

If yes, answer the following:

(1) Name of court: N/A

(2) Docket or case number (if you know): NA

(3) Result: N/A

(4) Date of result (if you know):N/A

(5) Citation of the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?

Yes [ ] No [x]

(1) Docket or case number (if you know): N/A

(2) Result : N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court ?

Yes [x] No [ ]

11. If your answer to Question 10 was "Yes", give the following information:

(a) (1) Name of court: Providence County Superior Court

(2) Docket or case number (if you know): P1-1995-1200A

(3) Date of filing (if you know): November 30, 2000

(4) Nature of the proceeding: Motion for sentence reduction

(5) Grounds raised: Sentence was disproportionately higher than other similar related cases. Evidence was insufficient to warrant a sentence of life without parole.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ] No [x]

(7) Result: Motion denied

(8) Date of result (if you know): 1998

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Providence County Superior Court

(2) Docket or case number (if you know): PM 2001-1303

(3) Date of filing (if you know): February 28, 2001

(4) Nature of proceeding: Pro Se application for post-conviction relief

(5) Grounds raised: Ineffective assistance of counsel; composition of grand jury and petit jury; prosecutorial misconduct; trial justice error in instructing jury on life without parole sentence.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [x]No [ ]

(7) Result: Application for post-conviction relief denied.

(8) Date of result (if you know): June 26, 2002

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know):N/A

(4) Nature of proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐ N/A.

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes [x] No [ ] (793 A.2d 1038)

(2) Second petition: Yes [x] No [ ] (866 A.2d 516)

(3) Third petition: Yes ☐ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treatises of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): Counsel was ineffective starting from pre-trial motions, to trial errors, to post-trial motions and arguments. Trial counsel failed to object to a flawed indictment due to improper vouching and failed to conduct a proper voir dire. Trial counsel failed to introduce exculpatory evidence, namely a "Biker" Jacket. Appellate counsel also failed to raise legitimate issues that petitioner requested.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [x]

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel is NOT reviewable on direct appeal, only in post-conviction relief proceedings.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [x] No □

(2) If your answer to Question (d) (1) is "Yes", state:

Type of motion or petition: Petition for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: Providence County Superior Court, Frank Licht Judicial Complex, 250 Benefit Street, Providence, Rhode Island 02903

Docket or case number (if you know): PM 01-1303

Date of the court's decision: June 26, 2002

Result: (attach a copy of the court's opinion or order, if available): Application for post conviction relief denied.

(3) Did you receive a hearing on your motion or petition?

Yes [x] No □

(4) Did you appeal from the denial of your motion or petition?

Yes [x No □

(5) If your answer to Question (d) (4) is "Yes", did you raise this issue in the appeal?

Yes [x] No □

(6) If your answer to Question (d)(4) is "Yes", state:

Name and location of court where the appeal was filed: Rhode Island Supreme Court, 250 Benefit Street, Providence, Rhode Island 02903.

Docket or case number, if you know: 2004-04-C.A.

Date of the court's decision: February 7, 2005

Result (attach a copy of the court's opinion or order, if available): Appeal denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue:

(e) Other remedies: None

GROUND TWO: Petitioner was denied a fair trial, to wit, violation of due process rights due to improper jury instructions.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): Trial justice erred in his instructions to the jury on life without parole.

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [x]

(2) If you did not raise this issue in your direct appeal, explain why: Appointed counsel refused and/or neglected to raise the issue.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [x] No □

(2) If your answer to Question (d)(1) is "Yes", state:

Type of motion or petition: Petition for post-conviction relief

Name and location of the court where the motion or petition was filed:

Providence County Superior Court, Providence, Rhode Island 02903

Docket or case number (if you know): PM 01-1303

Date of the court's decision: June 26, 2002

Result: (attach a copy of the court's opinion or order, if available): Post Conviction relief was denied.

(3) Did you receive a hearing on your motion or petition?

Yes [x] No □

(4) Did you appeal from the denial of your motion or petition?

Yes [x] No [ ]

(5) If your answer to Question (d) (4) is "Yes", did you raise this issue in the appeal?

Yes [x] No [ ]

(6) If your answer to Question (d)(4) is "Yes", state:

Name and location of court where the appeal was filed: Rhode Island Supreme Court, Providence, Rhode Island 02903

Docket or case number, if you know: C.A. 2004-04

Date of the court's decision: February 10, 2005

Result (attach a copy of the court's opinion or order, if available): Appeal from post-conviction relief was denied.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: No further remedies available.

GROUND THREE: The evidence was legally insufficient to establish that petitioner was guilty of conspiracy to murder.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim: There was insufficient evidence presented at trial that petitioner engaged in a murder conspiracy.

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A.

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [x] No [ ]

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] No [x]

(2) If your answer to Question (d)(1) is "Yes", state:

Type of motion or petition: N/A.

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A.

Result: (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?

Yes [ ] No [ ] N/A

(4) Did you appeal from the denial of your motion or petition?

Yes [ ] No [ ] N/A

(5) If your answer to Question (d) (4) is "Yes", did you raise this issue in the appeal?

Yes [ ] No [ ] N/A

(6) If your answer to Question (d)(4) is "Yes", state:

Name and location of court where the appeal was filed: N/A

Docket or case number, if you know: N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: Petitioner did not understand that he could raise this issue in his state court application for post-conviction relief.

GROUND FOUR: The evidence was legally insufficient to establish premeditation and intent which are required elements for first-degree murder.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): The evidence presented at trial was insufficient to prove that petitioner was guilty of premeditation

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [x] No [ ]

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] No [x]

(2) If your answer to Question (d)(1) is "Yes", state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A.

Result: (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?

Yes [ ] No [ ] N/A

(4) Did you appeal from the denial of your motion or petition?

Yes [ ] No [ ] N/A

(5) If your answer to Question (d) (4) is "Yes", did you raise this issue in the appeal?

Yes [ ] No [ ] N/A

(6) If your answer to Question (d)(4) is "Yes", state: N/A

Name and location of court where the appeal was filed: N/A

Docket or case number, if you know: N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: Petitioner did not understand that he could raise this issue in his state court application for post-conviction relief.

GROUND FIVE: The trial justice committed reversible error in impermissibly precluding petitioner's cross-examination of Timothy Gorman, depriving petitioner his right to confront and cross-examine one of his principal accusers.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim: Petitioner was denied the opportunity to inquire into the possible bias of this alleged eye witness stemming from his expectation of favorable treatment from law enforcement authorities which seriously impacted Petitioner's right to a fair trial.

(b) If you did not exhaust your state remedies on Ground Five, explain why: N/A

(c) Direct Appeal of Ground Five:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [x] No [ ]

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] No [x]

(2) If your answer to Question (d)(1) is "Yes", state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result: (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?

Yes [ ] No [ ] N/A

(4) Did you appeal from the denial of your motion or petition?

Yes [ ] No [ ] N/A

(5) If your answer to Question (d) (4) is "Yes", did you raise this issue in the appeal?

Yes [ ] No [ ] N/A

(6) If your answer to Question (d)(4) is "Yes", state:

Name and location of court where the appeal was filed: N/A

Docket or case number, if you know: N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: Petitioner did not understand that he could raise this issue in his state court application for post-conviction relief.

GROUND SIX: The trial justice erred in imposing a sentence of life without parole.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim: The evidence did not warrant a sentence of life without parole.

(b) If you did not exhaust your state remedies on Ground Six, explain why: N/A

(c) Direct Appeal of Ground Six:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [x]

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [x] No □

(2) If your answer to Question (d)(1) is "Yes", state:

Type of motion or petition: Motion for sentence reduction.

Name and location of the court where the motion or petition was filed: Providence County Superior Court, 250 Benefit Street, Providence, Rhode Island 02903.

Docket or case number (if you know): P1-1995-1200A

Date of the court's decision: 1998

Result: (attach a copy of the court's opinion or order, if available): Denied.

(3) Did you receive a hearing on your motion or petition?

Yes [x] No □

(4) Did you appeal from the denial of your motion or petition?

Yes [x] No [ ]

(5) If your answer to Question (d) (4) is "Yes", did you raise this issue in the appeal?

Yes [x] No [ ]

(6) If your answer to Question (d)(4) is "Yes", state:

Name and location of court where the appeal was filed: Rhode Island Supreme Court, 250 Benefit Street, Providence, Rhode Island 02903.

Docket or case number, if you know: No. 2001 -116-C.A.

Date of the court's decision: April 4, 2002.

Result (attach a copy of the court's opinion or order, if available): Appeal denied.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: N/A.

GROUND SEVEN: The trial justice erred in his failure to state on the record his reasons for imposing a sentence of life without parole as mandated by Section 12-19.2-4.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): The trial justice did not explain his reasons for imposing a life without parole sentence.

(b) If you did not exhaust your state remedies on Ground Seven, explain why: N/A

(c) Direct Appeal of Ground Seven:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [x] No □

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] No [x]

(2) If your answer to Question (d)(1) is "Yes", state:

Type of motion or petition: N/A.

Name and location of the court where the motion or petition was filed: N/A.

Docket or case number (if you know): N/A.

Date of the court's decision: N/A.

Result: (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?

Yes [ ] No [ ] N/A

(4) Did you appeal from the denial of your motion or petition?

Yes [ ] No [ ] N/A

(5) If your answer to Question (d) (4) is "Yes", did you raise this issue in the appeal?

Yes [ ] No [ ] N/A

(6) If your answer to Question (d)(4) is "Yes", state: N/A

Name and location of court where the appeal was filed: N/A

Docket or case number, if you know: N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: Petitioner did not understand that he could raise this issue in his state court application for post-conviction relief.

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes [x] No □

If you answer is "No", state which grounds have not been so presented and give your reason(s) for not presenting them: ____________________________________

______________________________________________________________________

______________________________________________________________________

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:______________________________

______________________________________________________________________

______________________________________________________________________

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes [ ] No [x]

If "Yes", state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. __________N/A____________________________________________________

______________________________________________________________________

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes [ ] No [x]

If "Yes", state the name and location of the court, the docket or case number, the type of proceeding, and the issued raised. N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Dale Anderson, Esquire, Public Defenders Office, 100 North Main Street, Providence, Rhode Island 02903.

(b) At arraignment and plea: Same as above

(c) At trial: Same as above.

(d) At sentencing: Same as above.

(e) On appeal: Catherine Gibran, Esquire, Public Defenders office, 100 N. Main Street, Providence, Rhode Island 02903

(f) In any post-conviction proceeding: David Silverman, Esquire. Address unknown, Providence, Rhode Island /Pro-Se

(g) On appeal from any ruling against you in a post-conviction proceeding: Judith Crowell, Esquire. Providence, Rhode Island/Pro-Se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [x]

(a) If so, give the name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes [ ] No [ ] N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition. ________ N/A ________________________________

________________________________________________

________________________________________________

________________________________________________

________________________________________________

________________________________________________

Therefore, petitioner asks that the Court grant the following relief: That his conviction and life without parole sentence be set aside.

________________________________________________

________________________________________________

or any other relief to which petitioner may be entitled.

By his attorney,

/s/ Joseph R. Palumbo, Jr.
**Joseph R. Palumbo, Jr., #0405**
294 Valley Road
Middletown, Rhode Island 02842
Tel: (401) 846-5200
Fax: (401) 848-0984
Email: joseph@palumbolaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October 2006 I electronically filed the foregoing Amended Petition for Writ of Habeas Corpus with the Clerk of the United States District Court of the District of Rhode Island and that the following participants received notice electronically:

Lauren Zurier

/s/ Joseph R. Palumbo, Jr.