# APPENDIX B

Westlaw.



H

Supreme Court of Rhode Island.
STATE
v.
Adrian BUSTAMANTE.
No. 2001-116-C.A.

April 4, 2002.

Following final appellate affirmance of his convictions of first-degree murder and conspiracy to commit murder, and of his sentences of life imprisonment and 10 years' imprisonment, respectively, 756 A.2d 758, defendant filed motion for reduction of sentence. The Superior Court, Providence County, Sheehan, J., denied motion, and defendant appealed. The Supreme Court held that defendant's sentence was not completely without justification or grossly disparate from sentences imposed for like offenses.

Affirmed.

West Headnotes

**[1] Sentencing and Punishment 350H ⚷2232**

350H Sentencing and Punishment
350HXII Reconsideration and Modification of Sentence
350HXII(A) In General
350Hk2232 k. Discretion of Court. Most Cited Cases
Motions to reduce a sentence are within the discretion of the trial justice. Superior Court Rules Crim.Proc., Rule 35.

**[2] Criminal Law 110 ⚷1147**

110 Criminal Law
110XXIV Review
110XXIV(N) Discretion of Lower Court
110k1147 k. In General. Most Cited Cases
Supreme Court will interfere with the trial justice's discretion in sentencing proceedings only in rare circumstances, when he or she has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses.

**[3] Sentencing and Punishment 350H ⚷2290**

350H Sentencing and Punishment
350HXII Reconsideration and Modification of Sentence
350HXII(C) Proceedings
350HXII(C)2 Evidence
350Hk2290 k. Burden of Proof. Most Cited Cases
Defendant who moves for reduction of sentence has the burden to show that the sentence imposed is without justification. Superior Court Rules Crim.Proc., Rule 35.

**[4] Homicide 203 ⚷1572**

203 Homicide
203XIV Sentence and Punishment
203k1570 Life Sentence
203k1572 k. Murder. Most Cited Cases
(Formerly 203k354(2))

**Sentencing and Punishment 350H ⚷82**

350H Sentencing and Punishment
350HI Punishment in General
350HI(D) Factors Related to Offense
350Hk82 k. Brutality or Cruelty in Commission of Offense. Most Cited Cases

**Sentencing and Punishment 350H ⚷89**

350H Sentencing and Punishment
350HI Punishment in General
350HI(D) Factors Related to Offense
350Hk89 k. Other Offense-Related Considerations. Most Cited Cases
Sentence of life imprisonment without possibility of parole, imposed upon defendant convicted of first-degree murder and conspiracy to commit murder, was not completely without justification or grossly disparate from sentences imposed for like offenses, where defendant acted savagely and callously in victim's murder, and incomprehensibly encouraged 12-year-old boy to join him in brutally stabbing victim.

***1038** Lauren Sandler Zurier, Aaron L. Weisman, Providence, for plaintiff.
Catherine A. Gibran, Providence, for defendant.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

OPINION

PER CURIAM.
This case came before the Court for oral argument on March 7, 2002, pursuant to an order that directed both parties to appear to show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

This appeal arises from a Superior Court trial justice's denial of a motion for reduction of sentence. The facts are taken largely from an opinion previously issued by this Court. *See* State v. Bustamante, 756 A.2d 758 (R.I.2000) (*Bustamante I* ). The defendant, Adrian Bustamante (defendant),***1039** was convicted in a jury trial of murder and conspiracy to commit murder. The jury, moreover, determined that defendant had committed the murder of John Casserly (Casserly) "under circumstances involving torture and aggravated battery," pursuant to G.L.1956 § 11-23-2(4). The defendant received a sentence of life without parole on the murder charge and a concurrent ten-year sentence on the conspiracy charge.

On December 1, 1994, Charles Roy (Uncle Chuck), a man in his mid-thirties, assembled a group, composed mostly of teenagers, to beat up a man who had "ratted" on his neighbor, Carlo Belloli (Belloli). The group included: Charles Roy, Jr. (Little Chuckie), Rob Pointer (Pointer), Jesse Kegley (Kegley), Danny Dunbar (Dunbar), Michael Roy (Mikey), Luis DeJesus (Luis), Rene "Buzzy" Gorman (Buzzy) and Timmy Gorman (Timmy). The group convened at Uncle Chuck's house in Woonsocket, which shared a common backyard with Belloli's house. At some point, the plan was aborted and, instead, members of the group consumed alcohol and cocaine. According to Buzzy, defendant was summoned from Vermont to provide tattoos for the group.

Meanwhile, at approximately 11 that night, Casserly and his friend Scott Deering (Deering) were wandering the streets of Woonsocket, looking for someone from whom they could purchase cocaine. The men encountered two strangers, one of whom was Uncle Chuck, with whom they struck up a conversation. Deering eventually secured some more drugs and the four men returned to his house to drink beer and consume the cocaine. Although Deering urged Casserly against it, at approximately 1 a.m. Casserly left with the men. Deering never again saw his friend alive.

According to Buzzy's testimony, Uncle Chuck, Belloli, defendant and Casserly were drinking at Belloli's house that night. Buzzy further testified that, except for defendant, everyone used cocaine. Later, Belloli gave defendant $100 to buy more cocaine, which he, in turn, gave to Casserly. The defendant, Casserly and Buzzy then left in Belloli's van to search for more drugs. When the group reached Front Street in Woonsocket, Casserly and defendant got out of the vehicle. After approximately one-half hour, the men returned to the van empty-handed and told Buzzy that they had been "ripped off." Buzzy and defendant then forced Casserly into the back of the van and returned to Belloli's residence, whereupon defendant told Belloli and Uncle Chuck that Casserly had "ripped them off."

At this point, defendant, Buzzy, Luis, Belloli and Uncle Chuck began a vicious attack on Casserly. Belloli delivered a blow to Casserly that sent him to the ground. As Casserly lay on the floor, the group kicked him until he appeared to be unconscious. The defendant then repeatedly hit Casserly with both a beer bottle and a flashlight. Buzzy testified that he observed defendant stabbing Casserly in the back of his legs while Casserly desperately pleaded with defendant, stating "[s]top[,] I can't breathe."

According to the testimony of Little Chuckie, he and Timmy were awakened during the night by Luis and Buzzy to watch the heinous murder. Both boys testified that, nearing the end of the attack, defendant handed twelve-year-old Timmy a knife and encouraged him to stab the lifeless body.

The defendant was convicted of murder and conspiracy to commit murder. After reinstruction, the jury determined that the murder was committed with torture and aggravated battery, and defendant was sentenced in May 1996. The defendant unsuccessfully appealed his conviction in January 1997 on various grounds. *See* ***1040** *Bustamante I.* The defendant subsequently filed a motion to reduce his sentence, which was denied by the trial justice. The defendant filed a timely appeal.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[1] [2] [3] "A motion to reduce a sentence under [Supr.R.Crim.P.] 35 is essentially a plea for leniency." State v. Lopez, 764 A.2d 194, 195 (R.I.2000) (quoting State v. Ferrara, 748 A.2d 246, 248 (R.I.2000)). Such motions are within the discretion of the trial justice and "may be granted if the court decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." State v. Ortega, 755 A.2d 841, 841 (R.I.2000) (mem.) (quoting State v. Byrnes, 456 A.2d 742, 744-45 (R.I.1983)). We will interfere with the trial justice's discretion in sentencing proceedings only in rare circumstances, when he or she "has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses." Lopez, 764 A.2d at 195 (quoting State v. Mollicone, 746 A.2d 135, 137 (R.I.2000)). The defendant has the burden to show that the sentence imposed is without justification. *Id.*

As an initial matter, we note that in *Bustamante I*, 756 A.2d at 767-69, this Court determined, after *de novo* review, that defendant's sentence was appropriate and justified, under a much higher standard than is required in this appeal. Nevertheless we address the merits of defendant's appeal.

[4] In the instant case, defendant essentially asserts that because his participation in the crime was "comparatively minimal" to his confederates, life without parole is "too draconian a punishment." Moreover, defendant continues to assert his innocence, stating in his memorandum to this Court that "not one single, solitary shred of objective, incriminating evidence existed" against him. We disagree.

In reaching his decision, the sentencing justice stated: "In deciding this motion I must decide whether I was mistaken when I sentenced the defendant to life without parole. Our Supreme Court said that it was an adequate sentence and justifiable but in passing on this motion if now I feel that [*sic*] was too excessive I have an obligation to alter it. I have sentenced more people to life without parole than any judge in this system. It's not something I'm proud of. It's what the system calls for. We ask the jury to pass on it. The jury passed on this case and recommended life without parole. I concurred with them then and I concur now."

The sentencing justice correctly understood his obligation for imposing a sentence on the defendant and properly used his discretion to reach a just sentence. The defendant has failed to meet his burden of showing that the sentence was completely without justification or grossly disparate from like offenses. The evidence reveals that the defendant acted savagely and callously in the murder of Casserly, a stranger to him, on the evening of December 1, 1994. The defendant, furthermore, incomprehensibly encouraged a twelve-year-old boy to join him in brutally stabbing the victim. For these reasons, we stated in *Bustamante I*, 756 A.2d at 769, that "in the exercise of our own independent judgment and discretion, we deem [life without parole] to be appropriate and just." The defendant has provided no evidence to show that the sentencing justice abused his discretion.

Accordingly, the defendant's appeal is denied and dismissed. The judgment of ***1041** the Superior Court is affirmed. The case is remanded to the Superior Court.

R.I.,2002.
State v. Bustamante
793 A.2d 1038

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.