# APPENDIX C

H

Supreme Court of Rhode Island.
Adrian BUSTAMANTE
v.
Ashbel T. WALL.
No. 2004-4-C.A.

Feb. 7, 2005.

**Background:** Defendant filed a pro se application for post-conviction relief. The Superior Court, Providence County, John F. Sheehan, J., denied the application. Defendant appealed pro se.

**Holdings:** The Supreme Court held that:

5(1) defense counsel's failure to object to the indictment, on the basis that it did not list the aggravating factors of torture and battery which ultimately resulted in defendant's life without parole sentence, did not prejudice defendant;

9(2) defense counsel's failure to call character witnesses or to introduce an allegedly exculpatory biker jacket was reasonable trial strategy;

24(3) res judicata barred defendant's third challenge to his sentence of life imprisonment without the possibility of parole.

Affirmed.

West Headnotes

**[1] Criminal Law 110 ⚷ 1158(1)**

110 Criminal Law
110XXIV Review
110XXIV(O) Questions of Fact and Findings
110k1158 In General
110k1158(1) k. In General. Most Cited Cases

The Supreme Court will not disturb a trial justice's factual findings made on an application for post-conviction relief absent clear error or a showing that the trial justice overlooked or misconceived material evidence in arriving at those findings.

**[2] Criminal Law 110 ⚷ 1139**

110 Criminal Law
110XXIV Review
110XXIV(L) Scope of Review in General
110k1139 k. Additional Proofs and Trial De Novo. Most Cited Cases

The Supreme Court will review de novo any post-conviction relief decision involving questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights.

**[3] Criminal Law 110 ⚷ 641.13(1)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(1) k. In General. Most Cited Cases

Unless a defendant shows that counsel's performance was deficient and that the deficient performance deprived defendant of his right to a fair trial, it cannot be said that the conviction or sentence resulted from a breakdown in the adversary process that renders the result unreliable. U.S.C.A. Const.Amend. 6.

**[4] Criminal Law 110 ⚷ 641.13(1)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(1) k. In General. Most Cited Cases

Defendant failed to establish that his trial or appellate counsel were constitutionally deficient, during post-conviction relief proceeding, where defendant failed to provide transcripts or affidavits to support most of his assertions. U.S.C.A. Const.Amend. 6.

**[5] Criminal Law 110 ⚷ 641.13(7)**

110 Criminal Law
110XX Trial

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(2) Particular Cases and Problems
110k641.13(7) k. Post-Trial Procedure and Review. Most Cited Cases

Defense counsel's failure to object to the indictment, on the basis that it did not list the aggravating factors of torture and battery which ultimately resulted in defendant's life without parole sentence, did not prejudice defendant, and thus could not amount to ineffective assistance, where there was no constitutional requirement that aggravating factors be set forth in the grand jury indictment. U.S.C.A. Const.Amend. 6; Gen.Laws 1956, § 11-23-2.

**[6] Criminal Law 110 ⚷641.13(2.1)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(2) Particular Cases and Problems
110k641.13(2.1) k. In General. Most Cited Cases

Defendant failed to establish that defense counsel's failure to maintain defendant's innocence, by stating that defendant "played a very minor role at most" in the crime and that defendant was "not as culpable as the other players in the case," prejudiced defendant and deprived him of a fair trial, where defendant failed to submit any transcript excerpts or citations supporting his argument. U.S.C.A. Const.Amend. 6.

**[7] Criminal Law 110 ⚷641.13(2.1)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(2) Particular Cases and Problems
110k641.13(2.1) k. In General. Most Cited Cases

**Jury 230 ⚷33(1.1)**

230 Jury
230II Right to Trial by Jury
230k30 Denial or Infringement of Right
230k33 Constitution and Selection of Jury
230k33(1.1) k. Representation of Community, in General. Most Cited Cases

Defense counsel's alleged failure to conduct a proper jury voir dire, which defendant alleged deprived him of his right to a jury of "blue-collar" Hispanics, did not deprive defendant of a fair trial or constitute ineffective assistance; defendant was only entitled to an impartial jury "drawn from a fair cross section of the community." U.S.C.A. Const.Amend. 6.

**[8] Criminal Law 110 ⚷641.5(2.1)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.5 Number of Counsel; Codefendants and Conflict of Interest
110k641.5(2) Joint Representation of Codefendants
110k641.5(2.1) k. In General. Most Cited Cases

**Criminal Law 110 ⚷641.10(1)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.10 Choice of Counsel
110k641.10(1) k. In General; Forcing Counsel on Accused. Most Cited Cases

Defense counsel's failure to object to codefendant's out of state counsel did not prejudice defendant, and thus could not amount to ineffective assistance; defendant had no standing to challenge his codefendant's choice of counsel. U.S.C.A. Const.Amend. 6.

**[9] Criminal Law 110 ⚷641.13(6)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(2) Particular Cases and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Problems
110k641.13(6) k. Evidence; Procurement, Presentation and Objections. Most Cited Cases
Defense counsel's failure to call character witnesses or to introduce an allegedly exculpatory biker jacket was reasonable trial strategy, and therefore was not ineffective assistance; defendant failed to present any evidence that counsel's tactical decisions were so prejudicial to his defense as to amount to a deprivation of his right to a fair trial. U.S.C.A. Const.Amend. 6.

**[10] Criminal Law 110 641.13(1)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(1) k. In General. Most Cited Cases
Mere tactical decisions, though ill-advised, do not by themselves constitute ineffective assistance of counsel. U.S.C.A. Const.Amend. 6.

**[11] Criminal Law 110 641.13(7)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(2) Particular Cases and Problems
110k641.13(7) k. Post-Trial Procedure and Review. Most Cited Cases
Appellate counsel's failure to raise every issue that defendant asked her to raise on direct appeal did not prejudice defendant, and thus did not amount to ineffective assistance; defendant did not have a constitutional right to counsel who would blindly follow defendant's arguments, and defendant was allowed to file a supplemental brief on appeal. U.S.C.A. Const.Amend. 6.

**[12] Criminal Law 110 641.13(1)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(1) k. In General. Most Cited Cases
The Sixth Amendment provides no right to counsel who would blindly follow a defendant's instructions. U.S.C.A. Const.Amend. 6.

**[13] Criminal Law 110 641.13(1)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(1) k. In General. Most Cited Cases

**Criminal Law 110 641.13(5)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(2) Particular Cases and Problems
110k641.13(5) k. Pretrial Proceedings; Sanity Hearing. Most Cited Cases
A defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty. U.S.C.A. Const.Amend. 6.

**[14] Criminal Law 110 641.13(1)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(1) k. In General. Most Cited Cases
A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case. U.S.C.A. Const.Amend. 6.

**[15] Criminal Law 110 641.13(1)**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(1) k. In General. Most Cited Cases

A defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics. U.S.C.A. Const.Amend. 6.

**[16] Criminal Law 110 ⚷641.13(1)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(1) k. In General. Most Cited Cases

A defendant is entitled to appointment of an attorney with whom he can communicate reasonably, but has no right to an attorney who will docilely do as he is told. U.S.C.A. Const.Amend. 6.

**[17] Criminal Law 110 ⚷641.13(1)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(1) k. In General. Most Cited Cases

Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices; no defendant has a right to more. U.S.C.A. Const.Amend. 6.

**[18] Criminal Law 110 ⚷1115(1)**

110 Criminal Law
110XXIV Review
110XXIV(G) Record and Proceedings Not in Record
110XXIV(G)15 Questions Presented for Review
110k1113 Questions Presented for Review
110k1115 Preliminary Proceedings
110k1115(1) k. In General. Most Cited Cases

**Criminal Law 110 ⚷1115(2)**

110 Criminal Law
110XXIV Review
110XXIV(G) Record and Proceedings Not in Record
110XXIV(G)15 Questions Presented for Review
110k1113 Questions Presented for Review
110k1115 Preliminary Proceedings
110k1115(2) k. Selection and Impaneling of Jury. Most Cited Cases

Defendant failed to establish his claim that Hispanics were systematically excluded from the grand and petit juries, where defendant failed to submit any voir dire transcripts or other evidence in support of his claim.

**[19] Criminal Law 110 ⚷700(1)**

110 Criminal Law
110XX Trial
110XX(E) Arguments and Conduct of Counsel
110k700 Rights and Duties of Prosecuting Attorney
110k700(1) k. In General; Misconduct in General. Most Cited Cases

Even if defendant's allegations that the prosecutor excluded Hispanics from the grand and petit juries, that he used perjured testimony in the grand jury proceedings, and that he improperly used hearsay testimony in the grand jury proceedings were proven to be true, defendant was not entitled to dismissal of the indictment based on prosecutorial misconduct; dismissal of the indictment was an extraordinary sanction that was reserved for extreme circumstances, and any error was cured by the defendant's conviction.

**[20] Constitutional Law 92 ⚷268(8)**

92 Constitutional Law
92XII Due Process of Law
92k256 Criminal Prosecutions
92k268 Trial

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

92k268(2) Particular Cases and Problems

92k268(8) k. Qualifications, Actions, and Comments of Judge, Jury, or Prosecutor Most Cited Cases

For prosecutorial misconduct to constitute a due-process violation, it must be of sufficient significance to result in the denial of the defendant's right to a fair trial. U.S.C.A. Const.Amend. 14.

**[21] Criminal Law 110 ⚷700(1)**

110 Criminal Law
110XX Trial
110XX(E) Arguments and Conduct of Counsel
110k700 Rights and Duties of Prosecuting Attorney
110k700(1) k. In General; Misconduct in General. Most Cited Cases

The dismissal of an indictment on the grounds of prosecutorial misconduct is an extraordinary sanction reserved for very limited and extreme circumstances.

**[22] Criminal Law 110 ⚷700(1)**

110 Criminal Law
110XX Trial
110XX(E) Arguments and Conduct of Counsel
110k700 Rights and Duties of Prosecuting Attorney
110k700(1) k. In General; Misconduct in General. Most Cited Cases

The dismissal of an indictment on the grounds of prosecutorial misconduct should be limited to situations in which there has been flagrant prosecutorial misconduct accompanied by severe and incurable prejudice.

**[23] Criminal Law 110 ⚷700(1)**

110 Criminal Law
110XX Trial
110XX(E) Arguments and Conduct of Counsel
110k700 Rights and Duties of Prosecuting Attorney
110k700(1) k. In General; Misconduct in General. Most Cited Cases

The prosecutor's failure to object to codefendant's out-of-state counsel did not constitute prosecutorial misconduct; the prosecutor was under no obligation to object to codefendant's choice of counsel.

**[24] Criminal Law 110 ⚷1668(3)**

110 Criminal Law
110XXX Post-Conviction Relief
110XXX(C) Proceedings
110XXX(C)3 Hearing and Determination
110k1666 Effect of Determination
110k1668 Successive Post-Conviction Proceedings
110k1668(3) k. Particular Issues and Cases. Most Cited Cases

Res judicata barred defendant's third challenge to his sentence of life imprisonment without the possibility of parole for murder; defendant's sentence was reviewed on direct appeal, and the sentence was reviewed on appeal after defendant's motion for a reduction in sentence was denied.

**[25] Judgment 228 ⚷564(1)**

228 Judgment
228XIII Merger and Bar of Causes of Action and Defenses
228XIII(A) Judgments Operative as Bar
228k564 Finality of Determination
228k564(1) k. In General. Most Cited Cases

**Judgment 228 ⚷584**

228 Judgment
228XIII Merger and Bar of Causes of Action and Defenses
228XIII(B) Causes of Action and Defenses Merged, Barred, or Concluded
228k584 k. Nature and Elements of Bar or Estoppel by Former Adjudication. Most Cited Cases

Res judicata bars the relitigation of any issue that was litigated or could have been litigated in a previous proceeding, including a direct appeal, that resulted in a final judgment between the same parties.

***519** Adrian Bustamante, Plaintiff Pro Se.
Lauren Sandler Zurier, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

OPINION

PER CURIAM.

Adrian Bustamante (Bustamante or applicant), appeals *pro se* from the Superior Court's denial of his application for post-conviction relief. Bustamante asserts a myriad of self-declared constitutional

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

violations that he argues warrant the setting aside of his conviction for first-degree murder and conspiracy to commit murder and his resulting sentence of life imprisonment without the possibility of parole. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and proceed to decide the appeal at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

Bustamante was convicted of first-degree murder and conspiracy to commit murder and was sentenced to life imprisonment without the possibility of parole. This Court affirmed the conviction in ***520**State v. Bustamante, 756 A.2d 758 (R.I.2000) (*Bustamante I*). After he was convicted, the applicant filed a motion to reduce his sentence, which was denied. This Court affirmed that denial in State v. Bustamante, 793 A.2d 1038 (R.I.2002) (*Bustamante II*). The facts underlying the charges against Bustamante and his subsequent conviction are set forth in our opinions in *Bustamante I and II* and need not be repeated here.

On February 28, 2001, Bustamante filed in Superior Court an application for post-conviction relief together with a motion for appointment of counsel. An attorney was appointed, and he duly entered his appearance on Bustamante's behalf. In accordance with the dictates of *Shatney v. State*, 755 A.2d 130 (R.I.2000), Bustamante's counsel reviewed the claims that Bustamante sought to raise in his application. Thereafter, Bustamante's counsel filed a motion to withdraw and an accompanying memorandum in which he informed the court that there was no merit in Bustamante's application. Although the applicant filed an objection to counsel's motion to withdraw, the motion was granted on January 25, 2002.

Bustamante proceeded *pro se* in his application for post-conviction relief and filed a twenty-six-page memorandum to support it. In his memorandum, Bustamante made four principal allegations. First, he alleged ineffective assistance of counsel by both his trial counsel and appellate counsel. With respect to his trial counsel, Bustamante made numerous allegations including that: (1) his counsel failed to object to the indictment returned against him; (2) his counsel failed to maintain his innocence at trial and made remarks acknowledging Bustamante's presence at the scene of the murder; (3) his counsel failed to advise him of his right to testify before the grand jury; (4) his counsel failed to conduct a proper *voir dire* of the jury, which resulted in an unfair composition of jurors and deprived him of a properly constituted jury of his peers; (5) his counsel failed to object to the presence and representation of his codefendant's out-of-state counsel; (6) his counsel failed to call character witnesses to establish his peacefulness; and (7) his counsel failed to introduce exculpatory evidence, particularly a "biker" jacket that Bustamante wore the night of the crime. With respect to his appellate counsel, Bustamante alleges that his counsel "failed to raise all nonfrivolous issues the Applicant requested[,]" thus requiring Bustamante to submit a supplemental memorandum.

Second, Bustamante challenged the composition of both the grand jury and the petit jury. He argued that as a Mexican-American, he was deprived of a properly constituted jury of his peers because Hispanics were systematically excluded from jury duty. Third, Bustamante alleged that he was denied a fair trial by the prosecutor's misconduct. He alleged that the prosecutorial misconduct included: (1) excluding Hispanics from the grand and petit juries; (2) using perjured testimony in the grand jury proceedings; (3) improperly using hearsay testimony in the grand jury proceedings; and (4) failing to object to codefendant's out-of-state counsel. Finally, Bustamante asserted that the trial justice violated his due process and equal protection rights by denying the jury the right to determine what, if any, aggravated enumerated circumstances were involved in accordance with G.L.1956 § 12-19.2-1 and G.L.1956 § 11-23-2. [FN1] The applicant maintains that the trial justice violated the ***521** dictates of § 12-19.2-1 by having the jury answer "yes" or "no" to each of the proposed findings of torture and battery on the verdict form, rather than having the jury state in writing which enumerated circumstance it found beyond a reasonable doubt.

FN1. General Laws 1956 § 12-19.2-1 provides:
"**Sentencing procedures-Trial by jury.**-In all cases tried by a jury in which the penalty of life imprisonment without parole may be imposed pursuant to § 11-23-2 or 11-23-2.1, and in which the attorney general has recommended to the court in writing within twenty (20) days of the date of the arraignment that such a sentence be imposed, the court shall, upon return of a verdict of guilty of murder in the first degree

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

by the jury, instruct the jury to determine whether it has been proven beyond a reasonable doubt that the murder committed by the defendant involved one of the circumstances enumerated in § 11-23-2 or 11-23-2.1 as the basis for imposition of a sentence of life imprisonment without parole. If after deliberation the jury finds that one or more of the enumerated circumstances was present, it shall state in writing, signed by the foreperson of the jury, which circumstance or circumstances it found beyond a reasonable doubt. Upon return of an affirmative verdict, the court shall conduct a presentence hearing. At the hearing, the court shall permit the attorney general and the defense to present additional evidence relevant to a determination of the sentence to be imposed as provided for in § 12-19.2-4. After hearing evidence and argument relating to the presence or absence of aggravating and mitigating factors, the court shall, in its discretion, sentence the defendant to either life imprisonment without parole or life imprisonment. If the trial court is reversed on appeal because of error only in the presentence hearing, the new proceedings before the trial court which may be ordered shall pertain only to the issue of sentencing."

General Laws 1956 § 11-23-2 provides in pertinent part:

"**Penalties for murder**.-Every person guilty of murder in the first degree shall be imprisoned for life. Every person guilty of murder in the first degree: (1) committed intentionally while engaged in the commission of another capital offense or other felony for which life imprisonment may be imposed; (2) committed in a manner creating a great risk of death to more than one person by means of a weapon or device or substance which would normally be hazardous to the life of more than one person; (3) committed at the direction of another person in return for money or any other thing of monetary value from that person; (4) committed in a manner involving torture or an aggravated battery to the victim; (5) committed against any member of the judiciary, law enforcement officer, corrections employee, assistant attorney general or special assistant attorney general, or firefighter arising from the lawful performance of his or her official duties; (6) committed by a person who at the time of the murder was committed to confinement in the adult correctional institutions or the state reformatory for women upon conviction of a felony; or (7) committed during the course of the perpetration or attempted perpetration of felony manufacture, sale, delivery or other distribution of a controlled substance otherwise prohibited by the provisions of chapter 28 of title 21; shall be imprisoned for life and if ordered by the court pursuant to chapter 19.2 of title 12 that person shall not be eligible for parole from imprisonment."

On June 26, 2002, Bustamante's application for post-conviction relief was heard and denied. The Superior Court justice found that Bustamante's due process and equal protection arguments alleging that the trial justice denied the jury the right to determine what, if any, aggravated enumerated circumstances were involved in accordance with § 12-19.2-1 were waived by Bustamante's failure to raise these arguments in his direct appeal. The justice likewise found that Bustamante's allegation of prosecutorial misconduct should have been raised on direct appeal and since it was not, it also was waived. The Superior Court justice also concluded that the applicant's contention that he received ineffective assistance of counsel was without merit, and that, contrary to Bustamante's assertions, the jury was a properly constituted jury of the applicant's peers.

Bustamante filed a notice of appeal and requested that counsel be appointed for ***522** purposes of the appeal. Pursuant to such request, an attorney was appointed to represent Bustamante. The appointed appellate counsel reviewed Bustamante's arguments and filed a prebriefing statement concluding that they lacked merit. Bustamante subsequently filed a motion to release his appellate counsel and sought the appointment of new counsel. This Court granted Bustamante's motion to remove counsel and denied his motion to appoint replacement counsel. Bustamante now presses his appeal *pro se*.

### Standard of Review

[1] [2] Under G.L.1956 § 10-9.1-1(a)(1), post-conviction relief is available to a defendant convicted of a crime who contends that his original conviction or sentence violated rights secured him by the state or federal constitution. "This Court will not disturb a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

trial justice's factual findings made on an application for post-conviction relief absent clear error or a showing that the trial justice overlooked or misconceived material evidence in arriving at those findings." Taylor v. Wall, 821 A.2d 685, 688 (R.I.2003). This Court will, however, "review *de novo* any post-conviction relief decision involving questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights." Id. (quoting Bleau v. Wall, 808 A.2d 637, 642 (R.I.2002)).

**Ineffective Assistance of Counsel**

[3] "In reviewing a claim for ineffective assistance of counsel, we have stated that the benchmark issue is whether 'counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" Toole v. State, 748 A.2d 806, 809 (R.I.2000) (quoting Tarvis v. Moran, 551 A.2d 699, 700 (R.I.1988)). When reviewing claims of ineffective assistance of counsel, this Court has adopted the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* test requires a defendant to show (1) "that counsel's performance was deficient, to the point that the errors were so serious that trial counsel did not function at the level guaranteed by the Sixth Amendment," and (2) "that such deficient performance was so prejudicial to the defense and the errors were so serious as to amount to a deprivation of the applicant's right to a fair trial." Brennan v. Vose, 764 A.2d 168, 171 (R.I.2001) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052). "Unless a defendant makes both showings, it cannot be said that the conviction or * * * sentence resulted from a breakdown in the adversary process that renders the result unreliable." Simpson v. State, 769 A.2d 1257, 1266 (R.I.2001) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052).

[4] Our review of the record leads to the inexorable conclusion that Bustamante has failed in his burden of establishing that the performance of his trial counsel or his appellate counsel was constitutionally deficient. Bustamante has failed to provide transcripts or affidavits to support most of his assertions, and consequently fails to meet his burden of proof in a post-conviction relief proceeding. *See* State v. Turley, 113 R.I. 104, 109, 318 A.2d 455, 458 (1974) (unfounded claims or unsupported charges of ineffectiveness of counsel are not legally competent evidence to establish a denial of effective assistance of counsel).

[5] [6] Even if he had supplied support for his assertions, all would fail on their merits. With regard to Bustamante's argument that his trial attorney failed to object to the indictment, which did not list the aggravating factors of torture and battery and which ultimately resulted in applicant's life-without-parole sentence, there is ***523** no constitutional requirement that aggravating factors contained in § 11-23-2 be set forth in the grand jury indictment. State v. Edwards, 810 A.2d 226, 234 (R.I.2002). With respect to Bustamante's argument that his trial attorney failed to maintain his innocence by remarking that Bustamante "played a very minor role at most" in the crime and that Bustamante was "not as culpable as the other players in the case," we again note that Bustamante has failed to submit any transcript excerpts or citations supporting his argument. Without any evidence to support his allegations, we are unable to determine exactly what trial counsel said, in what context the alleged statements were made, and whether these statements were against Bustamante's wishes; consequently, we hold that Bustamante has failed to sustain his burden on this point.

[7] Bustamante alleges that his trial counsel failed to conduct a proper *voir dire* of the jury, which deprived him of a properly constituted jury of his peers. Bustamante avers that as a Hispanic and tattoo artist he was entitled to a jury composed of not only Hispanics, but also "blue-collar" Hispanics who could "fully comprehend" his lifestyle. Bustamante's argument lacks any legal or factual support. Bustamante was not entitled to a jury made up entirely of "blue-collar Hispanics," but rather to an impartial jury "drawn from a fair cross section of the community." Taylor v. Louisiana, 419 U.S. 522, 526, 527, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). FN2 Bustamante's trial counsel cannot be faulted for failing to obtain the unobtainable, thus we discern no evidence of ineffective assistance of counsel during *voir dire*.

FN2. The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *." The Sixth Amendment is made applicable to the states through the Fourteenth Amendment. Taylor v.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Louisiana, 419 U.S. 522, 526, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).

[8] We similarly conclude that Bustamante's contention that he received ineffective assistance of counsel relating to his trial attorney's failure to object to his codefendant's out-of-state counsel lacks merit. Bustamante had no standing to challenge his codefendant's choice of counsel, and we note that such a challenge likely would infringe upon his codefendant's right to the attorney of his choice. *See* State v. Moran, 699 A.2d 20, 25 (R.I.1997) ("Although a criminal defendant's right to the attorney of his or her choice is not absolute, it does command a presumption in favor of its being honored.").

[9] [10] Bustamante's remaining allegations of ineffective assistance of counsel relating to his trial attorney's failure to call character witnesses or to introduce the allegedly exculpatory biker jacket, amount to tactical decisions. This Court has made clear that "mere tactical decisions, though ill-advised, do not by themselves constitute ineffective assistance of counsel." Toole, 748 A.2d at 809. In State v. D'Alo, 477 A.2d 89 (R.I.1984), we explained "a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally-deficient representation under the reasonably competent assistance standard." Id. at 92 (quoting United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir.1978)). Bustamante has put forth no evidence demonstrating that these tactical decisions were so prejudicial to his defense as to amount to a deprivation of the applicant's right to a fair trial.

[11] [12] [13] [14] [15] [16] [17] Bustamante also avers that his appellate counsel provided ineffective assistance***524** of counsel on his direct appeal by failing to raise every issue that he asked her to raise. Again, Bustamante has failed to provide any evidence about the "nonfrivolous" issues that he alleges his appellate counsel failed to raise. "The Sixth Amendment provides no right to counsel 'who would blindly follow [a defendant's] instructions.' " State v. Thornton, 800 A.2d 1016, 1029 n. 14 (R.I.2002) (quoting McQueen v. Blackburn, 755 F.2d 1174, 1178 (5th Cir.), *cert. denied,* 474 U.S. 852, 106 S.Ct. 152, 88 L.Ed.2d 125 (1985)).

"A defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty. A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case. A defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics. A defendant is entitled to appointment of an attorney with whom he can communicate reasonably, but has no right to an attorney who will docilely do as he is told. Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices. No defendant has a right to more." United States v. Moore, 706 F.2d 538, 540 (5th Cir.1983).

Additionally, on appeal, Bustamante was allowed to file a supplemental brief, and this Court carefully considered and rejected his arguments.

**Systematic Exclusion of Hispanics**

[18] Moving on to Bustamante's second argument, that Hispanics systematically were excluded from the grand and petit juries, we again note that Bustamante has failed to submit any evidence that Hispanics were systematically excluded from the jury pool. Moreover, Bustamante himself concedes that there were several Hispanics in the jury pool, as well as one Hispanic seated on the jury that convicted him. Bustamante also argues that the prosecutor sought to exclude Hispanics from the jury through her exercise of peremptory challenges. Without the transcript of the entire *voir dire* examination or any other evidence to back up this claim, and since apparently no challenge was ever made under the stricture of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), we are left in the dark about this assertion.[FN3] Accordingly, we discern no merit to this claim. *See* State v. Pineda, 712 A.2d 858, 861 (R.I.1998); State v. Jennings, 117 R.I. 291, 294, 366 A.2d 543, 545 (1976) (party seeking court's review must provide so much of the record as required to allow court to pass upon alleged error, otherwise court must affirm trial justice's holdings).

FN3. The rules of appellate procedure require that an appellant provide us with a complete record of at least the portion of the trial proceeding in which the alleged trial court error occurred. *See* Article I, Rule 10 of Supreme Court Rules of Appellate

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Procedure.

### Prosecutorial Misconduct

[19] [20] Bustamante avers that he was denied a fair trial by the prosecutor's misconduct in excluding Hispanics from the grand and petit juries; using perjured testimony in the grand jury proceedings; improperly using hearsay testimony in the grand jury proceedings; and failing to object to codefendant's out-of-state counsel. *525 Again, Bustamante's unsupported assertions of prosecutorial misconduct will not carry the day; however, in the interest of justice we will briefly address his arguments. We previously have adopted the view that "prosecutorial misconduct may 'so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process.'" State v. Mastracchio, 612 A.2d 698, 702 (R.I.1992) (quoting Greer v. Miller, 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987)). "For prosecutorial misconduct to constitute a due-process violation, it must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" Id. at 703 (quoting Greer, 483 U.S. at 765, 107 S.Ct. 3102).

Bustamante has shown no systematic discrimination in the selection of either the grand or petit jury to support a finding of discriminatory motive on the part of the prosecutor. In regard to the alleged perjured testimony, Bustamante avers that several witnesses changed their version of the events between their initial statements to police and their testimony before the grand jury. Without any evidence to support his perjury allegation, Bustamante appears to simply equate inconsistent testimony with perjured testimony; however, "the mere presence of inconsistencies in the testimony of witnesses does not constitute the presentation of false testimony." Dowell v. Moran, 702 A.2d 1173, 1174 (R.I.1997) (mem.); *see also* United States v. Tavares, 93 F.3d 10, 14 (1st Cir.1996) ("[i]nconsistent testimony by itself does not amount to perjury"). In regard to the alleged use of hearsay testimony in the grand jury proceedings, we note that the rules of evidence do not apply to grand jury proceedings. State v. Miller, 679 A.2d 867, 870 (R.I.1996).

[21] [22] Even assuming that Bustamante's unsupported assertions about the grand jury proceedings are true, we would not grant Bustamante's petition for post-conviction relief. "[T]he dismissal of an indictment on the grounds of prosecutorial misconduct is an extraordinary sanction reserved for very limited and extreme circumstances." State v. Franco, 750 A.2d 415, 419 (R.I.2000) (quoting State v. Mainelli, 543 A.2d 1311, 1313 (R.I.1988)). Such a dismissal should be limited "to situations in which there has been flagrant prosecutorial misconduct accompanied by severe and incurable prejudice." Id. (quoting State v. DiPrete, 710 A.2d 1266, 1276 (R.I.1998)). Likewise, a "petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt." State v. Mollicone, 654 A.2d 311, 326 (R.I.1995) (quoting United States v. Mechanik, 475 U.S. 66, 70, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)). Any error at the grand jury, and we perceive none, was cured by Bustamante's subsequent conviction. *See* Mainelli, 543 A.2d at 1313.

[23] Finally, Bustamante's assertion that the prosecutor committed misconduct by failing to object to Bustamante's codefendant's out-of-state counsel or the fact that portions of the trial were conducted without the codefendant's local counsel present, lacks any merit. In fact, while under no obligation to object to the codefendant's choice of counsel, on February 28, 1996, the prosecutor did bring to the attention of the trial justice the fact that the codefendant's local counsel was not present. The trial justice engaged in a colloquy with the codefendant and his out-of-state counsel, and the codefendant indicated he was satisfied with his out-of-state counsel's efforts. We discern no evidence of prosecutorial misconduct in this regard.

### *526 Sentence

[24] [25] Bustamante now attempts to take his third separate challenge to his sentence of life imprisonment without the possibility of parole. In Bustamante I, we conducted a *de novo* review of Bustamante's sentence. After examining the record, the findings of the trial justice, and the personal character, record, and propensities of the defendant, we concluded the sentence was "appropriate and just." Bustamante I, 756 A.2d at 769. In Bustamante II, we again reviewed Bustamante's sentence, this time on appeal from a denial of a motion for reduction of sentence, and held that Bustamante had failed to show that the sentence "was completely without justification or grossly disparate from like offenses." Bustamante II, 793 A.2d at 1040. Any further challenges to this sentence are barred by the doctrine of res judicata. Res judicata bars the relitigation of any issue that was litigated or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

could have been litigated in a previous proceeding, including a direct appeal, that resulted in a final judgment between the same parties. [FN4] *See* Taylor, 821 A.2d at 688. Any further review of Bustamante's sentence merely would be redundant.

FN4. Although Bustamante's direct appeal and his appeal from the denial of his motion to reduce sentence were against the state and the instant action is against the director of the Department of Corrections, we are satisfied that the director and the state are the same for purposes of res judicata. *See* *Taylor v. Wall,* 821 A.2d 685, 688 (R.I.2003).

**Conclusion**

For the reasons stated herein, we affirm the judgment of the Superior Court. The papers in this case are to be returned to the Superior Court.

R.I.,2005.
Bustamante v. Wall
866 A.2d 516

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.