UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ADRIAN BUSTAMANTE | : | |
| | : | |
| v. | : | C.A. No. 06-07T |
| | : | |
| A.T. WALL, Director of | : | |
| Department of Corrections | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before this Court is Adrian Bustamante's (the "Petitioner") Amended Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (Document No. 27). Petitioner originally filed a pro se Petition on January 9, 2006 (Document No. 1), to which the Respondent, State of Rhode Island, filed a timely response on February 14, 2006. (Document No. 7). Subsequently, on May 24, 2006, Petitioner retained counsel, and, over the State's objection, the Court permitted him to file an Amended Petition which he did on October 16, 2006. (Document No. 27). The State filed a Supplemental Response to the Amended Petition on December 28, 2006. (Document No. 31).

In his Amended Petition, Petitioner claims that his state court convictions for first-degree murder and conspiracy to commit murder were unconstitutional for several reasons. The Amended Petition has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). The Court has determined that no hearing is necessary. After reviewing the Petition, Amended Petition and the legal briefs and exhibits filed by both parties, this Court recommends that the Amended Petition be DENIED and DISMISSED.

## Facts and Travel

Petitioner was convicted of first-degree murder and conspiracy to commit murder following a jury trial in the Rhode Island Superior Court. The facts underlying Petitioner's convictions are set forth in State v. Bustamante, 756 A.2d 758, 759-763 (R.I. 2000) ("Bustamante I"), in which the Supreme Court of Rhode Island ("RISC") affirmed Petitioner's convictions and sentence of life without parole. Following the RISC's decision, Petitioner filed a Motion for Reduction of Sentence in the Rhode Island Superior Court. The Superior Court denied his Motion, and the denial was affirmed by the RISC on April 4, 2002. See State v. Bustamante, 793 A.2d 1038 (R.I. 2002) ("Bustamante II"). Petitioner also sought, and was denied, post-conviction relief in the Superior Court. The RISC affirmed the Superior Court's denial of post-conviction relief on February 7, 2005. See Bustamante v. Wall, 866 A.2d 516 (R.I. 2005) ("Bustamante III").

Petitioner now seeks habeas corpus review of his convictions by this Court, basing his Amended Petition on seven grounds: (1) ineffective assistance of counsel; (2) denial of a fair trial; (3) insufficient evidence to support conviction of conspiracy to commit murder; (4) insufficient evidence to support elements of premeditation and intent; (5) improper preclusion of cross-examination of a witness; (6) error in imposition of sentence of life without parole; and (7) trial justice error in failing to state on the record the reasons for imposing Petitioner's sentence. (Document No. 27). Petitioner provided the Court with factual and legal arguments regarding some, but not all, of these grounds in his Memorandum in Support of his Amended Petition. (Document No. 28). Petitioner also raises several other grounds in his Memorandum that are not set forth in his original or Amended Petitions.

## Discussion

## I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, restricts the power of federal courts to grant habeas relief to prisoners. In analyzing Petitioner's claims, the Court is guided by 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;...

In determining what constitutes an "unreasonable application" of federal law, this Court looks to McCambridge v. Hall, 303 F.3d 24 (1st Cir. 2002). McCambridge states that "'some increment of incorrectness beyond error is required'...[in an amount] great enough to make the [state court's] decision unreasonable in the independent and objective judgment of the federal court..." Id. at 36 (quoting Francis S. v. Stone, 221 F.3d 100, 111 (2nd Cir. 2000)). For example, a federal court may find a decision of a state court to be "unreasonable" if that decision is "devoid of record support for its conclusions or is arbitrary." Id. at 37 (citing O'Brien v. Dubois, 145 F.3d 16, 25 (1st Cir. 1998)). In Williams v. Taylor, 529 U.S. 362, 411 (2000), the Supreme Court noted that an "incorrect" application of federal law is not necessarily tantamount to an "unreasonable" one: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." See also Ellen v. Brady, 475

F.3d 5, 8 (1st Cir. 2007) ("In making this evaluation..., we do not focus on the quality of the [state] court's reasoning but rather on the reasonableness of the outcome.").

Another category of state court errors that may be remedied on federal habeas review involves unreasonable determinations of fact. See 28 U.S.C. § 2254(d)(2). Under this standard, the state court's factual findings are entitled to a presumption of correctness that can be rebutted only by clear and convincing evidence to the contrary. Mastracchio v. Vose, 274 F.3d 590, 597-598 (1st Cir. 2001) (describing burden on habeas petitioner as a "high hurdle"). "To state a federal habeas claim concerning a state criminal conviction, the petitioner must allege errors that violate the Constitution, laws, or treaties of the United States." Evans v. Verdini, 466 F.3d 141, (1st Cir. 2006) (citations omitted). "[F]ederal habeas corpus relief does not lie for errors of state law...." Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

**II. Petitioner's Grounds for Relief**

**1. Ineffective Assistance of Counsel**

Petitioner makes several separate claims of ineffective assistance of counsel. In some instances, Petitioner provides specific support for the claims set out in his Amended Petition, but in other cases, Petitioner provides the Court with little or no explanation as to why the Court should grant him habeas relief on this basis.

First, as a general matter, the Court notes that habeas review of all of Petitioner's ineffective assistance of counsel claims is foreclosed based upon the RISC's holding in Bustamante III. In that opinion, the RISC stated, "[o]ur review of the record leads to the inexorable conclusion that Bustamante has failed in his burden of establishing that the performance of his trial counsel or his appellate counsel was constitutionally deficient. Bustamante has failed to provide transcripts or

affidavits to support most of his assertions, and consequently fails to meet his burden of proof in a post-conviction relief proceeding." See Bustamante III, 866 A.2d at 522.

Based upon the RISC's holding, federal habeas review "is precluded [because the] state court reache[d] its decision on an independent and adequate state law ground." Horton v. Allen, 370 F.3d 75, 80 (1st Cir. 2004). A state procedural rule is "independent and adequate" if it does not require the application of federal constitutional law and is consistently applied by the state court. Dugger v. Adams, 489 U.S. 401, 409-410 (1989); Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

In this case, Rhode Island law requires an applicant for post-conviction relief to provide the state court with supporting transcripts or affidavits. See, e.g., Ouimette v. State, 785 A.2d 1132, 1139 (R.I. 2001) (affirming denial of application for post-conviction relief where affidavit filed but legally insufficient); State v. Cochrane, 443 A.2d 1249, 1251 (R.I. 1982) ("charge[s] of ineffective assistance of counsel 'must be established by legally competent evidence. Mere unfounded claims and unsupported charges...are of no avail.'"); and State v. Turley, 318 A.2d 455, 458 (R.I. 1974) (same). This state procedural law does not require any application of federal constitutional law, and it is regularly applied. Accordingly, Petitioner's claims of ineffective assistance of counsel are precluded because the RISC rejected them on an independent and adequate state law ground. See Horton, 370 F.3d at 80. This Court is not obligated to further consider the individual claims of ineffective assistance of counsel, but because certain of those claims warrant further discussion, the Court will discuss other deficiencies in Petitioner's ineffective assistance of counsel grounds.

**A. Pre-trial, Trial, and Post-trial Motions and Arguments**

Petitioner's first claim of ineffective assistance of counsel alleges: "[c]ounsel was ineffective starting from pre-trial motions, to trial errors, to post-trial motions and arguments." Document No.

27 at 6. Although this statement could be construed as an introduction to the more specific claims that follow, taking this statement as an independent claim, it is deficient pursuant to Rule 2(c)(2) of the Rules Governing Section 2254 cases, which states that the petition must "state the facts supporting each ground." Petitioner's first ineffective assistance claim is conclusory and fails under Rule 2(c)(2) for want of supporting facts.

However, the Court notes that Petitioner raised additional facts in his Amended Petition which could be construed as applicable to the first claim of ineffective assistance of counsel. He states, for example, the "failure of [his] trial and appellate counsel to challenge the repeated failures by the trial judge to adhere to the statute permitting the imposition of a life without parole sentence fell far short of the requisite standard for effective representation and prejudiced the petitioner." Document No. 28 at 38. Petitioner also states that his counsel, "fail[ed] to challenge any of the several errors committed by the trial judge discussed above." Id. at 39. Finally, he concludes that "fatal errors in the sentencing were not raised has obviously resulted in extreme prejudice to [Petitioner]." Id.

Strickland v. Washington sets forth the applicable standard for reviewing claims of ineffective assistance of counsel. 466 U.S. 668 (1984). Strickland requires not only that counsel's performance be deficient, but that counsel's deficient performance prejudice Petitioner. See 466 U.S. at 687. Moreover, in Strickland, the Court stated that "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." In this case, Petitioner's claim falls far short of meeting this "heavy burden." Williams, 529 U.S. at 393. Applying Stickland to counsel's performance, "[j]udicial scrutiny of counsel's performance must

be highly deferential....A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. See also Wiggins v. Smith, 539 U.S. 510, 523 (2003) (quoting Strickland, 466 U.S. at 689) ("[E]very effort [must] be made to eliminate the distorting effects of hindsight"). On the basis of the limited facts outlined by Petitioner and considering the deferential standard of review, this Court concludes that Petitioner has not established ineffective representation under the Sixth Amendment. The strategic decisions of the trial and appellate attorney regarding objections during the trial and arguments do not provide adequate ground for this Court to conclude Petitioner's counsel was constitutionally deficient.[1] Accordingly, Petitioner's first claim of ineffective assistance of counsel does not merit further consideration.

**B. Indictment**

Petitioner next claims ineffective assistance of counsel because "[c]ounsel failed to object to a flawed indictment due to improper vouching." Document No. 27 at 6. The present claim of ineffective assistance of counsel fails because Petitioner was subsequently convicted by a petit jury. "[A] petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendant[ ] [was] guilty as charged, but also that [he is] in fact guilty as charged beyond a reasonable doubt." U.S. v. Mechanik, 475 U.S. 66, 70 (1986). Even if the Court assumed that Petitioner's counsel was ineffective in not objecting to the claimed improper vouching, the fact that Petitioner was subsequently convicted by a petit jury destroys this ineffective assistance claim since

[1] Moreover, this particular ground is based, in part, on a claim that Petitioner's counsel was deficient because counsel failed to object to the trial judge's "failure to adhere to the statute" regarding the imposition of life without parole. However, as discussed more fully, infra, this Court concludes that the trial judge complied with the applicable statute.

it arises out of the grand jury process. Because Petitioner cannot satisfy both of Strickland's requirements, this claim of ineffective assistance of counsel fails.

**C. Voir Dire and Exculpatory Evidence**

Petitioner next alleges that his counsel failed to conduct a proper voir dire and that "[c]ounsel failed to introduce exculpatory evidence, namely a 'Biker' Jacket." Although Petitioner presented these claims at the state court level, as noted previously, the RISC concluded that Petitioner had failed to meet his burden of proof by failing to provide supporting transcripts or affidavits to the court. Bustamante III, 866 A.2d at 522. Thus, this Court's review is precluded because the RISC rejected these claims on an independent and adequate state law ground.

**D. Appeal**

Petitioner's final claim of ineffective assistance of counsel is that his appellate counsel "failed to raise legitimate issues that petitioner requested." Document No. 27 at 6. Petitioner never raised this issue in state court. Petitioner's failure to exhaust his state remedies as to this claim precludes this Court from now considering it. See Pitchess v. Davis, 421 U.S. 482, 487 (1995); Grace v. Butterworth, 635 F.2d 1, 9 (1st Cir. 1980). Moreover, under the standard established in Strickland v. Washington, 466 U.S. 668 (1984), counsel's performance need not only be deficient, but it must also prejudice the defendant. Id. at 687. This Court finds that, even if counsel failed to raise every issue Petitioner requested, Petitioner was not prejudiced because the RISC not only allowed Petitioner to file a supplemental brief raising those issues himself, but actually "carefully considered and rejected his arguments." Bustamante III, 866 A.2d at 516.

**2. Violation of Due Process Due to Improper Jury Instructions**

As a second ground upon which he challenges the constitutionality of his incarceration, Petitioner argues that he was "denied a fair trial, to wit, violation of due process rights due to improper jury instructions" because the "[t]rial justice erred in his instructions to the jury on life without parole." Document No. 27 at 8. Petitioner provides no further factual or legal support for this ground, however, the Court notes that this is identical to a ground contained in the original Petition.

In the original petition, Petitioner stated that the trial justice erred in instructing the jury "as to the aggravated circumstances that would trigger a sentence of life without parole. Due Process mandates that Trial Justice follow the Statute as plain and unambiguous." Despite the lack of clarity in Petitioner's presentation of this ground, the basic premise is a challenge to his sentence of life without parole based upon the instructions to the jury. Petitioner did raise issues concerning his sentence of life without parole in his RISC appeals, however, he never raised the issue in the exact context presented in this action. This ground, therefore, is technically unexhausted. In Bustamante III, however, the RISC refused to consider Petitioner's challenge to his sentence of life without parole, holding that Petitioner's challenge was barred by the doctrine of res judicata. See 866 A.2d at 526 (stating that "in Bustamante I, we conducted a *de novo* review of Bustamante's sentence...[i]n Bustamante II we again reviewed Bustamante's sentence...[a]ny further challenges to this sentence are barred by the doctrine of res judicata."). Because the doctrine of res judicata is an independent and adequate state law ground, the Petitioner's challenge to his sentence based upon jury instructions is procedurally defaulted. See Williams v. Bagley, 380 F.3d 932, 966-967 (6th Cir. 2004).

**3. Evidence Was Legally Insufficient to Establish that Petitioner Was Guilty of Conspiracy to Commit Murder**

Petitioner claims that the evidence presented at his trial was insufficient to establish that he engaged in a conspiracy to commit murder. In support, Petitioner simply states, "[t]here was insufficient evidence presented at trial that petitioner engaged in a murder conspiracy." Document No. 27 at 10. Petitioner raised this issue in his state court appeal, but provides no factual or legal basis for this claim in the Memorandum in Support of his Amended Petition. As previously noted, the failure to provide facts supporting a particular ground renders that ground deficient pursuant to Rule 2(c)(2) of the Rules Governing Section 2254 cases. Rule 2(c)(2) states that the petition must "state the facts supporting each ground." Although this is an adequate basis upon which to reject this ground, the Court has attempted to determine Petitioner's support for this ground based upon the state court documents submitted by the State. In so doing, the Court thoroughly reviewed the Petitioner's Brief on Appeal to the RISC, as well as the RISC's decision on this issue. See State's Appendix at 2.

In his state court brief, Petitioner argued to the RISC that, "adhering to the common law," the conviction for conspiracy should be vacated because the facts did not support the conviction. State's Appendix at 51. Petitioner never referred to the United States Constitution, to its Due Process Clause or to any arguable federal basis for mounting an insufficiency of evidence claim under federal law. In order to satisfy the prerequisite of exhaustion, Petitioner must have fairly presented and exhausted his claims in the state court. "To 'fairly present' his federal claim to the state courts, [Petitioner] had to alert the state courts to the fact that he was asserting a claim under the United States Constitution. The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106-1107 (9th Cir. 1999)

(citations omitted). In Hiivala, the Ninth Circuit rejected the Petitioner's argument that, although he had not specifically raised a federal constitutional claim in the state court, he had implicitly raised a federal constitutional question. Id. The same reasoning applies to this case. Because the Court concludes that Petitioner presented only a state "common law" challenge to his conspiracy conviction, the Court's review of this ground is unexhausted. Moreover, because Petitioner previously raised this issue on post-conviction review in state court, and because his state court post-conviction review process has been completed, Petitioner would not be permitted to return to the state court and attempt to present this "sufficiency of the evidence" claim in a federal constitutional context. See R.I. Gen. Laws § 10-9.1-8. Because this ground was not exhausted in state court and the Petitioner is barred from relitigating the issue in state court, the ground fails as a matter of law.

**4. Evidence Was Legally Insufficient to Establish Premeditation and Intent Which are Required Elements of First-degree Murder**

Petitioner's next ground is another "sufficiency of the evidence" claim which also lacks factual and legal support. In support of this ground, Petitioner states, "[t]he evidence presented at trial was insufficient to prove that petitioner was guilty of premeditation." Document No. 27 at 12. Again, the failure to provide the Court with any facts supporting this ground runs afoul of Rule (c)(2) and is clearly contrary to the instructions contained on the Section 2254 Form which state that a petitioner must "state the specific facts that support your claim."

Nevertheless, the Court is once again forced to analyze a claim made by Petitioner on the basis of the state court record. As a preliminary matter, the State argues that Petitioner did not exhaust this ground at the state court level. In support of the argument, the State argues that at the trial, Petitioner "conceded that there was enough evidence to support Petitioner's intent to kill." Document No. 31 at 11. The trial transcript reveals that Petitioner's attorney stated, "I would

concede there's evidence sufficient for the jury to conclude that Carlo Belloli, Adrian Bustamante, Buzz Gorman, perhaps a couple of others at some point formed an intent to kill...." Document No. 32 (Record Appendix) at 671-672. Moreover, Petitioner stated, in his pro se submission to the RISC, "[a]lthough the victim was repeatedly stabbed, he was not intentionally killed." Document No. 32 (Appendix) Tab 3, p. 3. This Court is unable to determine what factual or legal bases Petitioner relies upon in support of this claim. Additionally, it does not appear that this ground was ever raised in state court, and for these reasons, the ground is unexhausted, and therefore inappropriate for federal habeas review.

This unexhausted claim renders the Petition "mixed." The Supreme Court previously held that a "mixed" habeas petition is not reviewable by federal district courts because doing so would deprive states of the first opportunity to decide a claim. Rose v. Lundy, 455 U.S. 509, 514 (1982). More recently, however, the Court clarified its position on such "mixed" habeas petitions. In Rhines v. Weber, 125 S. Ct. 1528 (U.S. 2005), the Supreme Court held that a district court may issue a "stay and abeyance" order which would allow a petitioner to present his unexhausted claims to the state court and then to return to federal court for review of his perfected habeas petition. Id. at 1531. However, such an order is to be made at the discretion of the particular district court and should be "available only in limited circumstances." Id. at 1535. A district court would "abuse its discretion" if it were to grant a stay to a petitioner "when his unexhausted claims are plainly meritless." Id. In deciding whether to issue a "stay and abeyance" order, I am bound to consider the nature of the claim (insufficient evidence).

A federal court reviewing a habeas petition must usually accept the evidence in the light most favorable to the government. In Jackson v. Virginia, 443 U.S. 307, 334 (1979), the Supreme Court held that a petitioner for habeas relief has an exceedingly high standard to meet in showing that the

verdict was against the sufficiency of the evidence. He must show that upon the evidence adduced at trial "no rational trier of fact could have found proof of guilt beyond a reasonable doubt...." Id. at 324. In this case, Petitioner has not met this burden. A review of the record in the light most favorable to the State convinces this Court that a rational fact finder could readily have found Petitioner guilty beyond a reasonable doubt under Rhode Island law. In light of the concessions contained in the record and with no further support from the Petitioner, the Court concludes its inquiry at this point. Thus, the findings of intent and premeditation cannot be characterized as an "unreasonable application" of federal law or an "unreasonable determination of fact." 28 U.S.C. § 2254(d)(1) and (2). Accordingly, this ground for relief fails as a matter of law.

**5. Trial Justice Committed Reversible Error in Impermissibly Precluding Petitioner's Cross-examination of Timothy Gorman**

Petitioner's fifth ground for relief states that, "[p]etitioner was denied the opportunity to inquire into the possible bias of...alleged eye witness [Timothy Gorman] stemming from his expectation of favorable treatment from law enforcement authorities which seriously impacted Petitioner's right to a fair trial." Document No. 27 at 14. Timothy Gorman ("Gorman") was twelve years old at the time that the murder occurred and was fourteen years old at the time of trial. At the time of the trial, he had juvenile charges pending against him in the Commonwealth of Massachusetts.

During cross-examination of Gorman, the trial justice precluded Petitioner's attorney from inquiring as to Gorman's expectation of favorable treatment as a result of testifying against Petitioner. Document No. 28 at 22. However, the trial justice permitted Petitioner's attorney to inquire as to whether Gorman was promised that his cooperation would benefit him in his Massachusetts case, but was not allowed to inquire as to whether Gorman believed or hoped that his

cooperation would benefit him in his Massachusetts case. Petitioner argues now, as he did in his direct appeal, that the trial justice's limitation of cross-examination violated Petitioner's rights under the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Rhode Island Constitution.

In his appeal, the RISC agreed with Petitioner's initial claim, stating, "[w]e hold that a defendant ought to be granted wide latitude by the trial justice when inquiring into the possible bias, motive, or prejudice of a witness, including the witness's subjective expectations. Accordingly, we are satisfied that the trial justice erred in precluding this line of testimony." Bustamante I, 756 A.2d at 766. The RISC went on to find, however, that the preclusion of this line of inquiry was "harmless beyond a reasonable doubt." Id. In its discussion, the RISC noted that there were "multiple eyewitnesses who implicated defendant as one of the principal assailants in this massacre, including a detailed description of his participation in the crime." Id. It also noted that defense counsel argued in his closing arguments that, "[i]f you are to find Adri[a]n Bustamante guilty, you must [concern] yourself with two witnesses; Rene Buzz Gorman and Charles Roy, Jr., Little Chuckie. You *must* endorse *their* testimony. There is no other way." Id. (emphasis in original). The RISC therefore found Gorman's testimony to be duplicative and cumulative and the foreclosed cross-examination to be harmless.

As noted, this Court is guided by McCambridge v. Hall, 303 F.3d 24 (1st Cir. 2002), which holds that the federal court reviews state decisions concerning the "unreasonable application" of federal law. This Court must find that there is "'some increment of incorrectness beyond error...[in an amount] great enough to make the [state court's] decision unreasonable in the independent and objective judgment of the federal court...." Id. at 36 (quoting Francis S. v. Stone, 221 F.3d 100, 111

(2nd Cir. 2000)). The Court may find a decision of a state court to be "unreasonable" if that decision is "devoid of record support for its conclusions or is arbitrary." McCambridge, 303 F.3d at 37 (citing O'Brien v. Dubois, 145 F.3d 16, 25 (1st Cir. 1998)). In this case, the Court concludes that the RISC reasonably applied federal law, finding that, although a Sixth Amendment violation may have occurred, the violation was harmless because Gorman's testimony was duplicative and cumulative. In this case, there is record support for the RISC's finding that Gorman's testimony was duplicative, and the Court does not find the RISC's reasoning or conclusion to be arbitrary. Accordingly, this ground fails as a matter of law.

**6. Trial Justice Erred in Imposing a Sentence of Life Without Parole**

As support for this ground, Petitioner states, "[t]he evidence did not warrant a sentence of life without parole." Document No. 27 at 16. The Court has reviewed the state court record and notes that Petitioner raised the issue in the context of a plea for leniency under Rhode Island Super. Ct. R. Crim P. 35. See Bustamante II, 793 A.2d at 1040. Petitioner did not raise a federal question in the state court regarding his sentence and has not, in this Court, argued that the sentence is outside the parameters of the applicable state statute. Therefore, Petitioner's ground that the trial justice erred in imposing a sentence of life without parole was not exhausted in the state court, and is not proper in this Court, as it does not raise a federal Constitutional question. "A challenge to the term of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range." Stephanski v. Superintendent of Upstate Corr. Facility, 433 F. Supp. 2d 273, 284 (W.D.N.Y. 2006). For these reasons, Petitioner's sixth claim fails as a matter of law.

**7. Trial Justice Erred in Failing to State on the Record his Reasons for Imposing a Sentence of Life Without Parole as Mandated by R.I. Gen. Laws § 12-19.2-4**

Petitioner's seventh and final ground alleges that the trial judge failed to "state on the record his reasons for imposing a sentence of life without parole as mandated by [R.I. Gen Laws] Section 12-19.2-4." Document No. 27 at 18. Pursuant to Section 12-19.2-4, after the jury found Bustamante guilty of murder in the first degree, the jury next considered whether the murder was "committed in a manner involving torture or an aggravated battery to the victim." R.I. Gen. Laws § 11-23-2(4). In this case, the jury found that the murder had been committed in that manner. See Bustamante I, 756 A.2d at 768. The sentencing statute states that once there is a basis for imposing a sentence of life without parole, "[a]fter hearing evidence and argument regarding the aggravating and mitigating circumstances relating to the offense and the defendant, the court shall, in its discretion, sentence the defendant to life imprisonment without parole or to life imprisonment. The court shall state on the record its reasons for imposing its sentence." R.I. Gen. Laws § 12-19.2-4. In this matter, the RISC found that the sentencing judge "conducted the necessary sentencing hearing, during which the prosecutor emphasized the savage nature of the murder, the callous attitude of [the victim's] assailants, and the effects of the crime upon the juvenile witnesses and participants." Id. The RISC noted that after the sentencing judge heard the evidence, he stated:

> At best, these cases are very difficult. At least they are for me. The Court's impressed by Mr. Bustamante's addressing the Court. But I can't help recalling the testimony. There were 27 stab wounds; and encouraging babies—well, one wasn't a teenager even, to participate in this type of activity on both these defendants' parts.

The RISC considered this statement and noted, "we conclude that the trial justice did satisfy, although with brevity, the requirements of § 12-19.2-4, and was not obligated to engage in a long oration about his rationale for imposing this sentence. The trial justice considered the nature and circumstances of the offense, the statement by defendant and the fact that this crime included

juveniles in its perpetration. Accordingly, we conclude that the trial justice did not fail to state his reasons for imposing a sentence of life without the possibility of parole." Bustamante I, 756 A.2d at 768-769.

Again, the Court has reviewed Petitioner's arguments, the record from state court, and the relevant legal standards. After such a review, the Court finds that Petitioner did not raise a federal constitutional claim in state court. Moreover, in his Memorandum Supporting the Amended Petition, Petitioner outlines the alleged errors that occurred and then simply states that the sentencing phase of Bustamante's trial "fails any test of due process and must therefore be set aside." Document No. 28 at 37. Such a claim, however, is insufficient to assert a federal constitutional due process claim in a habeas action, when such claims were not presented to the state court. Petitioner is merely restating his state law argument to this Court and asking this Court to reverse the RISC on a state law sentencing issue. Because the Court concludes that Petitioner presented only a state law challenge to this ground, the Court's review of this ground is unexhausted. Moreover, because Petitioner previously raised this issue in his post-conviction review process in state court, and because his state court post-conviction review process has been completed, Petitioner would not be permitted to return to state court and attempt to present this claim in a federal constitutional context. See R.I. Gen. Laws § 10-9.1-8. Because this ground was not exhausted in state court and the Petitioner is barred from relitigating the issue in state court, the ground fails as a matter of law.

**8. Other Grounds Not Raised in the Amended Petition**

As noted above, Petitioner raised several grounds in his Amended Petition, but provided the Court with no factual support for the grounds. Additionally, in the Memorandum Supporting the Amended Petition, Petitioner raises several arguments that do not relate to any of the grounds listed in the Amended Petition. Again, the Rules Governing Section 2254 cases are clear and set forth the basic requirements for a Petition for Writ of Habeas Corpus. Rule 2(c) states that "[t]he petition must (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten or legibly handwritten; and (5) be signed under penalty of perjury...." These basic requirements apply to any petitioner, whether *pro se* or represented by counsel and benefit both the Court and the petitioner by providing a uniform system for the filing and review of habeas actions. See Advisory Committee Notes to Rule 2(c). Petitioner did not follow the basic requirements of the rules, and as a result, this Court was forced to sort through and decipher Petitioner's various unsupported claims and consider claims which were not even properly presented in his Petition.

On page 27 of his Memorandum in Support of his Amended Petition, Petitioner raises a ground for relief which was asserted in his original Petition, but left out of the Amended Petition. Petitioner argues that the testimony of a police witness was improperly excluded and that the exclusion violated his due process rights and his right to present a full and fair defense. In his state court appeal, Petitioner asserted that the testimony of the police witness concerning his statements was evidence of his state of mind and would have reflected a "consciousness of innocence." See Bustamante I, 756 A.2d at 763.

In short, the police witness was permitted to testify as to Petitioner's "agitated" state following his arrest, however, the trial court did not permit Petitioner to elicit testimony regarding

statements he made in the presence of the police witness while in custody. The proposed testimony related to statements Petitioner allegedly made regarding his fear of returning to Rhode Island after the crime was committed. Id. Petitioner argued that his statements indicated his fear of being killed by the individuals who were *actually* responsible for the murder, whereas the State contended that the purported statements could raise an inference that Petitioner was scared to return to Rhode Island and "face the music" for his crime. Id. The trial justice found, inter alia, that the proposed testimony was inadmissible hearsay and not within the state of mind exception to the hearsay rule contained in Rhode Island Rule of Evidence 803. On appeal, the RISC agreed, noting that the line of questioning was precluded under Rule 803, and quoting United States v. Cohen, 631 F.2d 1223, 1225 (5th Cir. 1980) for the proposition that "[a]lthough it is permissible for a defendant to introduce testimony concerning his or her state of mind, it is not permissible for 'the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind.'" See Bustamante I, 756 A.2d at 764.

Petitioner's argument to this Court lacks merit, since although the accused has a right to present a full and fair defense and to present witnesses on his behalf, that right is not unlimited and does not extend to permit the accused to introduce testimony or evidence that is otherwise inadmissible under the applicable rules of evidence. See Jimenez v. Walker, 458 F.3d 130, 147 (2nd Cir. 2006) ("[t]he defendant 'does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.'") (citing Taylor v. Illinois, 484 U.S. 400, 410 (1988)). Moreover, it is not the duty of the federal courts to review the evidentiary findings of the state courts in federal habeas corpus proceedings. The First Circuit Court of Appeals has stated that "[h]abeas corpus review does not ordinarily extend to state

court rulings on the admissibility of evidence." Puleio v. Vose, 830 F.2d 1197, 1204 (1st Cir. 1987). The applicable case law articulates a high burden for a petitioner seeking such relief. See, e.g., DiBenedetto v. Hall, 176 F. Supp. 2d 45 (D. Mass. 2000). In order to "rise to constitutional magnitude," a petitioner must show that the erroneous state court evidentiary rulings "infuse[d] [the] trial with inflammatory prejudice as to render a fair trial impossible." Allen v. Snow, 635 F.2d 12, 15 (1st Cir. 1980) (quotation omitted). Accordingly, Petitioner has not met his burden of persuading this Court that the state court's allegedly erroneous evidentiary ruling rendered a fair trial impossible. The RISC thoroughly considered his challenge to the trial justice's ruling and found that the trial justice acted within his discretion to exclude the proffered evidence as hearsay under Rhode Island's rules of evidence. Because the proposed testimony was hearsay, there is no claim that Petitioner's federal constitutional rights were violated.

Petitioner raises several other claims in his Memorandum (pages 32-35) that relate to Petitioner's claimed denial of a fair sentencing hearing and ineffective assistance of counsel related to those claims. First, with respect to the sentencing hearing, Petitioner claims that the trial justice (1) failed to instruct the jury on reasonable doubt during the penalty phase; (2) failed to instruct the jury that the circumstances it was being required to consider could permit the imposition of a life sentence without parole; (3) impermissibly limited the jury's selection of the special circumstances; and (4) failed to find the existence of one of the special circumstances required by R.I. Gen. Laws § 12-19.2-4. Notably, Petitioner concedes that none of these alleged errors were raised during trial or on appeal. The RISC held that the doctrine of res judicata prevented Petitioner from raising any issues concerning claimed sentencing errors in his post-conviction relief action. Bustamante III, 866 A.2d at 526. Since Petitioner did not raise these claims in state court, they are unexhausted, and

because the RISC has barred consideration of these claims on the ground of res judicata, the claims are procedurally defaulted for purposes of habeas corpus review. See Williams v. Bagley, 380 F.3d 932, 966-967 (6th Cir. 2004). Accordingly, these claims fail as a matter of law.

Finally, Petitioner raises several additional issues concerning claimed ineffective assistance of counsel at the sentencing phase. Petitioner notes that these ineffective assistance of counsel claims are unexhausted, stating, "Petitioner did assert ineffective assistance of counsel in his pro se application for post-conviction relief, albeit not on the precise failures asserted here with respect to the sentencing phase of his trial." Document No. 28 at 38. Under 28 U.S.C. § 2254(b)(1)(A) the applicant is required to "exhaust[ ] the remedies available in the courts of the State...." With respect to these particular claims of ineffective assistance of counsel, Petitioner concedes that they are unexhausted, and therefore, this Court's review is precluded. See Gray v. Netherland, 518 U.S. 152, 161-162 (1996). Moreover, as the Court noted, the RISC held that the doctrine of res judicata prevented Petitioner from raising any issues concerning claimed sentencing errors in his post-conviction relief action. Bustamante III, 866 A.2d at 526. Since Petitioner did not raise these claims in state court, they are unexhausted, and because the RISC has barred consideration of these claims on the ground of res judicata, the claims are also procedurally defaulted for purposes of habeas corpus review.

**Conclusion**

For the foregoing reasons, I recommend that Petitioner's Amended Petition for Habeas Corpus be DENIED and DISMISSED, and that the District Court enter final judgment in favor of Respondent. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72.

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 3, 2007