Bustamante, Adrian/

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADRIAN BUSTAMANTE** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-07-T** |
| | : | |
| **A.T. WALL, DIRECTOR OF** | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| **Respondent** | : | |

**STATE'S RESPONSE TO PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On April 3, 2007 Magistrate Judge Almond issued a Report and Recommendation [hereinafter referred to as "Magistrate Judge's Report"] recommending dismissal of petitioner's amended petition for writ of habeas corpus. On May 16, 2007, petitioner filed objections to the Magistrate Judge's Report. Pursuant to Fed. R. Civ. P. 72(b) and LR Cv 72(d)(3), and on behalf of respondent, the Rhode Island Attorney General (the "State") hereby responds to the Petitioner's Objections to the Magistrate Judge's Report and Recommendation [hereinafter cited as *May 16th Objections* at ___].

Although the Magistrate Judge recommended rejection of the numerous grounds raised in petitioner's amended petition, petitioner has raised objections to only three of the Magistrate Judge's recommendations. Petitioner therefore appears to accept as correct the remaining proposed findings and recommendations in the Magistrate Judge's Report.

The State notes that petitioner's *May 16th Objections* appears to be a virtually verbatim version of the *Memorandum In Support of Petitioner's Amended Petition For*

*Writ of Habeas Corpus*, that petitioner filed with the Court on November 6, 2006 ["***Petitioner's 11/6/06 Memorandum***"]. The State will therefore limit its comments solely to the specific objections made by petitioner in his ***May 16th Objections*** and rely as much as possible on references to its filings already in the record. In that regard, the State also notes that virtually all of the issues decided by the Magistrate Judge in his Report were thoroughly briefed by the State in the filings it has previously submitted to this Court. Those arguments (and accompanying documentation) are incorporated herein by reference.

**Factual Allegations**

In his ***May 16th Objections***, petitioner presents his version of the facts of the case, in which he plays up conflicts in the record and minimizes his own participation in, and culpability for, the victim's murder. ***See May 16th Objections***, pp. 3-20. But under the deferential standards of review applicable in habeas cases, absent clear and convincing evidence to the contrary (which petitioner has failed to present), it is the state court's version of the facts that must control this Court's determination of the legal issues petitioner has raised. Sanna v. DiPaolo, 265 F.3d 1, 7, 10-11 (1st Cir. 2001); Slaughter v. Parker, 450 F.3d 224, 232 (6th Cir. 2006). This is particularly true with respect to the state court's assessments concerning witness credibility. Sanna, 265 F.3d at 10-11.

As the State observed repeatedly in previous filings, the facts of this case are set forth in detail in State v. Bustamante, 756 A.2d 758, 760-63 (R.I. 2000)[hereinafter Bustamante I]. For the Court's convenience, the State notes that it submitted to the Magistrate Judge an abbreviated statement of facts from Bustamante I. ***See State's Supplemental Memorandum In Response to Petitioner's Amended Petition For Writ Of***

*Habeas Corpus*, filed 12/28/06, pp. 2-7 [hereinafter cited as "*State's 12/28/06 Memorandum*"].

**Responses to Petitioner's Specific Objections**

**1. Preclusion of Cross-Examination of Timothy Gorman**

In Ground Five of Petitioner's *Amended Petition for Writ of Habeas Corpus*, petitioner complains that he was denied the "opportunity to inquire into the possible bias of the alleged eye witness stemming from his expectation of favorable treatment from law enforcement authorities which seriously impacted petitioner's right to a fair trial." He further states that, as a result, he was deprived of his right to confront this witness. *Amended Petition*, p. 14.

In his *11/6/06 Memorandum*, petitioner supported his argument by contending that even though the Rhode Island Supreme Court agreed that the trial court erred in precluding cross-examination of Timothy Gorman, the state supreme court violated petitioner's rights when it concluded that the error was harmless beyond a reasonable doubt. *Petitioner's 11/6/06 Memorandum*, pp. 21-27. *See also* Bustamante I, 756 A.2d at 765-66. Accordingly, petitioner concluded, by rejecting his claim, the Rhode Island Supreme Court "unreasonably applied" the harmless-error test of Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431 (1986). The Magistrate Judge rejected petitioner's position, holding that the Rhode Island Supreme Court had reasonably applied federal law, that the state supreme court's findings were supported in the record, and that the state court's reasoning and conclusions were not arbitrary. *Magistrate Judge's Report*, pp. 13-15.

In his *May 16th Objections*, pp. 22-29, Petitioner replicates all of the arguments he previously made and summarily alleges that the state supreme court's findings lacked record support.

As the State argued to the Magistrate Judge (*State's 12/28/06 Memorandum*, pp. 12-13), petitioner invokes the wrong legal test for reviewing this kind of trial error. Unlike on direct appeal, in the habeas context a federal court does not assess a state court's application of the harmless-beyond-a-reasonable-doubt standard by applying that standard all over again. Instead, the federal court applies the less exacting standard of Brecht v. Abrahamson, 507 U.S. 619, 623, 637, 113 S.Ct. 1710, 1714, 1721-22 (1993). *See also, e.g.*, Medina v. Matesanz, 298 F.3d 98, 101 (1st Cir. 2002); Fortini v. Murphy, 257 F.3d 39, 48 (1st Cir. 2001); Sanna v. DiPaolo, 265 F.3d at 14. Under the Brecht standard, a trial error is considered harmless unless the error had a substantial and injurious effect or influence in determining the jury's verdict. Brecht, 507 U.S. at 623, 113 S.Ct. at 1714; Medina, 298 F.3d at 101. And it must be remembered that, in applying the Brecht harmless-error standard, this Court should not adopt petitioner's view of the credibility of the prosecution's witnesses simply because petitioner deems those witnesses untrustworthy. *See May 16th Objections*, pp. 22, 28.

Petitioner's view of the witnesses' credibility was rejected by the Rhode Island Supreme Court, and the state court's finding of fact in that regard is presumptively binding upon this Court. Sanna v. DiPaolo, 265 F.3d at 10-11. While in his Report the Magistrate Judge did not address the Brecht issue that the State had raised, the State asserts that application of the Brecht standard of review further buttresses the correctness of the Magistrate Judge's Report and Recommendation on the cross-examination issue.

On the merits, during the direct appeal in the Rhode Island Supreme Court the State discussed at great length the facts in the record that supported the conclusion that any error was harmless beyond a reasonable doubt. *See State's Appellate Brief*, pp. 48-52 (*State's Appendix to 2/14/06 Response, Tab 8*). The state supreme court agreed with the State's contentions, concluding:

> [I]n view of the extensive record of inculpatory evidence presented in this case, we are satisfied that this error was harmless beyond a reasonable doubt. In State v. Texter, 594 A.2d 376 (R.I. 1991), this Court adopted the analysis enunciated by the United States Supreme Court in applying the harmless-error test to cases in which a defendant's constitutional rights have been violated. ***Id.*** at 378 (citing Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)). This harmless-error analysis has been applied to situations in which there has been an impermissible restriction on the right of cross-examination. [State] v. Wiley, 676 A.2d [321], at 324 [(R.I. 1996)]. In determining whether error is harmless, we examine various factors, including the relative degree of importance of the witness testimony to the prosecution's case, "whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and * * * the overall strength of the prosecution's case." Texter, 594 A.2d at 378 (quoting Van Arsdall, 475 U.S. at 684, 106 S.Ct. at 1438, 89 L.Ed.2d at 686-87).
>
> In light of these factors and the extensive eyewitness testimony, we are satisfied that although error, the restriction placed upon defendant's cross-examination of Timmy was harmless beyond a reasonable doubt. As noted, there were multiple eyewitnesses who implicated defendant as one of the principal assailants in this massacre, including a detailed description of his participation in the crime. Thus, we conclude that Timmy's testimony was cumulative to the testimony of the other participants and eyewitnesses. Moreover, during his closing argument defendant emphasized to the jury that it was not Timmy but rather two other eyewitnesses on whose testimony the state rested its case, arguing that "[i]f you are to find Adri[a]n Bustamante guilty, you must [concern] yourself with two witnesses; Rene Buzz Gorman and Charles Roy, Jr., Little Chuckie. You ***must*** endorse ***their*** testimony. There is no other way." (Emphases added.) Clearly, in the eyes of both defendant and this Court, Timmy's testimony was cumulative in light of the overwhelming eyewitness testimony presented by the state. Accordingly, we conclude

> that the error of the trial justice restricting defendant's cross-examination was harmless beyond a reasonable doubt.

Bustamante I, 756 A.2d at 766. Petitioner does not convincingly explain why the state supreme court's analysis fails to satisfy the Van Arsdall harmless-error standard, let alone the more lenient standard of Brecht v. Abrahamson that must be applied in the instant context.

Even if this Court disagreed with the Rhode Island Supreme Court's analysis, that alone wouldn't demonstrate the objective unreasonableness of the state court's holding required to grant habeas relief. Evenstad v. Carlson , 470 F.3d 777, 782 (8th Cir. 2006); Sanna v. DiPaolo, 265 F.3d at 13. The Magistrate Judge was correct to reject petitioner's claim regarding the prejudicial impact of the limitation on cross-examination of Timothy Gorman.

**2. State of Mind Evidence Under R.I. R. Evid. 803**

In Petitioner's *11/6/06 Memorandum*, but not in his *Amended Petition*, petitioner complains that the trial court violated his right of confrontation and his right to present a defense when it relied upon R.I. R. Evid. 803(3) to refuse to allow him to present his own self-serving testimony through a police witness. If allowed, the admission of the police officer's testimony would have effectively permitted petitioner to testify without having to take the stand and submit to cross-examination. *Petitioner's 11/6/06 Memorandum*, pp. 27-32. *See* Bustamante I, 756 A.2d at 763-64.

In recommending dismissal of the petition on this ground, the Magistrate Judge noted that petitioner's argument lacked merit because petitioner did not have an unfettered right to present evidence otherwise inadmissible under applicable rules of evidence. *Magistrate Judge's Report*, pp. 18-19. The Magistrate Judge also observed

that the federal courts had no duty "to review the evidentiary findings of the state courts in federal habeas corpus proceedings" unless petitioner could successfully persuade the federal court that the allegedly erroneous state court evidentiary rulings so infused his trial with inflammatory prejudice that a fair trial would have been impossible. *Magistrate Judge's Report*, pp. 19-20.

Petitioner summarily claims the Magistrate Judge's conclusions to be erroneous, *May 16th Objections*, pp. 32-33, but advances no new arguments to demonstrate why this is so.

In any case, although the Magistrate Judge did not pass on the issue, as the State argued before the Magistrate Judge, the Rule 803(3) issue is procedurally barred because petitioner failed to exhaust his state court remedies. One of the most basic tenets of habeas corpus jurisprudence is that, before a federal court may consider a state petitioner's claim, the petitioner must demonstrate that he has "fairly presented" the federal constitutional question at every level of the state court proceeding. Picard v. Connor, 404 U.S. 270, 275-76, 92 S.Ct. 509, 512-13 (1971); O'Sullivan v. Boerckel, 526 U.S. 838, 842-45, 119 S.Ct. 1728, 1731-33 (1999); Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002). This also means that petitioner has to present the same legal theory ***and*** the same factual basis for the claim to both the state and federal courts. ***See, e.g.***, Thomas v. Gibson, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000); Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988); Adelson v. DiPaolo, 131 F.3d 259, 262-63 (1st Cir. 1997). If, however, petitioner has exhausted his state court remedies without fairly presenting his federal claims to the state courts, he is procedurally barred from pursuing those claims in a federal habeas proceeding. Gray v. Netherland, 518 U.S. 152, 161-62, 116 S.Ct. 2074,

2080-81 (1996); Coleman v. Thompson, 501 U.S. 722, 730-32, 111 S.Ct. 2546, 2554-55 (1991); Cristin v. Brennan, 281 F.3d at 409-10.[1]

Here, although petitioner's appellate counsel did, in part, pose the question in terms of federal constitutional issues, *Defendant's Appellate Brief*, pp. 33-38 (*State's Appendix to 2/14/06 Response, Tab 2*), during trial defense counsel argued the issue ***solely*** in terms of the application of the Rhode Island Rules of Evidence. (Tr. III, 739-45). Because defendant failed to raise the constitutional issue at trial, under the Rhode Island Supreme Court's long-standing raise-or-waive rule, the state supreme court would not have considered the constitutional question on appeal regardless of the fact that appellate counsel brought the federal questions to the appellate court's attention. ***See, e.g.***, Cronan ex rel. State v. Cronan, 774 A.2d 866, 877-78 (R.I. 2001). As petitioner failed to properly exhaust his state court remedies, he is now precluded from pursuing these federal claims in the habeas context. ***See, e.g.***, Gray v. Netherland, 518 U.S. at 161-62, 116 S.Ct. at 2080-81. *Accord*, Fortini v. Murphy, 257 F.3d 39, 45 (1st Cir. 2001)(although petitioner failed to raise constitutional claim in state trial court and was therefore potentially procedurally barred from pursuing claim in habeas setting, in federal habeas proceeding state did not argue lack of exhaustion, and thereby waived objection to habeas claim on basis that petitioner failed to raise it at trial).

[1] An exception to this rule exists if petitioner can demonstrate cause for his procedural default and actual prejudice resulting from the federal constitutional violation. Cristin, 281 F.3d at 412. To show cause and prejudice, petitioner must establish some objective factor external to the defense that prevented him from complying with the state's procedural requirements. Coleman, 501 U.S. at 752-54, 111 S.Ct. at 2566-67. Petitioner in this case has failed to overcome the cause-and-prejudice hurdle with respect to any of his procedurally barred claims.

In any case, even assuming this Court were to reach the merits of petitioner's argument, that argument must be rejected. To begin with, as the Magistrate Judge observed (*Magistrate Judge's Report*, p. 19), a defendant does not have an unfettered right to offer testimony that is otherwise inadmissible under the applicable rules of evidence. Jimenez v. Walker, 458 F.3d 130, 147 (2d Cir. 2006)(citing Taylor v. Illinois, 484 U.S. 400, 410, 108 S.Ct. 646, 653 (1988)), *cert. denied sub nom.* Jimenez v. Graham, 127 S.Ct. 976 (2007). *See also* Evans v. Verdini, 466 F.3d 141, 148 (1st Cir. 2006). In the case at bar, as the State argued at length to the state supreme court, R.I. R. Evid. 803 is substantially identical to Fed. R. Evid. 803. Federal courts have consistently interpreted Fed. R. Evid. 803 to require exclusion of state-of-mind evidence in precisely the sort of circumstances that arose in the instant case. *See State's Appellate Brief*, pp. 26-36 (citing and discussing application of Rule 803 and federal case law)(*State's Appendix to 2/14/06 Response, Tab 8*). In the Rhode Island Supreme Court's decision on direct appeal, the state court cited and discussed United States v. Cohen, 631 F.2d 1223 (5th Cir. 1980), a federal case interpreting Fed. R. Evid. 803 along the lines the State had proposed in its appellate brief. The Rhode Island Supreme Court held that R.I. R. Evid. 803 was consistent with Fed. R. Evid. 803 on this score. Bustamante I, 756 A.2d at 764.

Since Rhode Island's version of Rule 803 is consistent with the federal version of Rule 803, and since petitioner cites no support for the proposition that application of Fed. R. Evid. 803 in these circumstances has been held to violate the federal constitution, the State is hard-pressed to see how petitioner's constitutional rights were violated by application of R.I. R. Evid. 803 to exclude his self-serving statement from evidence at trial. The Magistrate Judge was right to reject petitioner's position.

**3. Errors In Sentencing Proceeding**

As for the remaining objection to the Magistrate Judge's Report and Recommendation, petitioner raises four alleged errors related to his sentencing proceeding. Petitioner contends that (1) the trial justice failed to instruct the jury as to reasonable doubt during the sentencing proceeding; (2) the trial justice failed to instruct the jury that its determination of factual circumstances might support imposition of a life-without-parole sentence; (3) the trial justice impermissibly limited the jury's selection of special circumstances; and (4) the trial justice failed to find the existence of one of the special circumstances. *May 16th Objections*, pp, 35-41.

Significantly, petitioner concedes that he did not raise any of the foregoing errors either during trial, during the sentencing proceeding, or on appeal. *May 16th Objections*, p. 35. Nevertheless, he argues that, given the severity of the sentence, this Court should review the sentencing proceeding anyway and correct the four alleged errors. *May 16th Objections*, p. 35.

Petitioner mischaracterizes the Magistrate Judge's finding when he asserts that the Magistrate Judge "summarily dismissed [petitioner's] arguments with respect to his sentencing hearing on *res judicata* grounds." *May 16th Objections*, p. 35. This is not what the Magistrate Judge did. Rather, the Magistrate Judge duly noted that petitioner had conceded he had failed to raise the errors in state court, and that the state supreme court had therefore refused to consider them on the merits. *Magistrate Judge's Report*, p. 20. Based on this failure, the Magistrate Judge properly concluded that under federal habeas doctrine petitioner's claims were procedurally barred:

> Since Petitioner did not raise these claims in state court, they are unexhausted, and because the [Rhode Island Supreme Court] has barred

> consideration of these claims on the ground of res judicata, the claims are procedurally defaulted for purposes of habeas corpus review.

*Magistrate Judge's Report*, pp. 20-21. In support of his conclusion, the Magistrate Judge cited Williams v. Bagley, 380 F.3d 932, 966-67 (6th Cir. 2004), which holds that when technically unexhausted claims can no longer be brought in state court due to the common law doctrine of *res judicata*, they are also procedurally defaulted for purposes of habeas review. *See also, e.g.,* United States ex rel. Novak v. Grankey, 871 F. Supp. 1053, 1055 (N.D. Ill. 1995) (same).

As indicated *supra* p. 8, note 1, the only way for petitioner to overcome his procedural default would be to satisfy the criteria of the cause-and-prejudice exception to the procedural default doctrine. *See* Coleman v. Thompson, 501 U.S. at 752-54, 111 S.Ct. at 2566-67. But petitioner never even attempted to establish cause and prejudice before the Magistrate Judge, nor does he try to do so now. Thus, he has failed to demonstrate any error in the Magistrate Judge's recommendation, and this Court should adopt it.

## CONCLUSION

For the reasons set forth above and in the State's previous filings in this case, the State requests that this Court adopt the Magistrate Judge's Report and Recommendation of April 3, 2007, and that petitioner's original and amended petitions for writ of habeas corpus be denied and dismissed with prejudice.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Lauren S. Zurier_____________
**Lauren S. Zurier # 4496**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)
lzurier@riag.ri.gov

Dated: May 17, 2007

**CERTIFICATION**

Pursuant to AP 10 of this Court, I hereby certify that on the 17th day of May, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

Joseph R. Palumbo, Jr., joseph@palumbolaw.net.

/s/ Lauren S. Zurier____________________